HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11    ALLYSON HENRY,                         )
                                            )
12              Plaintiff,                   )   NO. CV O5-1510RSM
                                            )
13         vs.                               )   **DEFENDANT EXPEDIA'S MOTION FOR**
                                            )   **TEMPORARY RESTRAINING ORDER,**
14    IAC/INTERACTIVECORP and EXPEDIA,      )   **FOR PRELIMINARY INJUNCTION,**
      Inc., corporations,                    )   **AND FOR LEAVE TO FILE THE**
15                                           )   **DECLARATION OF MICHAEL W.**
                Defendants.                  )   **DROKE UNDER SEAL**
16                                           )
                                            )   **Oral Argument Requested**
17                                           )

18

19

20

21

22

23

24

25

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

I.  RELIEF REQUESTED................................................................1

II. STATEMENT OF FACTS ........................................................2

III. AUTHORITY AND ARGUMENT .............................................4

    A.     Motion for Leave to File the Declaration of Michael W. Droke Under Seal..........4

    B.     The Legal Standard for an Interlocutory Injunction................................................5

    C.     Expedia Has Met the Standard for a Temporary Restraining Order and
          Preliminary Injunction................................................................6

    1.     Expedia Has Established a Strong Likelihood of Success on the Merits................6

    2.     Expedia Has Established the Possibility of Irreparable Harm ...............................8

    3.     Expedia Has Shown That Balancing the Parties' Relative Hardships
          Favors Expedia .......................................................................10

    4.     Advancement of the Public Interest Favors Expedia ...........................................10

IV. CONCLUSION ....................................................................11

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.    RELIEF REQUESTED

Defendant Expedia, Inc. ("Expedia") moves pursuant to FRCP 65 for a temporary restraining order requiring plaintiff to relinquish and return all copies of Expedia documents and e-mail messages—paper and electronic copies—unlawfully taken by plaintiff during her employment by Expedia, and for a hearing to show cause why a preliminary injunction should not be entered.  This motion is supported by the Declaration of Michael W. Droke ("Droke Dec."), which attaches samples of privileged, confidential and proprietary, trade secret documents that belong to Expedia and that Ms. Henry took, retained after her termination, and still refuses to relinquish.  Expedia also moves for leave to file the Droke Declaration under seal. A proposed order is included with the Court's copies of these papers.

To be clear, this motion is not about whether Ms. Henry must return the subset of Expedia documents that are privileged, or that may constitute trade secrets.  This is a motion about the return of Expedia's *property*.  The Expedia documents and e-mail messages in Ms. Henry's possession are the *property* of Expedia—no different from the Expedia laptop computer that she also took—and this property must be returned.  It is necessary to preserve Expedia's attorney-client privilege, trade secrets and other confidential and proprietary business information.  This is a motion seeking an order requiring Ms. Henry and her counsel, and each of them, to relinquish possession of *all* Expedia documents and e-mail records in their possession.

This is also not a motion about discovery.  Ms. Henry has possession of thousands of pages of Expedia documents.  These documents were not given to her by Expedia in discovery, rather, she simply helped herself to them while employed by Expedia and upon her termination. Expedia seeks the return of its *property*, *i.e.*, the documents, in this motion.  Thereafter, if any of the documents are discoverable, and are not privileged, Expedia will produce them in response to a properly drafted discovery request.

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## II.   STATEMENT OF FACTS

### A.   Background

Expedia is a Washington corporation headquartered in Bellevue.  It is an online travel retailer that provides branded travel services for leisure and small businesses.  Expedia operates a number of websites, including www.expedia.com, which provides travel and reservation services, access to schedule availability for airlines and lodging properties, and other similar services.  Through its website and the websites of its subsidiaries, Expedia provides such travel services and products throughout the United States and the world over the Internet.

