HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY,<br><br>    Plaintiff,<br><br> vs.<br><br>IAC/INTERACTIVECORP and EXPEDIA, Inc., corporations,<br><br>    Defendants. | NO. CV 05-1510 RSM<br><br>**DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY**<br><br>Noted for Consideration: Nov. 18, 2005 |

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY -i-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**Table of Contents**

I. RELIEF REQUESTED ........................................................................................................1
II. STATEMENT OF FACTS ..................................................................................................1
    A.    Ms. Henry Retains Privileged Expedia Material in Violation of Her Employment Agreement. ..........................................................................................1
    B.    Schwerin Receives, Retains, and Repeatedly Reviews Privileged Expedia Material. ....................................................................................................................2
III. ARGUMENT.......................................................................................................................5
    A.    The Standard For Disqualification of Counsel for Ethical Transgressions. ..................5
    B.    Pursuant to *Richards v. Jain*, Schwerin Must be Disqualified. ....................................8
IV. CONCLUSION..................................................................................................................11

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY -ii-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. RELIEF REQUESTED

Defendant Expedia, Inc. ("Expedia") moves to disqualify the law firm of Schwerin Campbell Barnard LLP, along with affiliated attorney Curt Chapman, (collectively, "Schwerin") from representing Plaintiff Allyson Henry ("Ms. Henry") in this action. Such disqualification is required to preserve the attorney-client privilege and the integrity of the judicial process in the face of Schwerin's wrongful acquisition and retention of vast amounts of Expedia attorney-client privileged material and Schwerin's failure to notify Expedia of its possession of such material upon receipt. The undisputed facts require disqualification to remedy the substantial taint placed on any future proceedings by Schwerin's possession, retention, and review of Expedia attorney-client privileged material.

This motion is supported by the Declaration of Michael W. Droke in Support of Motion to Disqualify ("*Droke Motion to Disqualify Dec.*") and the Declaration of Michael W. Droke in Support of Motion for Temporary Restraining Order ("*Droke TRO Dec.*"). To date, Schwerin has not provided Expedia's counsel with copies of the entirety of the Expedia material presently in its possession. As such, Expedia does not know the full extent of Schwerin's access and exposure to Expedia's privileged material. If the Court wishes, Expedia can provide it with a sampling of attorney-client privileged documents improperly obtained, retained, and reviewed by Schwerin that have been produced to Expedia for in camera review.[1]

## II. STATEMENT OF FACTS

**A.  Ms. Henry Retains Privileged Expedia Material in Violation of Her Employment Agreement.**

Ms. Henry is a former Expedia Vice President of International Product Development. In the course of her employment with Expedia, Ms. Henry was privy to confidential communications between Expedia and its counsel. Ms. Henry's employment agreement with Expedia specifically provided for the return of confidential, proprietary and privileged e-mail

---

[1] Several such privileged documents are described in the Declaration of Michael W. Droke in Support of Motion for Temporary Restraining Order.

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-1-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

messages and documents upon the termination of her employment:

> When Employee's employment with the Company ends, Employee shall immediately return to the Company all papers, drawings, notes, manuals, specifications, designs, devices, code, e-mail, documents, diskettes and tapes, and any other material in any form or media containing any confidential or proprietary information or trade secrets, as defined above.

*Droke TRO Dec.* at Ex. A. Confidential, proprietary information or trade secrets are defined as:

> [A]ll data and information in whatever form, tangible or intangible, that is not generally known to the public and that relates to the business, technology, practices, products, marketing, sales, services, finances or legal affairs of the Company or its affiliates or any third party doing business with or providing information to the Company, including, without limitation, information about actual or prospective customers, suppliers and business partners; business, sales, marketing, technical, financial and legal plans, proposals and projections; concepts, techniques, processes, methods, systems, designs, programs, code, formulas, research, experimental work and work in progress.

