**HONORABLE RICARDO S. MARTINEZ**

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

ALLYSON HENRY,

                              Plaintiff,

             v.

IAC/INTERACTIVE GROUP and
EXPEDIA, INC.,

                      Defendants.

**NO.** C05-1510RSM

**PLAINTIFF'S RESPONSE TO
DEFENDANT EXPEDIA'S MOTION
TO DISQUALIFY AND FOR ORDER
SHOW CAUSE**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

# TABLE OF CONTENTS

SUMMARY OF RESPONSE ......................................................... 1

STATEMENT OF FACTS ........................................................... 4

ARGUMENT ......................................................................... 13

I.     EVIDENTIARY ISSUES. ........................................... 13

II.    EXPEDIA'S DELAY IN BRINGING THIS MOTION, ESPECIALLY WHERE NO TAINT ON THE  JUDICIAL PROCESS HAS OCCURRED, SHOULD LEAD THE COURT TO DENY IT. ...................................................... 14

   A.   Motions For Disqualification Should Not Be Used For Strategic Advantage And Must Be Viewed With Substantial Scrutiny. Among Other Factors To Consider Is The Movant's Delay In Seeking Disqualification. ..................................... 14

   B.   Here, Had Expedia's Counsel Acted In A Timely Manner, It Could Have Prevented The Actions Now Forming The Basis For The Motion.  The Motion Has Been Made For Strategic Advantage Rather Than Because Of A Real Taint On The Judicial Process. Therefore, This Court Should Deny The Motion. ....................... 16

III.   DISQUALIFICATION IS NOT APPROPRIATE HERE, WHERE PLAINTIFF'S COUNSEL MAINTAINED HER CLIENT'S CONFIDENCES WHICH WERE PERTINENT TO EFFECTIVE REPRESENTATION ....................................................... 16

   A.   Attorneys' Duties Of Confidentiality Are Driven By A Public Policy Of Having Full Disclosure From A Client Without Fear The Information Will Be Used Against The Client. ......................... 16

    1.   Nature of Relationship and Obligations of Counsel to Client. ...... 17

    2.   Washington Law Allows Communications With Former Employees Of Opposing Party, With Safeguards To Protect Against The Disclosure Of Privileged Information; That Principle Also Applies To Plaintiff's Counsel's Communications With Her. ...... 18

    3.   Persuasive Authority Holds That It Is Not Improper To Disclose Documents, No Matter How Obtained, To Counsel. .................. 19

IV.   AS DEMONSTRATED ABOVE, WASHINGTON LAW APPLIES AND DOES NOT SUPPORT DISQUALIFICATION. THEREFORE, EXPEDIA'S RELIANCE ON THE *RICHARDS* FACTORS IS MISPLACED.  HOWEVER, SHOULD THE COURT APPLY THOSE FACTORS, DISQUALIFICATION IS

NOT WARRANTED BECAUSE PLAINTIFF'S COUNSEL
ACTED WITH PRECAUTION AND DID NOT BECOME
AWARE OF PRIVILEGED INFORMATION.                                  21

A.  The Court Should Deny The Motion For Disqualification As
    Untimely, And Lacking Substantive Merit.  There Has Been No
    Ethical Violation By Plaintiff's Counsel, And Disqualification Is Not
    Appropriate For Discovery Related Issues.                     22

  1.  Defendant Impermissibly Delayed Seeking Disqualification.   22

  2.  No Ethical Cannons Or Standards Were Violated; No Discovery Issue
      Gives Rise To  Disqualification.                            22

    a.  Plaintiff's counsel was in compliance with Washington ethical
        standards.                                                22

    b.  The *Firestorm* CR 26 discovery standard does not support
        disqualification.                                         23

    c.  Application of *Richards* does not support disqualification under these
        circumstances.                                            24

      i.   Whether the attorney knew or should have known that the material
           was privileged.                                        26

      ii.  The promptness with which the attorney notifies the opposing side
           that he or she has received its privileged information.  26

      iii. The extent to which the attorney reviews and digests the
           privileged information.                                27

    d.  The significance of the privileged information; i.e., the extent to which
        its disclosure may prejudice the movant's claim or defense, and the
        extent to which return of the documents will mitigate that prejudice.  28

    e.  The extent to which movant may be at fault for the unauthorized
        disclosure.                                               29

    f.  The extent to which the nonmovant will suffer prejudice from the
        disqualification of his or her attorney.                  30

V.  THERE IS NO NEED TO ISSUE AN ORDER TO SHOW CAUSE
    WHY A PRILIMINARY INJUNCTION SHOULD NOT ISSUE               30

CONCLUSION                                                       322

## SUMMARY OF RESPONSE[1]

Disqualification of Plaintiff's counsel in this matter is not necessary or appropriate. While Plaintiff and her counsel take very seriously ethical requirements and the integrity of the judicial and adversarial systems, both Plaintiff's and her counsel's conduct demonstrates compliance with, not defiance of, such important systems. Defendants' approach to the conduct and issue, and baseless allegations based on their admitted "assumptions," is extreme and unwarranted.

Ms. Henry had legitimate access to and possession of Expedia contested materials[2] as part of her work functions, including email and documents on both her work-issued computer and her personal computer that had been configured by Expedia for that purpose. She archived her email on those computers for work purposes. Two months into a leave of absence, Ms. Henry herself chose not to continue her access to Expedia's intranet after early March 2004, three months before her discrimination complaint. **Thus, she could not possibly have had any privileged materials in her**

---

[1] Defendants initially brought three motions:   (1) Motion for TRO/Preliminary Injunction; (2) Disqualification of Schwerin, Campbell Barnard, and (3) Motion to Amend to Add Counterclaims.  Related to the Motions for TRO and Disqualification, Defendants have noted depositions of Plaintiff's counsel and firm personnel; those are the subject of a pending Motion to Quash.  Defendants have now withdrawn their Motion for TRO, and the Motion to Amend, leaving open a Request for a Show Cause order on the request for preliminary injunction, and the Motion for Disqualification.

[2] Herein, the term "potentially privileged" is used to refer to potential Expedia attorney-client privileged communications on topics other than this matter.  The term "Expedia document" is used to refer to other "documents," primarily emails that Ms. Henry had legitimate access to during the term of her employment.  The terms "Expedia email" refers specifically to email sent or received by Ms. Henry using her work email address on Expedia's intranet.  The term "contested materials" refers to all of those documents.  Expedia contends that most of the Expedia documents contain trade secret information, a proposition Plaintiff contests, given the date and routine nature of most of the documents.  Expedia also repeatedly refers to "confidential" documents without distinguishing between ordinary Expedia documents, including email, and attorney-client privileged documents, a distinction that is important here.   As used herein, "confidential" refers to the contested documents that are not alleged to be attorney-client privileged.

**Plaintiff's Response to Expedia's Motion to Disqualify**     1

**Case No. C05-1510RSM**

**possession that relate to Defendants' strategy or defenses relating to her claims against them.**

Defendants terminated Ms. Henry's employment in October 2004 by letter from Defendants' counsel, Mr. Droke, sent while she was on leave.  Defendants did not use an exit process and did not request her to return the materials now contested.

Plaintiff disclosed that she had a large volume of Expedia email on multiple computers, and that she planned to review and produce those emails, **five months** before Defendants made the demand that Plaintiff end her access to them.  Plaintiff's counsel disclosed possession of these computers and documents orally on May 4, 2005, and again discussed them with Defense counsel on June 22 and July 6.  On July 11, Plaintiff stated in writing that she had retained Expedia email in response to an interrogatory.  These disclosures occurred before Plaintiff's firm took possession of the computers and began segregating any potentially privileged documents from the pool of email in order to then prepare the email for production in discovery.  After beginning the sorting of email, Plaintiff's counsel continued to communicate to defense counsel about possession of the computers and email.  The next communications occurred between August 24 and 30, in which Plaintiff's counsel explained to defense counsel that there were still over 30,000 work email after the de-duplicating process and the steps taken to segregate from review any email that could be "potentially privileged' as to Defendants.

On September 1, Plaintiff produced approximately 4,200 Expedia email with an accompanying chart describing the computer disk's contents.  Following these extensive discussions of the Expedia email and the processing of that email, and the production of thousands of Expedia email, Defendants' counsel did not raise any objection.  Plaintiff's counsel again discussed the Expedia email and the sorting and review process with defense counsel on October 6, 7 and 11.

**Plaintiff's Response to Expedia's Motion to Disqualify    - 2
Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Despite early and repeated disclosures by Plaintiff and her counsel, Defendants' counsel now express surprise apparently based on a number of mistaken assumptions and inattention.  Defense counsel do not deny these disclosures were made; they do contend they did not understand the disclosures.[3]

When Defendants' counsel did request relinquishment of the computers and Expedia documents contained therein, Plaintiff's counsel attempted to negotiate protections for Plaintiff in the relinquishment, but was unable to obtain any commitment from Defense counsel that protected Ms. Henry from unwarranted discovery of other information, including her communications with counsel.[4]  Plaintiff did place the contested materials with Blank and Associates with protections while the parties sought this court's guidance.