Expedia was originally the travel division of Microsoft.  In 1999, Microsoft spun Expedia off as an independent privately held company, retaining a majority interest in the new company. It enjoyed very rapid growth.  In 2002, Microsoft sold its majority stake in Expedia to defendant IAC/InterActiveCorp ("IAC"), and IAC acquired the remaining interest in Expedia in 2003. Two years later, in 2005, IAC spun Expedia off into a separate publicly traded firm.  As part of that strategy, IAC moved all its other travel related services (Hotels.com, Hotwire, TripAdvisor, and Custom Classic Vacations, among others) into the new Expedia.

Plaintiff Allyson Henry is a former Expedia employee.  She began working for the Expedia division of Microsoft before it became a separate company.  In approximately 2000, Ms. Henry was promoted to the position of Vice President of International Product Development. The Development Department was comprised of up to 60 developers reporting to Ms. Henry. The developers' primary job was to take direction on marketing initiatives from the senior Expedia product managers in each region or business line.

In November 2003, Ms. Henry was informed that she was being removed from her position as Vice President of International Product Development, and would be allowed to transfer to another open position with IAC or Expedia if she could identify one.  Ms. Henry was given paid leave of absence from November 2003 until November 18, 2004 to seek another position inside or even outside Expedia.  On November 18, 2004, her employment by Expedia terminated.

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 2
NO. CV O5-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B.    The Expedia Property Taken by Ms. Henry**

On March 11, 2005, Ms. Henry sued Expedia and IAC in King County Superior Court, contending that she had been unlawfully discriminated and retaliated against because of her gender, race, national origin, and age, and asserting other related tort claims.  Plaintiff subsequently amended her complaint to include similar claims under federal law, for a total of fifteen claims.  Defendants removed her suit to Federal Court on September 2, 2005.

On October 6 and 7, 2005, counsel for both Plaintiff and Defendants participated in Rule 26(f) telephone conferences to discuss the parties' Joint Status Report and Discovery Plan. During these conversations, defense counsel learned that Plaintiff possessed the following:

1.    Tens of thousands of Expedia documents, including documents containing trade secrets, proprietary, and other confidential information;

2.    An Expedia-issued laptop; and

3.    An Expedia-issued e-mail account.

Before these October telephone conferences, Expedia understood that Plaintiff had already relinquished her Expedia-issued computer, e-mail account, and all confidential documents. While Expedia knew that Plaintiff intended to produce several thousand documents, including e-mails, in response to Defendants' discovery requests, Expedia did not know that such documents had been unlawfully taken from Expedia, or that they included proprietary information, trade secrets, and other highly confidential information belonging to the Company.  Droke Dec. ¶ 6.

Expedia promptly demanded that Ms. Henry relinquish possession of the Expedia laptop computer she had taken, and her two home computers, both of which had confidential, proprietary and privileged Expedia e-mail messages and other documents stored on their hard drives, and return those computers to Expedia through its counsel.  Expedia also demanded that Ms. Henry, her counsel, and anyone else to whom its documents had been disseminated, relinquish possession of all copies of Expedia e-mail messages and other documents, and provide written declarations regarding their access of, use, and any further dissemination of these documents.  Droke Dec. ¶ 8.

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 3
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    While Ms. Henry's counsel initially promised cooperation, negotiations have now broken

2    down. Although the Expedia laptop and Ms. Henry's two personal computers, themselves, have

3    been turned over to computer forensic consultants, Ms. Henry's counsel made a copy of all

4    Expedia e-mail messages and other documents on the hard drives of the computers, and has

5    retained copies of Expedia's other privileged, confidential and proprietary documents. Despite

6    Expedia's demands, Ms. Henry and her counsel refuse to relinquish possession of these copies,

7    refused to relinquish documents derived from them, and refused to provide any written assurance

8    that the documents have not been further disseminated. Droke Dec. ¶ 9.

9    Ms. Henry's intransigence over Expedia's legitimate demand that she return Expedia's

10   privileged, confidential and proprietary e-mail messages and documents has left Expedia no

11   alternative but to seek the Court's intervention.