*Id.*

Ms. Henry's employment with Expedia was terminated on November 18, 2004. Unknown to Expedia and contrary to her employment agreement, Ms. Henry retained an Expedia-owned laptop containing tens of thousands of documents, and more pages of Expedia documents on her two personal computers. *Droke Motion to Disqualify Dec.* at ¶ 2, Exs. 1, 11.

**B.    Schwerin Receives, Retains, and Repeatedly Reviews Privileged Expedia Material.**

On March 11, 2005, Ms. Henry filed suit against Expedia in King County Superior Court. The case was subsequently removed to this Court. Expedia learned in the Spring and early Summer of 2005 that Ms. Henry had a large volume of electronic documents, but up until very recently, remained unaware that any of these were Expedia-owned documents, that Ms. Henry had taken an Expedia laptop, and that she had uploaded vast amounts of confidential, privileged, Expedia material onto her personal computers. *Droke Motion to Disqualify Dec.* at ¶ 2, Exs. 1, 11.

Less than a month ago, Ms. Henry's lead counsel, Kathleen Barnard, disclosed to Expedia's counsel that Expedia-owned documents were on the three computers in Ms. Henry's

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-2-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

custody, and that she and staff members at Schwerin, along with another attorney, had reviewed the contents of all three computers. *Id.* at ¶¶ 2, 4, Exs. 1, 3, 5, 10, 11. Ms. Barnard eventually revealed that she had requested that Ms. Henry turn over the computers to Schwerin without making any attempt to ascertain whether they contained Expedia's confidential or privileged material, and that Schwerin had access to the contents the computers for at least a year. *Id.* at ¶¶ 7, 10, Exs. 8, 10, 12, 13. Schwerin does not dispute that they were in possession of Expedia property – the laptop is tagged as belonging to Expedia – or that the Expedia material on Ms. Henry's personal computers falls within the scope of the confidentially provision of Ms. Henry's employment agreement. *Id.* at Ex. 8 ("We do not contest that the Dell laptop is an Expedia laptop. We do not contest that it and Ms. Henry's personal laptop and desktop which contain work email should be turned over as well."). However, Schwerin refused to return this material to Expedia. *Id.* at ¶ 3, Exs. 1, 5, 10, 11.

Ms. Barnard also admitted just last month that since no later than August of 2005, Schwerin had uploaded the contents of the three computers onto the firm's computer network server and "segregated" some privileged emails between Expedia attorneys and its employees and managers. *Id.* at ¶ 3, Ex. 3. According to Ms. Barnard, Schwerin attorneys and staff have since repeatedly reviewed the contents of the computers without any further regard for Expedia's attorney-client privilege. *Id.* at Exs. 13, 14.

Ms. Barnard purports that she and her firm have not had access to attorney-client privileged Expedia material because Schwerin sorted the contents of Ms. Henry's Expedia email account, separating out emails sent to or from six individuals identified by Ms. Henry as potential sources of attorney-client privileged communications. *Id.* According to Ms. Barnard, Ms. Henry then reviewed these emails and Ms. Henry alone deemed them to be privileged communications belonging to Expedia. *Id.*

This "segregation" system did not prevent Schwerin from reviewing non-email privileged documents, privileged emails not sent to or from the six individuals identified by Ms. Henry, or even all privileged emails sent to or from those on Ms. Henry's list. Within her intial production

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-3-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

of responsive documents – documents that Schwerin does not dispute were repeatedly reviewed by members of the firm - Ms. Henry produced documents that are clearly within the scope of Expedia's attorney client-privilege. These include: e-mails between senior Expedia management and Mark Britton (Expedia's General Counsel), Mark Duckworth (Expedia's General Counsel for Europe), Maja Chaffee (Assistant General Counsel), Priscilla Sudham (Assistant General Counsel), and Expedia attorneys at Allen & Overy (Expedia's outside law firm) (Karine Montagut, Jean-Claude Rivalland, Gael Beaudion, Wayne Leach, David Harrison, Henry Abbott, Susan Clements), containing requests for legal advice, attorney responses, and otherwise discussing the legal affairs of Expedia. *Droke TRO Dec.* at ¶ 4. Ms. Barnard has confirmed that all emails from Expedia General Counsel Mark Britton were <u>not</u> "segregated," and thus were reviewed by Schwerin without regard for their privileged nature. *Droke Motion to Disqualify Dec.* at ¶11, Ex. 13, n.1.