Plaintiff screened potentially privileged materials and did not provide them to her counsel when she provided selected documents for counsel's consideration.  When she was preparing to tender her documents responsive to discovery, and to otherwise assist in preparation of her case, Plaintiff's counsel went to extensive efforts to screen from any review documents that could be potentially privileged.  The segregated documents were not reviewed, and any documents that were reviewed would bear no substantial relationship on the matters at issue in this litigation.

---

[3]  See Barnard Declaration, Ex. M, for a summary chart of the disclosures and defense counsels' explanation of why they did not apprehend the facts disclosed.

[4] Expedia mischaracterizes Plaintiff's counsel's pursuit of safeguards as a refusal to provide the contested materials.  Ms. Henry quickly agreed to place the computers and their contents in the hands of a mutually selected forensic firm until resolution concerning their contents could be had.  Unfortunately, defense counsel were initially unwilling to provide any safeguards.  Similarly, Expedia mischaracterizes Plaintiff's counsel's assertion that Plaintiff's communication to her attorneys by email forwarding an Expedia email (not a privileged email as to Expedia) was protected from disclosure to Defendants.  Plaintiff's counsel suggested that an *in camera* review of that communication would be the only appropriate procedure to determine if she had obtained any privileged information.  That suggestion has been twisted into a misrepresentation to this Court that Plaintiff's counsel was asserting a privilege to Expedia privileged material.  See Mot. at 10:14-15.

**Plaintiff's Response to Expedia's Motion to Disqualify**      **- 3**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

The operative authority is Washington law, as this matter was pending in state court at the time that the contested issues arose.  Disqualification is not warranted under state law because Plaintiff's counsel was sensitive to privilege issues and disclosed to Defendants.

Even if the Court considers application of the *Richards v. Jain*[5] factors, the Court should readily determine that disqualification is not warranted by these facts.  The Court's discretion to deny disqualification will be guided by Plaintiff's counsel's ethical sensitivity and efforts in this matter in conformity with state law and ethical rules, and which are in sharp contrast with the materially disparate conduct in *Richards,* including:

- that *no* privileged or work product material of Defendants relating to Plaintiff's claims, Defendants' defenses or strategy have ever been in Plaintiff's possession;

- the prompt, adequate and repeated notice provided to Defendants by Plaintiff's counsel as to Plaintiff's possession of various work-related materials;

- the substantial and appropriate good faith efforts engaged in by Plaintiff's counsel to be sensitive to and screen potentially privileged materials;

- provision of effective instructions to, and supervision of, non-lawyers to ensure that they were sensitive to avoiding review of potentially privileged materials;

- the lack of substantive review of privileged materials; and

- the lack of a substantial relationship between the materials claimed to be "privileged" versus the subject matter of the claims and defenses of the parties to the instant litigation.

### STATEMENT OF FACTS

Plaintiff Allyson Henry was employed by Defendants Expedia and IAC, most recently as Vice President of International Product Development in charge of providing the technical platform for Expedia's international products.  Her employment ended in October 2004 after Expedia's President and CEO referred her complaint of

---

[5] *Richards v. Jain*, 168 F.Supp.2d 1195 (W.D.Wash. 2001)

**Plaintiff's Response to Expedia's Motion to Disqualify        - 4**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

discrimination to legal counsel.  Counsel, Mr. Droke, sent her a letter terminating her employment and instructing her not to communicate with anyone at Expedia.  (Henry Dec. ¶¶ 32-35, Ex. A)  Expedia did not employ any of the normal exit procedures in the termination.  Mr. Droke did not ask Ms. Henry to return any Expedia property or documents until a year later, despite being told several times that she possessed them. (Henry Dec. ¶ 36; Barnard Dec. *in passim*, Second Helfer Dec. ¶ 6)

At the time of her termination, Ms. Henry had in her possession two laptop computers containing Expedia documents, including email she had sent and received in furtherance of her work performed from three continents.[6]  She maintained the confidentiality of the contested materials, before and after her termination.  (Henry Dec. ¶¶ 3-5, 27, 37, 38)  She did provide them in stages to her attorneys for purposes of this litigation.  (Henry Dec. ¶¶ 27, 28, 40-41; Second Helfer Dec. ¶ 1; Barnard Dec. ¶¶ 3, 15)[7] The following is a summary of the steps taken concerning the contested documents.

In July 2004 Ms. Henry retained Ms. Barnard and Schwerin Campbell Barnard. At the outset of the representation they had a discussion that is pertinent to these motions, and about which they will provide, if the court allows, testimony for *in camera* review. (Henry Dec. ¶ 27; Barnard Dec. ¶ 2)  Ms. Henry did provide information relevant to her discrimination complaint to Ms. Barnard, including providing copies of some Expedia email and documents.  Some of these Ms. Henry communicated by email from her hotmail account.   Ms. Henry took precautions not to disclose information she possessed

---

[6] One laptop was provided by Expedia; one was Ms. Henry's personal laptop which Expedia personnel had configured so that she could access the corporate intranet and use it for work.  (Henry Dec. ¶¶ 3-5).

[7]  Space limitations preclude describing in detail here the access Plaintiff's counsel had to the contested materials and what was done with them.  The declarations submitted with this response provide detailed information in that regard.  Plaintiff and her counsel can provide more information in an *in camera* setting, which would allow disclosure of their communications, should the Court believe that is necessary to the resolution of this motion.  All contested materials are available for *in camera* inspection.

**Plaintiff's Response to Expedia's Motion to Disqualify          - 5**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

that was attorney-client privileged or work product protected as to her former employers. (Henry Dec. ¶ 28; Barnard Dec. ¶ 3)

On June 23, 2005, Ms. Henry delivered three laptop computers to the offices of Schwerin Campbell Barnard.  A Dell Latitude D400 ("Dell"), an IBM Think Pad T30 ("IBM"), and a Sony Vaio ("Sony"), as well as a Smart Disk Fire Light USB external hard drive ("Smart Disk") containing archived PST files.  Mr. Helfer archived and copied all PST files from these computers and obtained an image of each computer.  (See Second Helfer Declaration.)  (Barnard Dec. ¶ 14; Second Helfer Dec. ¶ 1)  However, Plaintiff's counsel did not begin to access the email for any sort of review at this time. (Barnard Dec. ¶ 15)  Ms. Barnard did hire a consultant to build Outlook-based 'rules' to automate the preliminary sorting of the original PST files according to specific criteria. This was an electronic sort, intended to have the Outlook-based rules automatically sort the roughly 55,000 Outlook items into a more meaningful subfolder structure that would allow Mr. Helfer to take a numerical inventory to then allow him to strategize and prioritize initial processing of the items.  Testing resulted in extremely slow processing times and computer errors, including the server going down.  Because rules and automated sorting was entirely unsuccessful, they were abandoned.  (Second Helfer Dec. ¶ 2; Barnard Dec. ¶ 15)

Ms. Henry retrieved the Sony on June 29, 2005.  The Dell, the IBM and the Smart Disk remained in the custody of Schwerin Campbell Barnard.  The Dell and the IBM are in their received condition.  The Smart Disk has been used to transfer other documents and in the cloning process.  (Second Helfer Dec. ¶ 3)

In early July 2005 Mr. Helfer designed the architecture for processing the PST files containing both the Expedia email and Hotmail email.  The architecture was designed to address the following issues: using electronic automation for combining and

Plaintiff's Response to Expedia's Motion to Disqualify      - 6
Case No. C05-1510RSM

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

de-duplicating similar PST file names with different kilobyte amounts; using electronic automation for separation of workerlaw.com attorney-client privileged email; using electronic automation for separation of potentially privileged Expedia email; and using electronic automation for the initial sorting of the de-duplicated Outlook items into a more meaningful Outlook folder structure to allow for prioritization during initial 'skim' processing. (Second Helfer Dec. ¶ 4, Ex. A (Outlook Based Data Archive, Collection and Sorting Methodology containing detailed information on the processing methodology))

Beginning on July 7 through July 14, 2005, Ms. Barnard took measures to enable an electronic sort of the email she had received to eliminate from the pool for review any potentially attorney-client privileged or work product protected communications.  If the Court will allow, she will provide testimony for *in camera* inspection concerning the steps she took.  Mr. Helfer performed an electronic sort that removed email with those names from the pool to be reviewed.  (Barnard Dec. ¶ 19)

In mid-August, Plaintiff's counsel hired Linda Beal as a part-time temporary legal assistant (she has since become a permanent employee), to begin the review of the email in preparation for responding to IAC's RFP's.  She was instructed to skim the emails using a list of key words and phrases, people, and a list of issues in the case that had been prepared by Ms. Barnard.  She was instructed to skim the emails with the key words and issues in mind and to place any email she identified as potentially "relevant" in specially designated folders.  They also set up a folder structure to allow Ms. Beal to segregate any email that might be potentially privileged into a separate folder so that it could be isolated from the pool and not reviewed.  She followed this procedure during her review of the email, which she began on August 23, 2005, and completed on October 5, 2005, expending 134.5 hours in the process. (Beal Dec. ¶ 4; Barnard Dec. ¶ 23)