### III.    AUTHORITY AND ARGUMENT

**A.  Motion for Leave to File the Declaration of Michael W. Droke Under Seal**

14   In support of this motion, Expedia submits the Declaration of Michael W. Droke, which

15   attaches numerous exemplars of documents containing highly sensitive, confidential and

16   proprietary Expedia business information. It is the very confidentiality of this information that

17   this motion seeks to preserve. As a preliminary matter, Expedia requests that this Court instruct

18   the Clerk of the Court to accept and file the Declaration of Michael W. Droke under seal.

19   Under *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 55 L. Ed. 2d 570, 98 S. Ct.

20   1306 (1978), this Court has supervisory power over its own records and files, and access to such

21   files may be denied under certain limited circumstances. While there is a strong presumption in

22   favor of the public's right of access to judicial records, *Valley Broadcasting Co., v. United States*

23   *Dist. Ct.,* 798 F.2d 1289, 1294 (9th Cir. 1986), that right is not absolute.

24   Potential damage from release of trade secrets is a legitimate basis for sealing documents

25   and restricting public access prior to and during trial. *Encyclopedia Brown Prods. v. Home Box*

*Office,* 26 F. Supp.2d 606, 612-613 (S.D.N.Y. 1998); *Richmond Newspapers, Inc., v. Virginia,*

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 4
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  448 U.S. 555, 600 fn.5, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980) (Stewart, J., concurring); and *In*

2  *re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 364, 355 (S.D.N.Y. 1996).

3      A party seeking to preclude disclosure of trade secrets has the burden to show that the

4  information in fact constitutes a trade secret, that disclosure would harm the moving party's

5  competitive position and that the asserted harm outweighs the presumption of public access.

6  With respect to proof of competitive harm, the moving party must prove that disclosure would

7  "work a clearly defined and very serious injury." *Turick v. Yamaha Motor Corp.*, 121 F.R.D. 32,

8  35 (S.D.N.Y. 1988) (*quoting United States v. IBM*, 67 F.R.D. 40, 46 (S.D.N.Y. 1975)).

9      Accordingly, in view of the highly sensitive, confidential and proprietary nature of the

10  documents attached to Mr. Droke's declaration, Expedia respectfully requests that this Court

11  grant its Motion for Leave to File the Declaration of Michael W. Droke under seal.

12  **B. The Legal Standard for an Interlocutory Injunction**

13      In *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir.2003),

14  the Ninth Circuit ruled that "[t]he standard for granting a preliminary injunction balances the

15  plaintiff's likelihood of success against the relative hardship to the parties."  The Ninth Circuit

16  has stated two formulations of the test for whether an injunction should issue.  Under the

17  "traditional" criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2)

18  the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance

19  of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."

20  *Johnson v. Cal. State Bd. Of Accountancy*, 72 F.3d 1427, 1430 (9th Cir.1995). Alternatively, a

21  court may grant the injunction if the plaintiff "demonstrates *either* a combination of probable

22  success on the merits and the possibility of irreparable injury *or* that serious questions are raised

23  and the balance of hardships tips sharply in his favor." *Id.* (internal quotation marks and citations

24  omitted).  As the Ninth Circuit has said many times regarding the two alternative formulations of

25  the preliminary injunction test: "These two formulations represent two points on a sliding scale

in which the required degree of irreparable harm increases as the probability of success

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 5
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    decreases. They are not separate tests but rather outer reaches of a single continuum." *Baby Tam*

2    *& Co., Inc. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir.1998) (internal quotation marks

3    and citations omitted).

4    **C. Expedia Has Met the Standard for a Temporary Restraining Order and Preliminary**
5    **    Injunction**

6            Here, Expedia can demonstrate a *strong* likelihood of success on the merits.  It is

7    undisputed that the e-mails and documents in Ms. Henry's possession, which she obtained from

8    Expedia during the term of her employment and paid leave of absence, are the *property* of

9    Expedia.  She is bound, by contract and the common law (as demonstrated below), to

10   immediately return Expedia's property to Expedia.  She has no legitimate excuse or justification

11   for retaining copies of these e-mails and documents.  Even if some of these documents would

12   otherwise be subject to discovery in this litigation, they must first be returned to Expedia—their

13   rightful owner—and then produced by Expedia in the normal course of discovery.  Given the

14   high likelihood that Expedia will prevail on the merits of its claims for the return of these

15   documents, Expedia need not show irreparable harm, and must satisfy only the "serious

16   questions/balance of the hardships" test for an injunction to be issued here.  This test has been

17   abundantly met.