Despite knowing that they were in possession of Expedia's attorney-client privilege material, Schwerin made no attempt to notify Expedia that the firm was in possession of Expedia's privileged information prior to October 2005. *Id.* at ¶¶ 4, 5, and 10; Exs. 1, 2, 4, 11, 12. Instead, over the course of many months, Schwerin reviewed the contents of the improperly retained Expedia material:

> In the time between her retention of counsel and the request for the return of email and computers, [Ms. Henry] has communicated with her attorneys and <u>her attorneys had accessed the email to investigate and assert her claims</u>.

*Id.* at Ex. 13, p.3 (emphasis added). It appears that Schwerin had access to and reviewed these documents in order to investigate the case even before it was filed in March 2005, nine months ago.

To date, Schwerin still refuses to return all copies of material that even Ms. Barnard acknowledges are subject to Expedia's attorney-client privilege. In fact, Schwerin only recently acceded to Expedia's repeated requests that the computers be turned over to a forensics firm. *Id.* at Ex. 9. Ms. Barnard continues to insist that Schwerin will retain a copy of the electronic files

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-4-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

on its computer system, thereby allowing anyone at her firm to gain access to Expedia attorney-client privileged material. *Id.* at Ex. 8 ("Turning now to your contention that we should extract all copies of these email in our office systems and destroy them, I must say this is an unjustified and unreasonable demand.").

Further, Schwerin has refused Expedia's repeated requests for a full accounting of the nature and extent of the improper disclosure of Expedia's attorney-client privilege material. *Id.* at ¶ 3, 5; Ex. 2, 4. Without such an accounting, Expedia has no way of determining the scope of the exposure of its confidential, privileged material. Expedia does know that at least attorneys Ms. Barnard and Mr. Chapman, along with three Schwerin staff members, Mr. Helfer, Ms. Bryan, and Ms. Beal, have reviewed documents which include attorney-client privilege material. *Id.* at ¶7, Exs. 8, 10. Ms. Barnard and her staff members continue to work on the case, despite their exposure to Expedia's privileged material and continued access to such material.

Expedia also knows that Schwerin cannot dispute that the Expedia privileged material in its possession includes material directly related to this case. Schwerin has produced such materials to Expedia as responsive to its discovery requests. *Droke TRO Dec.* at ¶ 4. It appears that Schwerin's post-"segregation" compilation of Expedia is rife with privileged material. *Id.* Further, Ms. Barnard has claimed that any Expedia privileged material that Ms. Henry passed along to her is now <u>her</u> privileged work product, and that the return of Expedia's confidential and privileged material will set her work on this case back by months. *Droke Motion to Disqualify Dec.* at ¶10, Ex. 12.

### III.  ARGUMENT

**A.  The Standard For Disqualification of Counsel for Ethical Transgressions.**

Federal courts have the authority to discipline attorneys appearing before them for conduct deemed inconsistent with ethical standards. *In re Snyder*, 472 U.S. 634, 645 n.6 (1985); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) ("[A] district court has the primary responsibility for controlling the conduct of the attorneys who practice before it."). Discipline

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-5-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

for ethical failings includes the disqualification of counsel. *Inorganic Coatings, Inc. v. Falberg*, 962 F. Supp. 517, 519 (E.D. Pa. 1995) ("Courts have vital interests in protecting the integrity of their judgments, maintaining public confidence in the integrity of the bar, eliminating conflicts of interest, and protecting confidential communications between attorneys and their clients. To protect these vital interests, courts have the power to disqualify an attorney from representing a particular client.")