**Plaintiff's Response to Expedia's Motion to Disqualify       - 7**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Ms. Barnard met with Ms. Beal prior to her review and provided background about the case and discussed with her the need to not obtain or disclose any potentially privileged information.  (Barnard Dec. ¶ 22)  Ms. Beal did not read the contents or discuss the emails she placed in the potentially privileged folder with anyone.  (Beal Dec, ¶ 4)

In order to expedite the review of the email, Ms. Barnard's firm retained attorney Curt Chapman to assist in the review.  Ms. Barnard provided him background about the case, and they discussed the key word skimming methodology for the review.  Ms. Barnard instructed him to immediately stop reading anything that appeared on scanning to be potentially privileged or protected information and the need to avoid obtaining or disclosing any potentially privileged information.  She told him about the folder structure that would allow him to drag any potentially privileged information into a separate folder so that it could be isolated from the pool and not reviewed.  He followed this procedure during her review of the email, which he began on August 25 and competed on September 13, 2005, expending 21.5 hours in the process.  He did not read any email he placed in the potentially privileged folder and did not discuss those email with anyone.  (Barnard Dec. ¶ 24; Chapman Dec. ¶¶ 5, 6)

Following September 1, 2005, production of the approximately 4,200 Expedia email, Ms. Beal and Mr. Chapman continued to skim the email pool using the criteria given them, and taking precautions not to read anything marked privileged or that appeared to be privileged.  They completed the process of skimming the email at the end of September.  The handful of email they encountered marked privileged or raising any concern about potential privilege, remained unread and in a separate folder.  (Barnard Dec. ¶ 36; Beal Dec. ¶ 4 ; Chapman Dec. ¶ 6)

**Plaintiff's Response to Expedia's Motion to Disqualify        - 8**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

The result of the review using the criteria they were given, was roughly 1,200 - 1,500 email flagged as relevant.  Those email were made available to Ms. Bryan for substantive reading.  (Barnard Dec. ¶ 37; Bryan Dec. ¶ 4)  On September 28, 2005, Ms. Bryan began working through those email.  As she read them, she determined whether they should be put into a chronological fact summary using the Casemap software program.  All email summarized on the Casemap chronology were read by Ms. Bryan. The only copies of the Henry Casemap are now held by Blank and Associates.  (Barnard Dec. ¶ 38; Bryan Dec. ¶ 4)  The Casemap program does not hold documents.  There are no Expedia email or documents living in Casemap.  There are summaries of the contents of Expedia email and documents in Casemap.  (Barnard Dec. ¶ 38; Bryan Dec. ¶ 5)

The Expedia email that Ms. Barnard read directly are the roughly 30 or so email that Ms. Henry had forwarded to her individually (Ms. Barnard no longer has possession of these email, which are at Blank and Associates; therefore, she can't state the exact number) and a few of those email were placed on Casemap.

On Monday, October 31, 2005, Ms. Barnard read an email from Ms. Bryan that she had seen the subject line on an email from Mark Britton and was concerned that it could be a potentially privileged Expedia email.  She said she believed there had been other email referencing Mr. Britton that she had included in the Casemap chronology. Ms. Barnard discussed this with Mr. Helfer and they realized that they had the wrong spelling of Mr. Britton's name in the electronic sort (they had used "Briton").  Ms. Barnard spoke with Ms. Bryan and she performed a search of Casemap and found three entries in the chronology that referenced email that included Mr. Britton:  an email dated March 19, 2003, from Mark Britton to Executive Staff referencing Sarah Champion; an email dated August 21, 2003, from Erik Blachford referencing a reorganization; and an email dated November 5, 2003, from Simon Breakwell to the International Management

**Plaintiff's Response to Expedia's Motion to Disqualify        - 9**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Team regarding a reorganization, which was cc'd to Mr. Britton.  Ms Bryan located those entries on a printout of the Casemap chronology and Ms. Barnard instructed Ms. Bryan to delete those entries from Casemap.  The electronic version of Casemap and the printout containing references to the Britton emails were placed in the custody of Blank Law & Technology per agreement of the parties.  (Barnard Dec.¶ 56 ; Bryan Dec. ¶ 6; Helfer Dec. ¶ 4(d)).  Ms. Barnard also conferred with Mr. Helfer about removing the Britton email from the email pool.  He performed an electronic sort, removing those email and placed them on a computer disc along with the other "potentially privileged" email we had earlier segregated.  (Barnard Dec. ¶ 57; Helfer Dec. ¶ 4(f)(iv, v))

Ms. Henry notified Defendants of her possession of the computers and Expedia email and documents early in the litigation and well before any of the processing of contested documents described above happened.  The following is a summary of the parties' communications about the existence and processing of these Expedia documents:

- On May 5, 2005, before any discovery had started in a meeting to discuss the logistics of anticipated production of electronic documents by both parties, Ms. Henry's counsel's firm notified Defendants that she had a large amount of Expedia email on several computers.  (Second Helfer Dec. ¶ 6; Barnard Dec. ¶ 10)

- On June 22, Ms. Barnard again mentioned to defense counsel that they were preparing to review Ms. Henry's email.  (Barnard Dec. ¶ 12)

- On July 6, Ms. Henry's attorney Ms. Barnard told defense counsel that Ms. Henry had thousands of work email. (Barnard Dec. ¶ 16)

- On July 11, Ms. Henry also stated in her response to an interrogatory that she had "**email from her employment with IAC and Expedia." She also stated that she was planning to review that email in response to Defendants' discovery requests**. (Henry Dec. ¶ 42, Ex. C at 14, Exs. C at 4-13, Ex. D at 17; Barnard Dec. ¶ 17) (emphasis added)

- In mid July, Plaintiff's counsel's staff performed an electronic sort on the email to segregate potentially privileged email from the pool of email to be reviewed.  (Helfer Dec. ¶ 11, Ex. A; Barnard Dec ¶ 19, ¶ 44, Ex I).  No further review of the email

**Plaintiff's Response to Expedia's Motion to Disqualify      - 10**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

occurred before August 23, 2005.(Barnard Dec. ¶ 23-24; Beal Dec. ¶ 3; Chapman Dec. ¶ 6)[8]

- On August 2, 2005, Defendant IAC requested production of all Expedia documents, including email, in Plaintiff's possession and also specifically for all email in Ms. Henry's possession between herself and 12 of her co-workers. (Barnard Dec. ¶ 20, Ex. B at 9-11)

- On August 23, 2005, Plaintiff's attorneys began review of the Expedia email and documents, taking precautions to avoid obtaining any potentially privileged information. (Barnard Dec. ¶ 22-24; Beal Dec.¶ 3-4 ; Chapman Dec. ¶ 6)

- Between August 24 and 30, 2005, Ms. Henry's counsel again discussed the Expedia email orally and in writing with defense counsel. Ms. Barnard explained the sorting and reviewing that had just started concerning over 30,000 email, including the fact that Plaintiff had performed an electronic sort to isolate email that could be potentially privileged as to Expedia, to avoid reviewing them. Defense counsel did not demand an immediate halt to the review. (Barnard Dec. ¶ 25-31, Exs. C and D)

- On September 1, Ms. Henry produced approximately 4,200 Expedia email she had sent and received from Expedia employees using expedia.com email addresses on the Expedia intranet with a chart listing the employee communicants and identifying the computer source of the email. (Barnard Dec. ¶ 33, Ex. E; Beal Dec. ¶ 5)[9]

- On October 6 and 7, Ms. Barnard again explained the processing of the email and asked defense counsel what level of the sorting they desired in the production. Defense counsel agreed to another meeting to discuss the logistics of production. (Barnard Dec. ¶ 41-43, Exs. F-H)

- On October 11, Ms. Barnard sent defense counsel a chart summarizing the sorting that had earlier been described to them. The parties then discussed the logistics of the planned production. In that conversation Plaintiff's counsel again explained the extent of documents that would be produced and the sorting that had been done. (Barnard Dec. ¶ 44-46, Ex. I; Second Helfer Dec. ¶¶ 12, 13)

On October 13, 2005, *for the first time*, defense counsel objected to Plaintiffs'

possession of computers and email from her employment and asserted that her access to

the email and Expedia documents for purposes of this litigation was wrongful.  Mr.

---

[8]  When Plaintiff's counsel later discovered that the electronic sort had failed to segregate email with the name Britton in it, she immediately instructed Mr. Helfer to segregate those email.  Once segregated they were added to the "potentially privileged" group. **(Bryan Dec. ¶ 6; Barnard Dec. ¶ 57; Helfer Dec. ¶4(f) iv-v)**
[9]  The only review the produced email had been through was a key word review begun on August 23 conducted with precautions as to potentially privileged material, as described in the Beal and Chapman declarations.  There had been no substantive review of those email produced on September 1. (*See* Barnard Dec. ¶ 23, 38; Bryan Dec. ¶ 4.)