18           Even if the more stringent four-part test for an issuing an injunction is applied, however,

19   Expedia satisfies that test, as well.  The following demonstrates that Expedia has satisfied the

20   four-part test, as well as the less stringent "serious questions/balance of the hardships" test.

21           **1.      Expedia Has Established a Strong Likelihood of Success on the Merits**

22           The Expedia e-mails and documents in Ms. Henry's possession were all taken from

23   Expedia—apparently downloaded off of Expedia's server onto the hard drives of her two

24   personal home computers, or retained on the hard drive of the Expedia laptop computer that she

25   took when her paid leave of absence ended—during her employment and leave of absence with

Expedia.  All of the Expedia documents and e-mails, regardless of their content, are the *property*

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 6
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

of Expedia, not Ms. Henry.

Indeed, Ms. Henry's employment agreement specifically provides for the return of confidential, proprietary and privileged e-mail messages and other documents upon the termination of her employment. Her employment agreement defines "confidential or proprietary information or trade secrets" broadly, to include:

> all data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business, technology, practices, products, marketing, sales, services, finances or legal affairs of the Company or its affiliates or any third party doing business with or providing information to the Company, including, without limitation, information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress.

Droke Dec., Exhibit pages 6-18. The definition could scarcely be more broad. The employment agreement then provides that Ms. Henry must return to Expedia all documents and e-mails, including but not limited to documents and e-mails containing confidential or proprietary information "immediately" upon the termination of her employment:

> When Employee's employment with the Company ends, Employee shall immediately return to the Company all papers, drawings, notes, manuals, specifications, designs, devices, code, e-mail, documents, diskettes and tapes, and any other material in any form or media containing any confidential or proprietary information or trade secrets, as defined above.

*Id.*

It is undisputed that Expedia's right to possess its documents and e-mails, including those containing confidential, proprietary and privileged information, *has* been invaded by Ms. Henry. She does not dispute having possession of confidential, proprietary and privileged Expedia e-mails and other documents, and through her counsel she has refused to return them to Expedia. Furthermore, Ms. Henry has conceded that she has disseminated these confidential, proprietary and privileged documents to at least her attorneys. Finally, it is not disputed that Ms. Henry,

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 7
NO. CV O5-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   through her counsel, has refused to return the unauthorized copies they made of Expedia's

2   documents and e-mails.

3       Thus, Expedia has clearly demonstrated that Ms. Henry is in possession of property—e-

4   mails and documents—that belongs to Expedia, and that Expedia has a right to have that

5   property returned.  Expedia has demonstrated a high likelihood of success on the merits, and this

6   factor weighs strongly in favor of Expedia.

7       **2.**      **Expedia Has Established the Possibility of Irreparable Harm**

8       Expedia understands that Ms. Henry retained nearly *sixty thousand* Expedia e-mail

9   messages, alone, as well as *hundreds* of pages of Expedia documents.  Expedia has been unable

10  to cull through all of these materials to bring all of the privileged and trade secret documents to

11  the Court's attention.  The Declaration of Michael W. Droke attaches representative examples of

12  privileged and highly confidential and proprietary documents gathered from review of just a

13  portion of the documents she took—under ten percent in the case of the e-mails.  *See* Exhibit

14  pages 19-163.  Although the collection of Expedia documents that Ms. Henry took includes

15  documents of various sensitivity, the following deals with the *substantial* volume of documents

16  that are either privileged or may qualify for protection as trade secrets.  Potential loss of the

17  privileged through arguable waiver, or loss of trade secret protection through disclosure, results

18  in irreparable harm to Expedia.  This factor weighs heavily in favor of Expedia.