"<u>An attorney who receives privileged documents has an ethical duty upon notice of the privileged nature of the documents to cease review of the documents, notify the privilege holder, and return the documents</u>." *Richards v. Jain*, 168 F.Supp.2d 1195, 1200-02 (W.D. Wa. 2001) (citing *ABA Comm. on Ethics and Professional Responsibility*, Formal Op. 94-382 (1994)) (emphasis added); *Milford Power Ltd P'ship v. New Eng Power Co.*, 896 F. Supp. 53, 58 (D. Mass. 1995). "There can be no doubt that the spirit of the ethical norms…, if not the letter of the Rules of Professional Conduct themselves, precludes an attorney from acquiring, inadvertently or otherwise, confidential or privileged information about his adversary's litigation strategy," *MMR/Wallace Power & Indus., Inc. v. Thames Assoc.*, 764 F. Supp. 712, 718 (D. Conn. 1991). The misappropriation of an opposing party's privileged information "is fundamentally contrary to the obligation of a lawyer to act with honesty and integrity in the conduct of legal business." *International Brotherhood of Elec. Workers v. ACME Elec. Co.*, 652 F. Supp. 182, 185 (E.D. Mo. 1986). Washington Rule of Professional Conduct 5.3(b) further "charges attorneys with the responsibility of ensuring that non-attorney staff members follow the same ethics rules that apply to attorneys." *Id.* (quoting *Daines v. Alcatel, S.A.*, 194 F.R.D. 678, 681-82 (E.D. Wash. 2000)).

While disqualification is generally viewed as a drastic remedy, it is appropriate and necessary when a party's counsel or support staff have improperly gained access to the privileged information of the opposing party. *Richards*, 168 F.Supp.2d 1195; *see also In re Firestorm 1991*, 916 P.2d 411, 416 (Wash. 1996) ("One situation <u>requiring</u> the drastic remedy of disqualification arises when counsel has access to privileged information of an opposing party.") (emphasis added). As the court in *Richards* explained:

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-6-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

> Where the asserted course of conduct by counsel threatens to affect the integrity of the adversarial process, the court should take appropriate measures, including disqualification, to eliminate such taint. In considering disqualification courts must be mindful that the interests of the clients are primary, and the interests of the lawyers are secondary.

168 F.Supp.2d at 1200 (internal citations and quotations omitted). When an attorney is in a position to use privileged information improperly obtained, the breach "unquestionably taints the legal process." *Papanicolauou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1084 (S.D.N.Y. 1989). Where the integrity of the process is threatened, "the Court should resolve any doubts in favor of disqualification." *Oxford Sys., Inc. v. CallPro, Inc.*, 45 F. Supp.2d 1055, 1066 (W.D. Wash. 1999).

As in *Richards*, Schwerin has failed to comply with their ethical obligations and should be disqualified. It is indisputable that Schwerin acquired a vast quantity of Expedia privileged material by virtue of Ms. Henry's breach of her employment contract confidentially provision. Schwerin was in possession of Ms. Henry's employment contract by at least the Fall of 2004, and thus was on notice that Ms. Henry's subsequent delivery of a laptop marked as Expedia property and multiple personal computers containing Expedia documents was in violation of that agreement. Certainly Schwerin was on notice as of October 13, 2005, when Expedia's counsel formally demanded the return of all material in accordance with Ms. Henry's employment agreement. *Droke Motion to Disqualify Dec.* at Ex. 1.

Schwerin should have immediately notified Expedia, ceased all review, and returned the improperly obtained material. They did not. Instead, they spent months, and perhaps an entire year, reviewing the improperly retained Expedia material:

> "In the time between her retention of counsel and the request for the return of email and computers, [Ms. Henry] has communicated with her attorneys and <u>her attorneys had accessed the email to investigate and assert her claims</u>.

*Id.* at Ex. 13, p.3 (emphasis added). Although attorneys have a duty to zealously represent their clients, they also have duties to the court and to the public to protect the integrity of the judicial

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-7-
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

process.  *Essex County Jail Annex Inmates v. Treffinger*, 18 F. Supp.2d 418, 438 (D. N.J. 1998).  In retaining the misappropriated and privileged Expedia material, Schwerin did not comply with that that duty.  As such, Expedia is forced to seek the disqualification of Schwerin.