**Plaintiff's Response to Expedia's Motion to Disqualify    - 11**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Droke left Ms. Barnard a voice message stating, remarkably, that he had been "expecting a handful of Hotmail account-type documents and not nearly the volume that you had talked about [Ms. Henry] having …"[10]   He also said that, "I have checked to see if anybody knew she saved these types of things on her personal computer and I don't believe that there was anyone in the company who did know that.  She did turn in her laptop when she was put on leave of absence and this is the first I'd heard that she had such a volume of company-related data she had retained."  (Barnard Dec. ¶ 46, Ex. J)

Mr. Droke's statements were inconsistent with communications he and Ms. Baldwin had had with Ms. Barnard and inconsistent with the events surrounding Ms. Henry's leave of absence taken in January 2003.[11]  When Ms. Henry went on leave, with Expedia's blessing, she retained her computers, retained her access to Expedia's internet (except for the executive management alias), performed work during the initial portion of her leave using those tools and access, and later forwarded historical Expedia email to her

---

[10]   This statement, which Mr. Droke also made in a letter of the same date (Droke Dec. Ex. 1, p. 2nd paragraph), stands in complete contradiction to statements in the briefing and declarations in which defense counsel now contend that they always expected a large quantity of email, but expected that email although "work-related" would be found in a personal email account rather than in Ms. Henry's work email.  See e.g., Def. Mot. to Disqualify at 2:20-24; Droke Dec. at 2:2-7  Mr. Droke's "assumption" that Ms. Henry had turned in her computer when she went on leave is also not supported in the record by competent evidence. Ms. Dellplain, who earlier provided testimony in this litigation, would be the natural person with whom Mr. Droke would have checked.  However, she has not provided testimony to support his assumption or his statement to Ms. Barnard that Ms. Henry had turned in her computer when she went on leave.  Mr. Breakwell would also be the natural person to provide evidentiary support for Defendants not being aware that Ms. Henry retained email, but that was not provided either, possibly because Mr. Breakwell, Ms. Dellplain, and IAC Human Resource Vice President Karla Packer all knew that Ms. Henry retained her computer and intranet access and performed some work using them during her leave and that she retained access to her historical Expedia email after her leave began.  (Henry Dec,. ¶¶ 10-25, Ex. A)

[11]  In November 2003, Ms. Henry's supervisor, Simon Breakwell had removed Ms. Henry from her Vice President position.  Ms. Henry requested a six-month leave, which commenced January 6, 2004.  She was expected to begin a job search when she returned from leave.  (Henry Dec. ¶¶ 7, 8)  Expedia Human Resources Vice President Kathy Dellplain asked Ms. Henry to remove her name from the executive management alias, an Expedia distribution list used to send broadcast email to higher level executives.  Ms. Henry removed her name from that list.  No one at Expedia or IAC asked Ms. Henry to take any other action with regard to her computers or access to the corporate intranet.  (Henry Dec. ¶ 3, 9, 36)

**Plaintiff's Response to Expedia's Motion to Disqualify      - 12
Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

supervisor, and to the Human Resources Vice Presidents of both Expedia and IAC during her leave.  (Henry Dec. ¶¶ 15-25, Ex. A)[12]

When Defendants did ask Ms. Henry to return the computers, she did so by placing them in the hands of a neutral party, Blank and Associates, with access rights given to Defendants.[13]  In order to obtain judicial resolution going forward, she has removed all contested materials from her possession and from her attorneys' possession. She also authorized her attorneys to remove all work product referencing those documents from their possession.  These documents, paper or electronic, and the devices containing them are currently all in the custody of Blank and Associates.

## ARGUMENT

### I.   EVIDENTIARY ISSUES.

Plaintiff moves to strike the following portions of the Droke Declarations in Support of Motion for Disqualification and TRO:

| Page and Line Citation | Testimony | Basis to Strike |
| --- | --- | --- |
| **Motion for Disqualification** | | |
| 1:25-2:4 | | Lack of Foundation; hearsay |
| **Motion for TRO Dec** | | |

---

[12] Expedia specifically encouraged Ms. Henry to continue to check her Expedia email while on leave. (Henry Dec. ¶ 9)  Also during the initial period of her leave, Ms. Henry completed evaluations for her direct reports and completed compensation budgeting for her team, using her Expedia documents, and expedia.com email address and access to the corporate intranet.  (Henry Dec. ¶ 10)

[13]  Plaintiff's counsel acted to protect Ms. Henry's personal information and any privileged materials in turning these materials over to Blank.  Expedia's characterization of these actions as refusal to provide Expedia with access to the contested materials is simply not accurate.  Ms. Barnard offered to turn over segregated potentially privileged immediately, sought to provide all other email as well, suggested the demand that all copies be removed from her firm should be adjudicated, and sought agreement that a master be appointed; after failing to reach an agreement, placed all computers, copies of contested material and all work-product incorporating information from contested documents with Blank, although defense counsel attempted to place roadblocks to that effort.

**Plaintiff's Response to Expedia's Motion to Disqualify**     **- 13**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

| | | |
|---|---|---|
| 2:8-10 | | Hearsay; lack of foundation |
| 3:19-24 | | Hearsay |
| 4:8-15 | | Lack of Foundation; hearsay |

## II. EXPEDIA'S DELAY IN BRINGING THIS MOTION, ESPECIALLY WHERE NO TAINT ON THE JUDICIAL PROCESS HAS OCCURRED, SHOULD LEAD THE COURT TO DENY IT.

### A. Motions For Disqualification Should Not Be Used For Strategic Advantage And Must Be Viewed With Substantial Scrutiny. Among Other Factors To Consider Is The Movant's Delay In Seeking Disqualification.

Disqualification of counsel is a drastic remedy that exacts a harsh penalty from the parties as well as punishing counsel; it should be imposed only when absolutely necessary. *See*, e.g., *Matter of Firestorm 1991*, 129 Wn.2d 130, 140, 916 P.2d 411 (1996), *recon. den.* (1996)(disqualification not proper remedy for counsel's breach of CR 26(b)(5), citing *MMR/Wallace Power & Indus., Inc. v. Thames Assocs.*, 764 F.Supp. 712, 718 (D.Conn.1991)) A mistaken ruling disqualifying counsel imposes financial hardship on both the disqualified lawyer and the client. *Id.* at 436. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436, 105 S.Ct. 2757, 2764, 86 L.Ed.2d 340 (1985) Thus, motions to disqualify counsel are strongly disfavored. *See, e.g., Visa U.S.A., Inc. v. First Data Corp.*, 241 F.Supp.2d 1100, 1104 (N.D.Cal.2003) (incorporating California state law standards for disqualification).

Trial court decisions regarding disqualification are reviewed for abuse of discretion, which must be guided by "concern about 'tactical use of disqualification motions' to harass opposing counsel." *Richardson-Merrell, Inc.*, 472 U.S. at 436, 105 S.Ct. at 2764.[14]   Because of the potential for abuse as a litigation strategy,

---

[14] The Brennan Concurrence said it well (*id.* at 441): "...the tactical use of attorney-misconduct disqualification motions is a deeply disturbing phenomenon in modern civil litigation." In *Fred Weber, Inc. v. Shell Oil Co*., 566 F.2d 602, 609 (8th Cir.1977), the Eighth Circuit (quoting from *Woods v. Covington County Bank*, 537 F.2d 804, 813 (5th Cir.1976)), similarly cautioned that: "It does not follow, however, that an attorney's conduct must be governed by

**Plaintiff's Response to Expedia's Motion to Disqualify   - 14**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

disqualification motions are disfavored and "should be subjected to 'particularly strict judicial scrutiny.' "*Optyl Eyewear Fashion Int'l Corp. v. Style Cos*., 760 F.2d 1045, 1050 (9th Cir.1985) (quoting *Rice v. Baron*, 456 F.Supp. 1361, 1370 (S.D.N.Y.1978)). [15]

To prevent the use of a motion to disqualify counsel as a strategic device, the court must also consider the timing of the motion. *See, e.g., First Small Bus. Inv. Co. of California v. Intercapital Corp. of Oregon,* 108 Wn.2d 324, 738 P.2d 263, 270 (1987)(favorably citing *Cent. Milk Producers Co-op. v. Sentry Food Stores, Inc*., 573 F.2d 988, 992 (8th Cir.1978)). A motion to disqualify should be made with reasonable promptness after a party discovers the facts which lead to the motion: "This court will not allow a litigant to delay filing a motion to disqualify in order to use the motion later as a tool to deprive his opponent of counsel of his choice after substantial preparation of a case has been completed." *Id*.[16] In determining whether the movant has waived its right to object to the opposing party's choice of counsel, the court must consider: "'(1) the length of the delay in bringing the motion to disqualify; (2) when the movant learned of the conflict; (3) whether the movant was represented by counsel during the delay; (4) why the delay occurred; and (5) whether disqualification would result in prejudice to the

---

[15] A motions to disqualify counsel is not an arrow normally in the quiver of a litigant. A motion for disqualification of counsel is a drastic measure which courts should hesitate to impose except when of absolute necessity. *Schiessle v. Stephens*, 717 F.2d 417 (7th Cir.1983).

standards which can be imputed only to the most cynical members of the public. Inasmuch as attorneys now commonly use disqualification motions for purely strategic purposes, such an extreme approach would often unfairly deny a litigant the counsel of his choosing. Indeed, the more frequently a litigant is delayed or otherwise disadvantaged by the unnecessary disqualification of his lawyer under the appearance of impropriety doctrine, the greater the likelihood of public suspicion of both the bar and the judiciary ... Consequently, while Canon 9 does imply that there need be no proof of actual wrongdoing, we conclude that there must be at least a reasonable possibility that some specifically identifiable impropriety did in fact occur.