19      **a.**    **Ms. Henry's Retention of Copies of Expedia's Privileged**
20            **Communications**

21      The attorney-client privilege is codified in Washington at RCW 5.60.060(2)(a), as

22  follows:

23          An attorney or counselor shall not, without the consent of his or her client, be
24          examined as to any communication made by the client to him or her, or his or her
25          advice given thereon in the course of professional employment.

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 8
NO. CV O5-1510RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  The privilege extends to documents that contain privileged communications. *Dietz v. Doe*, 131
2  Wn.2d 835, (Wash. 1997).

3       The documents and e-mail messages that Ms. Henry took from Expedia include
4  privileged communications, described in paragraph 4 of the Droke Declaration. Expedia will
5  submit copies of the documents, themselves, to the Court for *in camera* review upon request.
6  These include e-mails between senior Expedia management and Mark Britton (Expedia's
7  General Counsel), Mark Duckworth (Expedia's General Counsel for Europe), Maja Chaffee
8  (Assistant General Counsel), Priscilla Sulham (Assistant General Counsel), Expedia attorneys at
9  Allen & Overy (Expedia's outside law firm)(Karine Montagut, Jean-Claude Rivalland, Gael
10 Beaudion, Wayne Leach, David Harrison, Henry Abbott, Susan Clements), containing requests
11 for legal advice, attorney responses, and otherwise discussing the legal affairs of Expedia.
12 Expedia is harmed and/or will likely be harmed because others may argue that Ms. Henry's
13 retention of these materials after her termination and her disclosure of them to her attorneys
14 constitutes a waiver of Expedia's attorney-client privilege with respect to the subject matter of
15 these privileged documents and e-mails.

16     **b.   Ms. Henry's Retention of Copies of Expedia's Confidential and**
17         **Proprietary Business Information**

18      In addition to privileged information, Ms. Henry took highly sensitive, confidential and
19 proprietary business information from Expedia, and has refused to relinquish possession of all
20 copies of these documents and e-mail messages. Samples of some of these e-mail messages and
21 documents are attached as Exhibit pages 19-163 to the Droke Declaration. These include
22 documents discussing potential acquisition targets, potential joint venture partners, employee
23 compensation, conversion rates (website hits to purchases), business plans and strategies, and
24 other highly sensitive, confidential and proprietary information of Expedia. Some of these
25 documents include the confidential and proprietary information of other companies, such as joint
venture partners. Ms. Henry's retention of these materials after her termination and her

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 9
NO. CV O5-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   disclosure of them to her attorneys exposes Expedia to the risk that the documents and

2   information may reach its competitors, or that others may argue that Expedia failed to take

3   reasonable measures to preserve the confidentiality of this information, and that consequently

4   any otherwise applicable trade secret protection is waived.

5   **3.     Expedia Has Shown That Balancing the Parties' Relative Hardships Favors**

6          **Expedia**

7          Expedia's potential hardship if these documents are not returned to Expedia is great.  Ms.

8   Henry's continued possession of these documents, and her disclosure of them to her counsel and

9   possibly to others, may result in the irreparable loss of the attorney-client privilege and trade

10  secret protection.  By comparison, Ms. Henry has zero interest in retaining possession of

11  Expedia's confidential, proprietary and privileged e-mail messages and other documents.  These

12  are property that does not belong to Ms. Henry.  Even if some of these documents were relevant

13  and discoverable by Ms. Henry in this litigation, returning them to Expedia poses no hardship to

14  Ms. Henry.  The documents will be reviewed by Expedia in the normal course of discovery, and

15  those that are discoverable and not privileged will be produced.  Consequently, this factor

16  strongly favors Expedia.