**B.     Pursuant to *Richards v. Jain*, Schwerin Must be Disqualified.**

*Richards v. Jain* sets forth the circumstances under which courts are to disqualify law firms that have improperly obtained, retained, and reviewed the privileged material of the opposing party.  The facts of the *Richards* case are strikingly similar to the facts presented here.  In *Richards*, the plaintiff, a former Infospace corporate Vice President, provided his attorneys with a disk containing the contents of his Infospace email account.  168 F.Supp.2d at 1198, 1200 n.2.  Just as here, plaintiffs' counsel then copied the electronic files and stored them on the law firm's server, and began to search through the material.  *Id.* at 1198.  Like Ms. Henry, Richards had contractually agreed not to disclose confidential material, yet choose to provide it to his counsel anyway.  168 F.Supp.2d at 1198, 1200 n.2.  Like in *Richards*, Schwerin has apparently made no effort to remove those who have had access to Ms. Henry's email account from the case.  Thus, it must be presumed that the entire firm has been exposed to Expedia's privileged material and has benefited from such exposure.  *Id.* at 1204, 1207.

In *Richards*, as here, plaintiffs' counsel was aware that they were in possession of an entire email account, and that as a corporate Vice President, the plaintiff "would have been privy to all sorts of privileged material."  *Id.*  Ms. Barnard, like plaintiffs' counsel in *Richards*, has confirmed that she asked Ms. Henry to turn over the computers containing Expedia material (including the Expedia-owned laptop) without making any attempt to ascertain whether they contained Expedia's confidential or privileged material.  *Droke Motion to Disqualify Dec.* at ¶ 10.  The *Richard's* court concluded that such a failure is unacceptable:

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-8-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

> It is reasonable to assume that as a corporate Vice President, Richards would have had discussions with attorneys regarding the corporation's business and litigation and be in possession of attorney-client privileged documents. A reasonably diligent attorney would have *at the very least* inquired, prior to requesting the Disk, if Richards was privy to privileged information or if Richards had exchanged e-mails with counsel. It does not appear that anyone at Hagens Berman made this inquiry. The Court finds Mr. Matt's and Mr. Berman's statements that they "never once considered that the e-mails [Richards] provided to us could contain information subject to InfoSpace's attorney-client privilege" to be a failure of reasonable care, approaching recklessness.

168 F.Supp.2d at 1203 (emphasis in original).

Like in *Richards*, once Ms. Henry's counsel became aware that they were in possession of privileged Expedia material, they "neither ceased review upon notice of its privileged nature nor informed the privilege holder of its receipt." *Id.* at 1200. As in *Richards*, the defendants learned that plaintiff's counsel had obtained privileged material only after discovery had been conducted, and promptly demanded its return. *Id.* at 1199. Much as Ms. Barnard has done here, Richard's counsel did not immediately return the material as they were ethically obligated to do, but instead responded that defense counsel knew or should have known that they were in possession of the privileged material. *Id.* at 1206; *Droke Motion to Disqualify Dec.* at Ex. 8. Such arguments were unequivocally rejected by the court in *Richards*:

> Plaintiffs' failure to explicitly notify Defendants of the disclosure of privileged information weighs in favor of disqualification. Moreover, simply informing Defendants that they were in possession of privileged material would not excuse or lessen the impact of the review of large numbers of privileged documents. <u>The prejudice suffered by Defendants due to the loss of the protection of the attorney-client privilege is not assuaged by knowledge of that loss</u>.

*Id.* (emphasis added).