[16] Here, Expedia knew that Ms. Henry retained her computers and intranet access for work when she went on leave. If defense counsel was unaware of this fact, that ignorance was cured in May 2005, well before Plaintiff's counsel took the actions now asserted as grounds for disqualification and five months before the motion was filed.

---

**Plaintiff's Response to Expedia's Motion to Disqualify**     **- 15**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

non-moving party.'"  *See, e.g., Geissal v. Moore Med. Corp*., 92 F.Supp.2d 945, 946 (E.D.Mo. 2000).

> **B.** **Here, Had Expedia's Counsel Acted In A Timely Manner, It Could Have Prevented The Actions Now Forming The Basis For The Motion.  The Motion Has Been Made For Strategic Advantage Rather Than Because Of A Real Taint On The Judicial Process.  Therefore, This Court Should Deny The Motion.**

Expedia was represented by counsel at the time of Ms. Henry's termination and since.  Expedia knew at the time of termination that, as a former vice-president, she had extensive access to the contested materials.  Expedia's counsel knew at a minimum since May that she had retained Expedia-based email and computers used for work.  After counsel's initial disclosure of Ms. Henry's possession of the contested materials, she and her counsel continued to acknowledge that possession, both in conversation and in written response to discovery.  Despite this, defense counsel did not protest, but rather remained silent, while Plaintiff's counsel prepared to review the email and prepare it for production in discovery.  Expedia's counsel could have prevented the actions they now contend are the basis for disqualification (and, notably, also asserted as a basis of an after-acquired defense) by a simple objection after any of the discussions between May and mid-July where the email and computers were discussed.  In the meantime, Plaintiff and her counsel have engaged in extensive discovery and motions practice. Disqualification now would substantially delay her prosecution of her claim.  Given this record, and the lack of any claim that Plaintiff's counsel has gained any privileged information pertaining to this suit, the motion should be denied.

**III.    DISQUALIFICATION IS NOT APPROPRIATE HERE, WHERE PLAINTIFF'S COUNSEL MAINTAINED HER CLIENT'S CONFIDENCES WHICH WERE PERTINENT TO EFFECTIVE REPRESENTATION**

> **A.** **Attorneys' Duties Of Confidentiality Are Driven By A Public Policy Of Having Full Disclosure From A Client Without Fear The Information Will Be Used Against The Client.**

**Plaintiff's Response to Expedia's Motion to Disqualify     - 16**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

When the contested issues arose, Plaintiff was proceeding in state court, and thus, analysis of state law regarding ethical obligations, including communications with former employees, is pertinent to the Court's consideration of the alleged ethical basis for disqualification.  It was proper for Plaintiff's counsel to communicate with her client, a former Expedia employee, to obtain information from her, with appropriate, prudent and good faith precautions taken to prevent disclosure of potentially privileged communications.

1. **Nature of Relationship and Obligations of Counsel to Client.**

Expedia now complains that Plaintiff maintained contested documents post her termination, and apparently claim that this fact should have been disclosed by her counsel to Defendants separate from any duty to comply with the discovery process.  This is clearly wrong.  "An attorney may not be examined as to any communication made by the client to her, or her advice given thereon in the course of professional employment, without the consent of the client." RCW 5.60.060; *State v. Webbe*  122 Wn.App. 683, 94 P.3d 994 (2004).

Lawyers are obligated to protect client confidences and "secrets" and are prohibited from disclosing such information.  *See, e.g.,* RPC Terminology[17] and RPC 1.6, *prohibiting* disclosures of such information.  *See, e.g., In re Disciplinary Proceeding Against Schafer***,** 149 Wn.2d 148, 66 P.3d 1036 (2003)*; see also, Seventh Elect Church in Israel v. Rogers* 102 Wn.2d 527, 688 P.2d 506 (1984)(the rule of confidentiality …is considerably broader than statutory attorney-client privilege. )  Even if well motivated, unless an exception applies, it is unethical for a lawyer to disclose a confidence, secret or

---

[17] ""Confidence" refers to information protected by the attorney-client privilege under applicable law, and "secret" refers to other information gained in the professional relationship that the client has requested be held inviolate or the disclosure of which would be embarrassing or would be likely to be detrimental to the client."  The exceptions to RPC 1.6 are extremely narrow and not applicable here.

**Plaintiff's Response to Expedia's Motion to Disqualify        - 17**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

right of the client.    *See, e.g., Schafer*, 149 Wn.2d 148 (citing learned authorities discussing rationale for maintaining confidentiality.)   The purpose of the privilege is to promote useful relationship between client and attorney by permitting complete disclosure without fear that disclosed information will be used against a client, *State v. Aquino-Cervantes* (1997) 88 Wn.App. 699, 945 P.2d 767, review denied 135 Wn.2d 1002, 959 P.2d 127, and to encourage clients to make full disclosure to an attorney so the attorney is able to render effective legal assistance. *R.A. Hanson Co., Inc. v. Magnuson* (1995) 79 Wash.App. 497, 903 P.2d 496, review denied 129 Wn.2d 1010, 917 P.2d 130); *see, also,* citations in *In re Schafer*, *supra*.

> **2.    Washington Law Allows Communications With Former Employees Of Opposing Party, With Safeguards To Protect Against The Disclosure Of Privileged Information; That Principle Also Applies To Plaintiff's Counsel's Communications With Her.**

Washington law allows communications with former employees, with appropriate precautions.[18]  In *Wright by Wright v. Group Health Hosp.* 103 Wn.2d 192, 691 P.2d 564 (1984), the Washington Supreme Court held that an adverse party's attorney may communicate with corporate employees and former corporate employees who are fact witnesses, without the consent of the corporate attorney and without the corporate attorney's presence, where the attorney does not seek to discover privileged communications, but rather, seeks to discover facts incident to an alleged claim.  The court explained, "[I]t is not the purpose of the rule [against *ex-parte* contact] to protect a

---

[18] Washington's *ex-parte* contact rule, RPC 4.2 states:  "In representing a client, a lawyer shall not communicate about the subject of the representation with a *party* the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so."  *See, also,* RPC 4.4 RESPECT FOR RIGHTS OF THIRD PERSON:  In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

**Plaintiff's Response to Expedia's Motion to Disqualify       - 18**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

corporate party from the revelation of prejudicial facts."[19] *Id.*, at 200.   By logical extension, counsel who implement mechanisms to guard against discovery of potentially privileged communications with clients bringing claims against former employers are not acting contrary to Washington's ethical constraints.

> **3.      Persuasive Authority Holds That It Is Not Improper To Disclose Documents, No Matter How Obtained, To Counsel.**

While no Washington case seems to have squarely addressed this issue, other jurisdictions hold that it is fully proper for a client to disclose all information to her counsel, regardless of the source of that information.   Courts have repeatedly concluded that a party cannot *improperly* disclose confidential information to one's own counsel in the prosecution of one's own lawsuit.[20]   Baring discussions of an adversary's information known to the client would defeat the purpose of attorney-client confidentiality, which is to promote full and open discussions between attorney and client in order to provide effective representation.

In several California cases illustrating this point, an attorney's client had formerly worked for the moving party, and was the attorney's source of attorney-client privileged information relating to the litigation.   In those cases, the courts refused to disqualify the

---

[19] *Wright* has been followed by other courts within the 9th Circuit, including those who reject related ABA commentary.   *See, e.g., Palmer v. Pioneer Inn Associates, Ltd.,* 59 P.3d 1237 (Nev. 2002), aff'd, 338 F.3d 981 (9th Cir. 2003)(rejecting broader rule set forth in ABA comment and following Washington state rule; Nevada no-contact rule applies only to those employees who have legal authority to bind the corporation in an evidentiary sense.) *See also, e,g., Jenkins v. Wal-Mart Stores, Inc.,* 956 F. Supp. 695 (W.D. La. 1997) (counsel may interview former employee of opposing party so long as they do not discuss information protected by the attorney-client privilege); *Stephens, Inc. v. Innovex, Inc.,* 172 F. Supp.2d 1190 (D. Minn. 2001) (plaintiff's attorney did not violate ex parte contacts rule by contacting unrepresented former executive of corporate defendant, where attorney at no point solicited any privileged information and no privileged information was related); *Davis v. Washington County Open Door Home,* 2000 WL 1457004 (S.D. Ohio, 2000) (contact with former employee of defendant permissible where attorney obtained employee's consent to interview and informed employee that he should not divulge any communications he may have had with defendants' counsel).

[20] Here, of course, Ms. Henry did not disclose privileged information pertinent to her claim to her counsel, and her counsel took steps to prevent obtaining privileged information of any kind.