17  **4.     Advancement of the Public Interest Favors Expedia**

18         The public interest, to the extent it is implicated here at all, strongly favors Expedia.

19  First, to the extent that the Expedia documents Ms. Henry took include documents protected by

20  the attorney-client privilege, the Supreme Court of Washington has held that preservation of the

21  attorney-client privilege is in the public interest:

22
23         But the privilege does not exist merely for the benefit of individuals.  The
               attorney client privilege has been sustained for centuries because of the
               fundamental benefits that accrue to society at large.  The privilege "promote[s]
24             broader public interests in the observance of law and the administration of
               justice." [citation omitted]  The attorney-client privilege is pivotal in the orderly
25             administration of the legal system, which is the cornerstone of a just society. . . . .
               Erosion of this privilege . . . is undoubtedly harmful to society because these
               breaches weaken the public perception that people can seek assistance and rely on

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 10
NO. CV O5-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1   an attorney as an expert and counselor "free from the consequences or the
2   apprehension of disclosure." [citation omitted]  Impairing the attorney-client
    privilege must be avoided because "[t]he attorney-client privilege may well be the
3   pivotal element of the modern American lawyer's professional functions.  It is
    considered indispensable to the lawyer's function as an advocate . . . [and]
4   confidential counselor in law." [citation omitted]

5   *In re the Disciplinary Proceeding Against Douglas Schafer*, 149 Wn.2d 148, 160-162 (Wash.

6   2003).  Similarly, to the extent that the Expedia documents that Ms. Henry took include

7   confidential and proprietary documents that may constitute trade secrets, the purpose of laws

8   protecting a business's proprietary interest in its confidential information—the trade secrets

9   statute, RCW 19.108.010, *et seq.*—"is to maintain and promote standards of commercial ethics

10  and fair dealing in protecting those secrets."  *Ed Nowogroski Insurance, Inc.*, 137 Wn.2d 427,

11  438 (Wash. 1999).  This, too, is in the public interest.  Thus, to the extent that the public interest

12  is involved here, this factor also strongly favors Expedia.

13                          **IV.    CONCLUSION**

14          For the foregoing reasons, Expedia respectfully requests that this Court enter a temporary

15  restraining order requiring plaintiff and her attorneys to identify the location of *all* copies,

16  whether hard copy or in electronic form, of Expedia documents and e-mails in the possession of

17  Ms. Henry, her attorneys, and anyone else to whom she has disclosed them, and then requiring

18  all copies, compilations, and notes thereof to be relinquished to Expedia's possession.  Expedia

19  also requests that the Court grant leave to file the Declaration of Michael W. Droke under seal.

20  Thereafter, if any of these documents is responsive to plaintiff's legitimate discovery requests

21  and not privileged, they can be produced by Expedia in the normal course of discovery.

22

23

24

25

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1    DATED this _3rd_ day of November, 2005.        DORSEY & WHITNEY LLP

2

3

4                                                   Michael W. Droke, P.C. WSBA #25972
                                                    Kandis M. Baldwin WSBA #33069
5                                                   Dorsey & Whitney LLP
                                                    1420 Fifth Avenue, Suite 3400
6                                                   Seattle, Washington  98101
                                                    (206) 903-8800
7                                                   Attorneys for Defendants IAC/InterActiveCorp
                                                    and Expedia, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 12
NO. CV O5-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**CERTIFICATE OF SERVICE**

On this _____ day of November 2005, I caused to be served a true copy of the foregoing Defendant Expedia's Motion For Temporary Restraining Order, For Preliminary Injunction, And For Leave To File The Declaration Of Michael W. Droke Under Seal to:

Kathleen Barnard
SCHWERIN CAMPBELL BARNARD
18 West Mercer Street, Suite 400
Seattle, WA 98119

barnard@workerlaw.com

☐ Via Messenger
☒ Via ECF Notification
☒ Via Electronic Mail
☒ Via U.S. Mail
☐ Via Overnight Mail

Dated:

Susan Grimes-Zak

EXPEDIA'S MOTION FOR TRO, PRELIMINARY
INJUNCTION, AND LEAVE TO FILE UNDER SEAL - 13
NO. CV O5-1510RSM4813-6478-6688\1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820