The ethical violations here are even more egregious than in *Richards*. Only a single paralegal looked at the contents of the email account in *Richards. Id.* 1203. The court concluded that even if the paralegal had only briefly scanned privileged documents in his sorting of emails, it was presumed that whatever privileged information he had gleaned was transmitted to the attorneys working on the case, thus the conduct and knowledge of the paralegal was to be

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-9-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

imputed to the entire firm. *Id.* and 1203-04. Additionally, in *Richards*, plaintiffs' counsel removed all the electronic material from the firm's computer network server once the dispute regarding the material arose. *Id.*

Schwerin acknowledges that the improper exposure of Expedia's privileged material goes far beyond a sorting by a single non-attorney staff member. Schwerin admits that at least two attorneys and multiple staff members have reviewed the contents of Ms. Henry's email account, including email to or from Expedia's General Counsel. *Droke Motion to Disqualify Dec.* at ¶7, Exs. 8, 10, 13. Further, Ms. Henry has produced Expedia's privileged documents back to Expedia, confirming that Schwerin attorneys have in fact reviewed privileged documents. *Droke TRO Dec.* at ¶ 4. Also, unlike in *Richards*, Schwerin continues to refuse to provide Expedia with even a copy of all of the materials improperly retained by Ms. Henry. As such, Expedia is unable to determine the scope of the access that Schwerin had and continues to have to Expedia's privileged material.

More disturbingly, Schwerin is now claiming that any Expedia privileged material that Ms. Henry passed along to her is now <u>her</u> privileged work product. *Id.* at ¶ 10, Ex. 12. Certainly, Schwerin cannot dispute that they are in possession of privileged material related to this case when she has produced such material back to Expedia and claims that the return of <u>Expedia's</u> confidential and privileged material will set her work on the case back by months. *Id.* Schwerin also continues to insist that they have no obligation to remove the electronic files containing potentially privileged materials from Schwerin's computer network server. *Id.* at Ex. 8 ("Turning now to your contention that we should extract all copies of these email in our office systems and destroy them, I must say this is an unjustified and unreasonable demand.").

Schwerin's position that they are under no obligation to return all copies of Expedia's privileged material is identical to the stance that plaintiffs' attorney took in *Richards*, a stance that was categorically rejected by the court:

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-10-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

> Mr. Berman's suggestion in his response letter of June 19, 2001 and at oral argument that an attorney in possession of attorney-client documents has no obligation except to give copies back or otherwise disclose the possession of the documents <u>shocks the conscience of this Court</u>.

68 F. Supp. at 1201 (emphasis added).

If the facts of *Richards* required disqualification of plaintiffs' counsel, certainly the far more extensive access, review, and retention of Expedia's privileged material requires that Schwerin be disqualified from representing Ms. Henry in this case.

## IV.   CONCLUSION

Expedia respectfully requests that this Court disqualify the law firm of Schwerin Campbell Barnard LLP, along with affiliated attorney Curt Chapman, and any other attorney for Ms. Henry with access to Expedia's documents, from representing Allyson Henry in this action. Such disqualification is required to remedy the substantial taint placed on any future proceedings by Schwerin's possession, retention, and review of Expedia attorney-client privileged material.

DATED this 3rd day of November, 2005.

DORSEY & WHITNEY LLP

*s/ Michael W. Droke*
Michael W. Droke, P.C. WSBA #25972
Kandis M. Baldwin WSBA #33069
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, Washington  98101
(206) 903-8800

Attorneys for Expedia, Inc.

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-11-
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

On this 3rd day of November 2005, I caused to be served a true copy of the foregoing DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY, the DECLARATION OF MICHAEL W. DROKE in support of the same, and a PROPOSED ORDER granting the same to:

| Kathleen Barnard | ☐ Via Messenger |
| SCHWERIN CAMPBELL BARNARD | ☒ Via ECF/CM |
| 18 West Mercer Street, Suite 400 | ☒ Via Email |
| Seattle, WA  98119 | ☒ Via U.S. Mail |
| barnard@workerlaw.com | ☐ Via Overnight Mail |

*s/ Shannon M. McMinimee*
Shannon M. McMinimee

DEFENDANT EXPEDIA'S MOTION TO DISQUALIFY-12-
NO. CV 05-1510 RSM

4849-5281-7152\1

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820