**Plaintiff's Response to Expedia's Motion to Disqualify        - 19**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

attorney.  These opinions rested on the principles that clients do not act inappropriately in providing information to their own attorney (however it may have been obtained originally), and that the disqualification remedy must be prophylactic rather than only punitive.  *See, e.g., Bell v. 20th Century Ins. Co.*, *Bell v. 20th Century Ins. Co.* 212 Cal.App.3d 194, 196-198 (1989).  There, the employer moved to disqualify plaintiff's counsel on ground that attorney could use confidential information obtained by plaintiff during her employment with defendant.  The court denied the motion, stating: "We fail to see how Ms. Bell could have improperly disclosed information to her own counsel in the prosecution of her own lawsuit …." The court stated that representation neither appeared improper nor did it improperly prejudice plaintiff's former employer and noted that, even assuming plaintiff could have improperly disclosed such information, disqualification would not remedy the situation).[21]

Other jurisdictions, such as Utah, follow the same approach.  *See, e.g.*, *Spratley v. State Farm Mut. Auto. Ins. Co.*, 78 P.3d 603, 2003 UT 39 (2003), rehearing denied (2003)(Spratley and Pearce must be able to seek advice of counsel to prosecute their claim against State Farm.  If chosen counsel could be disqualified because of disclosures made by plaintiffs for purpose of legal advice and representation, ability to retain counsel in such matters would be illusory.)[22]

---

[21] *See, also, Neal*, 100 Cal.App.4th 831, 841, 843-44, 123 Cal.Rptr.2d 202, 02 (2002); *Fox Searchlight Pictures, Inc. v. Paladino* 89 Cal.App.4th 294, 298-299, 302-303(2001)(trial court properly denied the plaintiff's disqualification motion because the former in-house counsel was entitled to disclose to her own attorney all facts relevant to the termination including employer confidences and privileged communications); *Maruman Integrated Circuits, Inc. v. Consortium Co.*, 166 Cal.App.3d 443, 446, 212 Cal.Rptr. 497 (1985)(<u>affirmed order refusing to disqualify defendant's law firm on the basis that plaintiff's employee had disclosed confidential information;</u> the former employee testified that while working for plaintiff she spoke with the defendant's law firm two or three times re information she received during conversations with plaintiff's lawyers. She further testified that she delivered to defendant's law firm two letters written by her former employer, the plaintiff.)

[22] Similarly, where the confidential information in gained *ex-parte* in the discovery process, disqualification is generally not the appropriate remedy *See, e.g., Matter of Firestorm 1991*, 129 Wash.2d

---

**Plaintiff's Response to Expedia's Motion to Disqualify    - 20**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

**IV.   AS DEMONSTRATED ABOVE, WASHINGTON LAW APPLIES AND DOES NOT SUPPORT DISQUALIFICATION.   THEREFORE, EXPEDIA'S RELIANCE ON THE *RICHARDS* FACTORS IS MISPLACED.   HOWEVER, SHOULD THE COURT APPLY THOSE FACTORS, DISQUALIFICATION IS NOT WARRANTED BECAUSE PLAINTIFF'S COUNSEL ACTED WITH PRECAUTION AND DID NOT BECOME AWARE OF PRIVILEGED INFORMATION.**

Defendants rely nearly exclusively on the egregious fact-specific holding in *Richards v. Jain*, 168 F.Supp.2d 1195 (W.D. Wash 2001).   In *Richards,* the court relied on the ABA Comm. on Ethics and Professional Responsibility, Formal Op. 94-382, as the ethical predicate for its analysis and conclusion that Plaintiff's counsel should be disqualified.   There, the court, after applying a series of evaluative factors, disqualified counsel for his "reckless' conduct.   The ABA Opinion states in pertinent part (emphasis added):

> When an attorney receives, unauthorized, an adverse party's materials, once the attorney becomes aware of the privileged or confidential nature of the materials, the **attorney must refrain from viewing such materials. The attorney can, however, review the materials to the extent necessary to determine the manner in which to proceed. The attorney should either notify opposing counsel, and follow such counsel's instructions regarding the disposition of the material,** or should completely refrain from using the materials until a court makes a determination as to their proper disposition. (emphasis added) [23]

*Richards* adopted a series of factors for consideration from *In re Meador*, 968 S.W.2d 346, 41 Tex. Sup. Ct. J. 673 (1998).[24]   Those factors are analyzed below as they apply here and their application shows that disqualification is not warranted.   However, this Court should not apply the *Richards* analysis without first determining the effect on the *Richards* analysis of Washington law.

---

130, 916 P.2d 411 (1996), recon. den. (1996).  (counsel's interview of another party's expert in violation of CR 26. not basis for disqualification)

[23] Here Defendants' Counsel were long aware of the fact of Plaintiff's possession of these contested documents, and her intentions to evaluate documents in Plaintiff's possession for discovery response but gave Plaintiff's counsel no instructions. Plaintiff's counsel nevertheless acted to avoid disclosure of privileged information.  When Defendants' did relate their concern, Plaintiff suggested judicial intervention through a discovery motion.

[24] As noted, *infra,* the *Meador* court denied the disqualification request.

**Plaintiff's Response to Expedia's Motion to Disqualify        - 21**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

A.     **The Court Should Deny The Motion For Disqualification As Untimely, And Lacking Substantive Merit.   There Has Been No Ethical Violation By Plaintiff's Counsel, And Disqualification Is Not Appropriate For Discovery Related Issues.**

1.     **Defendant Impermissibly Delayed Seeking Disqualification.**

If Expedia did not earlier know about Ms. Henry's possession of her computers and Expedia documents, it was put on notice by Plaintiff, at least as of May.  Plaintiff's counsel discussed the planned production of the email and other documents (and actually produced over 4,000 Expedia email) over the course of five months before Defense counsel objected.  Plaintiff herself gave written notice to Defendants as well prior to her counsel's segregation of the "potentially privileged" email and the beginning of review of the remaining email.  This delay alone is a basis for denying the motion.  *E.g., Matter of Firestorm 1991*, *supra,* 129 Wn.2d 130;   *Geissal*, 92 F.Supp.2d at 946 and Section II, above.

2.     **No Ethical Cannons Or Standards Were Violated;  No Discovery Issue Gives Rise To Disqualification.**

a.     **Plaintiff's counsel was in compliance with Washington ethical standards.**

The conduct which Defendants now contest occurred while Plaintiff was before a state tribunal.  RPC 1.6 and RCW 5.60.060 prohibit any counsel, who may have known of a client's retention of documents post-termination, from disclosing the client's possession of such documents.  *See, e.g., Schafer, supra.*  No ethical violation is present.

Plaintiff's counsel was in compliance with the relevant RPC's and Civil Rules regarding discovery, as well as common law authorizing disclosure of documents by clients to their counsel.  *See, supra, e.g., Wright, Palmer,* and the California line of cases cited in Section II.A.2.  Because the *Wright*, *Palmer* and California line of cases establish a right to clients to provide documents in their possession to their counsel, RCP 4.4 (obtaining evidence improperly) is not implicated here.  RPC 4.2 (improper contact with

**Plaintiff's Response to Expedia's Motion to Disqualify        - 22**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

a represented party) is not applicable, especially where the claim of privilege is not as to strategy or defenses in this matter, and where Plaintiff's counsel screened for other potentially privileged materials. *See, e.g., Wright, supra.*

The ethical duty regarding disclosure relied upon in *Richards* is ABA Comm. on Ethics and Professional Responsibility, Formal Op. 94-382, and not a Washington RPC. *Richards* at 1200. The Opinion is the threshold of the *Richards* court's conclusion regarding the propriety of document review.[25] No Washington decision has been found that refers to that Opinion.[26] No formal WSBA has been found that prohibits the mechanism used by Plaintiff's counsel, or that counsels a contrary methodology.[27]

        **b.** **The *Firestorm* CR 26 discovery standard does not support disqualification.**

Although it is not, Defendants wish to characterize this as an ethical violation, and make no claim of a CR 26 violation regarding privileged matters. There is no allegation that Plaintiff or her counsel had any access to Expedia privileged or work product materials relating to her claims and their defenses in this action. Plaintiff's counsel screened[28] for potentially privileged materials, even though such materials were not related to the parties' claims defenses and strategies in this case.

---

[25] *Richards* also relied on RPC 5.3(c) regarding an attorney's duties to supervise non-lawyer staff. Here, unlike *Richards*, Plaintiff's counsel instructed staff to specifically be alert to avoiding review of privileged materials. Even after performing an electronic screen to preclude review of potentially privileged documents, Plaintiff's firm implemented a procedure to effectively avoid substantive review of any bannered privileged documents. *See* Barnard, Beal, Bryan, Chapman, Helfer Declarations, *in passim.*

[26] While citing positively to them at times, at least at other times, the Washington Supreme Court has noted that it declined to adopt certain provisions of ABA Model Ethical Codes. *See, e.g., In re Disciplinary Proceeding Against Lopez,* 153 Wash.2d 570, 106 P.3d 221 (2005)(noted in Owens Dissent). While the Committee's opinions are often cited as persuasive authority by state disciplinary bodies, the opinions do not bind those bodies. See, e.g., ABA INFORMAL OP. 1420 (1978) ("Enforcement of legal ethics and disciplinary procedures are local matters securely within the jurisdictional prerogative of each state and the District of Columbia.").

[27] *See,* http://www.wsba.org/lawyers/ethics/formalopinions/default1.htm.

[28] Although a few documents overcame this screening, they were not substantively reviewed. It remains unclear as to whether those documents are truly "privileged". Any appropriate remedy here is well

**Plaintiff's Response to Expedia's Motion to Disqualify**    **- 23**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Under these circumstances, a better analysis is under CR 26, and disqualification is not an appropriate exercise of discretion.  *See, e.g., Matter of Firestorm 1991*, *supra*, 129 Wash.2d 130.  The court in *Firestorm* rejected a motion to disqualify, even when plaintiff's counsel interviewed defendant's expert in violation of CR 26.  The Court engaged in an analysis of the significance of the matter, the extent of the violation, and whether other remedies were available other than the drastic remedy of disqualification.

Consideration of the *Firestorm* analysis applied to these facts leads to a conclusion that disqualification is not merited.  Here, Plaintiff did not have access to any privileged, work product or strategy of Defendants relating to her claims.  It is not yet known whether any of the few documents that overcame the screening process are, in fact, "privileged" (as opposed to potentially privileged) materials relating to a different Expedia matter.  Evaluation of that must occur in order for the Court to determine that any sanction, let alone disqualification, is appropriate under the facts of this case.  The Court should be guided by *Firestorm*, and the other authority cited above regarding the propriety of Plaintiff's counsel's sensitivity to, diligence about and exercise of caution.

        **c.**       **Application of *Richards* does not support disqualification under these circumstances.**

Even if the ABA Opinion relied upon by *Richards* and Defendants were the operative standard before or after removal, Plaintiff's counsel was in substantial compliance with the norms suggested in that Opinion. Plaintiff's counsel has complied with the heart and spirit of the ABA Opinion (even though not a binding ethical precept in the state court proceedings).  Plaintiff's counsels' conduct demonstrates that they engaged in respect for, and not impingement on, the integrity of the judicial and adversarial process.

---

addressed to provide such documents for *in camera* review, and a determination of the content of the documents, versus the undefined prejudice claimed by Defendants.

**Plaintiff's Response to Expedia's Motion to Disqualify**    **- 24**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Counsel acted at least as a reasonably diligent lawyer (*Richards* at 1202: "A reasonably diligent attorney would have *at the very least* inquired, prior to requesting the Disk, if Richards was privy to privileged information or if Richards had exchanged e-mails with counsel.")  Plaintiff's counsel screened for potentially privileged materials, refrained from substantively viewing potentially privileged materials and notified Defendants of the existence of the documents.  And, critically, none of the contested materials relate to Defendant's privilege, strategy or defenses in this matter.

Application of the *Richards'* factors demonstrates that disqualification is not warranted, as *Richards* is materially distinguishable from the instant case in key regards.  Those factors are:

> (1) whether the attorney knew or should have known that the material was privileged;
>
> (2) the promptness with which the attorney notifies the opposing side that he or she has received its privileged information;
>
> (3) the extent to which the attorney reviews and digests the privileged information;
>
> (4) the significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice;
>
> (5) the extent to which movant may be at fault for the unauthorized disclosure;
>
> (6) the extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney.

*Richards*, 168 F.Supp.2d at 1205.

No privileged materials relating to Plaintiff's claims against Defendants have ever been in Plaintiff's possession.  Defense counsel here was on notice of the documents and Plaintiff's plans regarding production and at least tacitly approved of it.  Defendants point to no relationship between the claimed privileged or confidential materials that were in Plaintiff's possession, and her prosecution or their defense of this case.   Plaintiff's

**Plaintiff's Response to Expedia's Motion to Disqualify      - 25**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

counsel took measured and prudent steps to avoid inadvertent disclosure to themselves of Expedia's alleged privileged materials; did not engage in substantive review of them, and effectively instructed staff on screening and other prophylactic measures.  Dissimilarly, Richards' law firm was not instructed to segregate and not review potentially attorney client privileged materials.  Ms. Henry's counsel's staff was so instructed.  The paralegal staff in *Richards* did not stop review when they came across materials that could be privileged.  Here, they did.

   **i.**  **Whether the attorney knew or should have known that the material was privileged.**

  In consideration of her claims, Plaintiff communicated with her counsel, and provided information but took care not to communicate privileged information. Plaintiff's counsel took pains to screen and shield from review even materials that could potentially be considered privileged by segregating from review communications from persons who could potentially be communicating privileged information.  But for a spelling error, that system was trustworthy.  The instructions to paralegal staff served as the proper backup safety valve.  The email segregated as potentially privileged was not substantively reviewed, even to determine whether it was actually privileged.   That determination Plaintiff's counsel intended to leave to Defense counsel after production

   **ii.**  **The promptness with which the attorney notifies the opposing side that he or she has received its privileged information.**

  Defense counsel long knew of Ms. Henry's possession of the email.  Plaintiff's counsel did not actually receive the computers and the email for review in late June, and although the computers hard drives were imaged, no review began at that time.  In mid-July, Plaintiff's counsel's staff ran the electronic sort to segregate potentially privileged email, but did not review them to determine if they were privileged.  In August, when Plaintiff's firm began to review the remaining documents, Plaintiff's counsel informed

**Plaintiff's Response to Expedia's Motion to Disqualify**  **- 26**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

defense counsel that the review had begun and specifically that a process to remove potentially privileged email from review had occurred.  She explained that the upcoming production could occur on any level that Defendants desired.  She assured defense counsel that she would tender unreviewed the segregated potentially privileged materials.

### iii.   The extent to which the attorney reviews and digests the privileged information.

In complete contrast to the facts here, in *Richards,* the offending law firm substantively reviewed at least nearly 1,000 privileged (and relevant) documents.  The *Richards* court noted that the firm had access to both relevant and privileged documents; reviewed documents with clear privilege labels; "relevant" privileged documents were printed for substantive review by lawyers; during review, the firm gained knowledge of privileged information directly related to the claims asserted; and that *in camera* examination of the submitted emails demonstrated that the privileged communications were relevant to the factual predicate of Plaintiff's claims.

In contrast, here, Plaintiff was not in possession of any potentially privileged materials as to Defendants' defense of her claims or related strategy.  Even for unrelated potentially privileged matters, there was no meaningful review of the potentially privileged documents, which were subject only to key word-review, with a screening mechanism to avoid privileged information,[29] before Ms. Bryan's substantive review began.[30]   Expedia has not shown that Plaintiff's counsel learned any privileged information at all. [31]

---

[29] By analogy, reference to the RPC's also suggests that, in a different context, implementation of an effected screening mechanism defeats disqualification.   Washington has adopted an imputed disqualification rule which explicitly permits screening of various conflicts to avoid imputed disqualification. The text of Washington's rule does not prohibit, and in certain situations appears to approve of, a screening mechanism that is implemented after employment begins. RPC 1.10(b)(3).

[30]   The Casemap fact chronology prepared by Ms. Bryan demonstrates which email received substantive review.  (Barnard Dec. ¶ 56; Bryan Dec. ¶ 5-6).  *In camera* inspection of that chronology will demonstrate that no privileged information was obtained by Plaintiff's counsel.  Plaintiff strongly urges the Court to

---

**Plaintiff's Response to Expedia's Motion to Disqualify        - 27**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

       **d.**    **The significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice.**

Cases in which disqualification was found warranted involved situations in which the disclosed information was likely to prejudice prosecution or defense of that litigation (*e.g., Richards*). In contrast, disqualification is not warranted where no such prejudice is likely (*e.g., In re Meador, supra,* 968 S.W.2d 346, 352 ("…we have located no specific information--and CLN points to none--which is likely to significantly prejudice CLN's claims or defenses.")

In stark contrast to *Richards*, here the "potentially privileged" information is not related to this matter. Droke Sealed Dec. The documents that are referenced in that Declaration do not relate to the substance of Plaintiff's dispute with Defendants.[32] One

---

appoint a Magistrate Judge or special master to obtain any further pertinent information other than what has been provided by the declarations submitted herein. *See* Plaintiff's Motion to Quash, or in Alternative for Protective Order.

[31] The Courts have "broad fact finding authority" in order to properly evaluate such a motion. However, because disqualification motions are often tactically motivated; they tend to derail the efficient progress of litigation. The moving party, therefore, carries a heavy burden and must satisfy a high standard of proof. *Evans v. Artek Systems Corp.,* 715 F.2d 788, 791 (2nd Cir.1983). Here, Expedia has not shown that any privileged information was even skimmed let alone substantively reviewed. Mr. Droke's sealed declaration is not adequate to that task. Should the court believe further inquiry is necessary, *in camera* review of the email claimed to be privileged and the email reviewed by Ms. Bryan and Ms. Barnard would be appropriate.

[32] A substantial relationship is found "when the evidence before the trial court supports a rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues. *Jessen v. Hartford Casualty Ins. Co.,* 111 Cal.App.4th 698, 712-13, 3 Cal.Rptr.3d 877 (2003) (citations omitted); *see, also, Chronometrics, Inc. v. Sysgen, Inc.,* 110 Cal.App.3d 597, 168 Cal.Rptr. 196 (1980)(emphasis added):

Since the purpose of a disqualification order must be prophylactic, not punitive, the significant question is whether there exists a genuine likelihood that the status or misconduct of the attorney in question will affect the outcome of the proceedings before the court. Thus, disqualification is proper where, as a result of a prior representation or through improper means, there is a reasonable probability counsel has obtained information the court believes would likely be used advantageously against an adverse party during the course of the litigation. …Disqualification is inappropriate, however, simply to punish a dereliction that will likely have no substantial continuing effect on future judicial proceedings.

---

**Plaintiff's Response to Expedia's Motion to Disqualify**    **- 28**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

tool in confirming this is Defendants' privilege log regarding their communications surrounding Ms. Henry's separation and potential claims.[33]   That log extends from her complaint of discrimination in July 2004, to the date of termination in October 2004 of Ms. Henry's employment.  This time period is well beyond her access to Expedia email or other documents, which ended in early March, 2004.  Ms. Henry is not identified as an author or recipient of any of those claimed privileged documents.[34]

### e.    The extent to which movant may be at fault for the unauthorized disclosure.

Expedia knew that Ms. Henry retained her computers and email access when she went on leave.   Expedia did not request the return of the computers or Expedia documents after it terminated her employment.  Plaintiff's counsel apprised Defendants' counsel that Ms. Henry had retained Expedia email in May 2005 and discussed production of those emails with defense counsel over the course of the next five months. Expedia's earlier lack of concern about the contested materials stands is sharp contrast to the extreme concern it expresses now, after Ms. Henry's counsel has processed the email for production.[35]   By raising its concerns earlier, Expedia could have prevented any disclosure to counsel it now claims was of privileged information.

---

*See also, State v. Hunsaker,* 74 Wn.App. 38, 44, 873 P.2d 540 (1994) (To determine under RPC 1.9 whether the two representations are substantially related, we must: (1) reconstruct the scope of the facts of the former representation; (2) assume the lawyer obtained confidential information from the client about all these facts; and (3) determine whether any former factual matter is sufficiently similar to a current one that the lawyer could use the confidential information to the client's detriment.)

[33] This privilege log was produced with IAC's responses to Plaintiff's first RFP's and includes assertions of privilege by both IAC and Expedia.  **See Barnard Dec. ¶ 72, Ex. Q.**

[34] All the documents skimmed after the sort for potentially privileged are available for *in camera* review, as well as a separate disk containing the potentially privileged documents that were not reviewed in any fashion, as well as the Britton email that was skimmed, as well as the pool designated in the skimming review as relevant for Ms. Bryan's review.  One can tell from Casemap, which emails actually were read. An *in camera* inspection gives a complete and accurate picture of what email received what level of review.

[35]  Defendants requested through discovery all of documents related in any way to her employment with them; therefore, the contested materials are indisputably within the scope of proper discovery in this matter. A fair resolution of this dispute, one which Plaintiff's counsel had hoped to place before the Court through

**Plaintiff's Response to Expedia's Motion to Disqualify        - 29
Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

**f.    The extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney.**

Plaintiff engaged counsel of her choice.  She and her counsel have engaged in a significant amount of discovery and work moving her case forward.  Disqualification would deprive Ms. Henry of her counsel of choice, delay the case schedule, and provide Defendants with a strategic advantage where non is justified, as no taint on the judicial process has occurred.  *See U.S. v. Stewart,* 294 F.Supp.2d 490, 495 (S.D.N.Y. 2003)(denying partial disqualification request in part because of delay in notifying Stewart's counsel and distinguishing *Richards* based on the lack of extensive substantive review of privileged documents by offending firm and denying partial disqualification request.)

**V.    THERE IS NO NEED TO ISSUE AN ORDER TO SHOW CAUSE WHY A PRILIMINARY INJUNCTION SHOULD NOT ISSUE**

In addition to seeking disqualification of Plaintiff's counsel, Expedia asks the Court to order a show cause hearing in which they seek, inter alia, that Plaintiff's counsel be prohibited from use of the non-potentially privileged documents they received from Plaintiff, Because Expedia has not shown Plaintiff's counsel engaged in any improper conduct, none of the "remedial" relief requested by Expedia is warranted.  This is even more true where Expedia would have had to produce the documents in discovery.  There is no merit in this approach.  Moreover, requiring Plaintiff's counsel to turn over the documents would only create unnecessary work for all concerned, since Plaintiff would be entitled to seek production of the documents to the extent the information is relevant to this action.

---

a discovery motion, would be to have Expedia counsel perform a privilege review of the Expedia documents, assert privileges that apply and the remaining documents be made available to both parties for purposes of this litigation.  *See e.g., Pillsbury, Madison & Sutro v. Schectman*, 55 Cal.App.4th 1279, 64 Cal.Rptr.2d 698 (1997); *Conn v. Superior Court*, 196 Cal.App.3d 774, 242 Cal.Rptr. 148 (1987).

**Plaintiff's Response to Expedia's Motion to Disqualify     - 30**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

Expedia moves this court for an order to show cause why a preliminary injunction should not issue requiring Ms. Henry and her attorneys to relinquish and return all copies of all documents and email messages it claims were unlawfully taken by Ms. Henry while she was employed by Expedia.  In addition, Expedia seeks an order requiring Ms. Henry and her attorneys to provide them with all summaries, indices, and all documents that refer to or were derived from the documents allegedly illegally taken from Expedia and to provide it with access to all computers and other storage devices on which these documents were stored.   Since Ms. Henry and her attorneys have already taken appropriate measures to preserve and protect the documents sought by Expedia, relief by way of a temporary restraining order is unnecessary.

A plaintiff that delays seeking enforcement of a right is conceding the absence of any need for drastic, speedy action.  *Citibank, NA v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).   *In Mercury Service Systems, Inc. v. Schmidt,* the court denied injunctive relief because the plaintiff waited three and a half months before filing suit. 375 N.Y.S. 2d 12 (NY App.1975).   An injunction should be granted only "with full conviction on the part of the court of its urgent necessity."  *Grande Ronde Lumber Co. v. Buchanan,* 41 Wn. 2d 206, 213 (1952).   Any claim of irreparable harm by Expedia is inconsistent its own actions.   As demonstrated above, Expedia has known for several months that Ms. Henry had in her possessions e-mails and documents that she obtained while its employee.   If Expedia genuinely believed it might suffer irreparable harm if these documents and e-mails were not immediately returned, it would have taken action much earlier to seek and protect them.   And, as demonstrated above, all contested materials are located in Blank and Associates possession and the issue is before the court for resolution.   There is no need to consider a preliminary injunction now.

**Plaintiff's Response to Expedia's Motion to Disqualify**     **- 31**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

## CONCLUSION

For the reasons set forth above, disqualification is not appropriate and the motion should be denied.  Alternatively, should the court believe further inquiry is necessary, that inquiry should be had through an *in camera* process wherein the Court may be satisfied that its ruling is based on an accurate understanding of the facts, and through which neither party has been given an unfair advantage in the litigation.  Furthermore, no order to show cause should issue.


RESPECTFULLY SUBMITTED this 5th day of December, 2005.


/s Kathleen Phair Barnard

Kathleen Phair Barnard, WSBA #17896
Schwerin Campbell
Barnard, LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971
(206) 285-2828 (phone)
(206) 378-4132 (fax)
E-mail:  barnard@workerlaw.com

Suzanne J. Thomas, WSBA #17338
Law Offices of Suzanne Thomas PS
1325 4th Avenue, Suite 940
Seattle, WA 98101-2509
(206) 587-5355 (phone)
(206) 587-0755 (fax)
suzannethomas_@msn.com
Attorneys for Plaintiff

**Plaintiff's Response to Expedia's Motion to Disqualify**    **- 32**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

## CERTIFICATE OF SERVICE

I hereby certify that on December, 2005, I electronically filed the foregoing Response to Expedia's Motion to Disqualify and for Order to Show Cause and proposed order, with Declarations of Kathleen Phair Barnard, Allyson Henry, Suzanne Thomas, Curt Chapman, Jude Bryan, David Helfer, Betsy Miller, Linda Beal, and Second Helfer Declaraion with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Michael W. Droke, Kandis M. Baldwin.

s/Kathleen Phair Barnard____
WSBA #17896
SCHWERIN CAMPBELL
BARNARD, LLP
18 West Mercer Street, Suite 400
Seattle, WA 98119-3971
(206) 285-2828 (phone)
(206) 378-4132 (fax)
E-mail:  barnard@workerlaw.com
Attorneys for Plaintiff

**Plaintiff's Response to Expedia's Motion to Disqualify**     **- 33**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Plaintiff's Response to Expedia's Motion to Disqualify      - 34**
**Case No. C05-1510RSM**

LAW OFFICES OF
SCHWERIN CAMPBELL BARNARD LLP
18 WEST MERCER STREET
SUITE 400
SEATTLE, WASHINGTON 98119-3971
(206) 285-2828