HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY, an individual<br><br>Plaintiff,<br><br>vs.<br><br>IAC/INTERACTIVECORP, and EXPEDIA, INC., corporations,<br><br>Defendants. | No. CV 05-1510RSM<br><br>**DEFENDANT EXPEDIA'S REPLY REGARDING ITS MOTION FOR PRELIMINARY INJUNCTION, AND FOR LEAVE TO FILE THE DECLARATION OF MICHAEL W. DROKE UNDER SEAL** |

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## TABLE OF CONTENTS

I. Introduction ...................................................................................................................1

II. Argument......................................................................................................................2

    A.   Expedia's Motion For Leave To File Under Seal Is Unopposed And Should Be Granted. ...........................................................................................2

    B.   Plaintiff's Request To Strike Portions Of The Droke Declarations Should Be Denied........................................................................................................2

    C.   The Court Should Schedule A Show-Cause Hearing And Briefing Schedule On Expedia's Motion For Preliminary Injunction. ..........................3

        1.   Plaintiff And Her Counsel Have Engaged In Improper Conduct........3

        2.   Expedia's Remedial Request Is Warranted. .......................................3

        3.   Expedia's Motion Is Timely................................................................6

        4.   Plaintiff's "Additional Work" Argument Is Without Merit. ................7

III. Conclusion ....................................................................................................................7

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION - i -
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I. INTRODUCTION

Expedia's Motion for Temporary Restraining Order was filed after Plaintiff's persistent refusal to return Expedia's attorney-client privileged, highly confidential, or trade secret documents, or copies, notes, or compilations reflecting these documents, to Expedia, the rightful owner, and Plaintiff's persistent refusal to give complete answers to Expedia's questions about what she and her counsel had done with Expedia's documents. Following Expedia's motion, Plaintiff continued to refuse to return these documents or put them in safe keeping, and according to counsel's own declarations in fact continued to access and review these documents <u>after</u> Expedia's repeated demands and subsequent motion.

Expedia's original motion sought three forms of relief: (1) leave of Court to file the Declaration of Michael W. Droke under seal (not opposed by Plaintiff); (2) issuance of a temporary restraining order compelling Plaintiff and her lawyers to return Expedia's documents (and compilations and summaries of them) to Expedia, and delete electronic copies of these documents in such a way as to prevent Plaintiff and her attorneys from further accessing or disclosing these documents; and (3) a court-approved schedule to brief and hear Expedia's motion for preliminary injunction.

Since the Court's status conference, Plaintiff has purportedly transmitted the now six computers containing Expedia information, many copies, CD's, and other documents to the computer forensics firm of Blank Law & Technology P.S. – all subject to her counsel's consent to any access by Expedia of its own documents. As of the date of this brief, Plaintiff has not released from Blank Law & Technology P.S. all of Expedia's documents back to Expedia. Nonetheless, in the interests of judicial economy Expedia withdrew the request for temporary injunctive relief, and notified Ms. Henry's counsel and the Court before Plaintiff's opposition was due.[1] This leaves only two issues for the Court's consideration: whether to file the

---

[1] *Notice of Partial Withdrawal of Motion*, Dkt. No. 37 (December 1, 2005).

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION - 1 -
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Declaration of Michael W. Droke under seal, and whether to schedule a hearing date and briefing schedule on Expedia's motion for preliminary injunction. In addition, Plaintiff has requested that certain statements from the Droke Declarations be stricken as hearsay.[2]

## II.     ARGUMENT

### A.     Expedia's Motion For Leave To File Under Seal Is Unopposed And Should Be Granted.

Plaintiff did not appear to object to Expedia's request for leave to file the Droke Declaration under seal. For the reasons set forth in Expedia's original brief, this motion should be granted.

### B.     Plaintiff's Request To Strike Portions Of The Droke Declarations Should Be Denied.

Plaintiff's hearsay objections to certain statements in the Droke Declarations, made within her combined Response brief, are without merit and should be denied. Most of the contested statements are attestations to objective facts about which Mr. Droke has personal knowledge.

Moreover, none of Mr. Droke's contested statements constitute hearsay because none of them are offered to prove the truth of the matter asserted. For example, Mr. Droke's statements about what Expedia understood regarding Ms. Henry's return of her Expedia-issued computer and other documents within her possession are not offered to prove that Ms. Henry returned such materials. Nor are they offered to prove Expedia's understanding of such return of materials. They are merely offered to explain the perspective from which defense counsel heard and understood the statements made by Ms. Barnard, which she now claims "disclosed" Plaintiff's unlawful possession of Expedia materials, and to explain defense counsel's reasonable failure to assume from Ms. Barnard's deliberately evasive statements that Ms. Henry had unlawfully retained tens of thousands of Expedia documents and a laptop computer, and that as a result the "potential privilege" being reviewed was not Plaintiff's own. Since Mr. Droke's statements do

---

[2]   See *Plaintiff's Response Brief*, Dkt. No. 43 at 13:12 – 14:3.

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -2-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

not constitute hearsay, they should not be stricken from his Declarations, and Plaintiff's motion should be denied.

C.  **The Court Should Schedule A Show-Cause Hearing And Briefing Schedule On Expedia's Motion For Preliminary Injunction.**

In opposition to Expedia's much-narrowed request, Plaintiff offers four arguments: (1) Expedia has not shown that she or her counsel engaged in any improper conduct; (2) the remedial request is unwarranted; (3) Expedia's motion is untimely; and (4) additional work would be required because Plaintiff would be entitled to seek production of the documents "to the extent the information is relevant to this action." *See Plaintiff's Response Brief*, Dkt. No. 43 at p. 30. None of these arguments have any merit, particularly since Expedia only seeks setting of a hearing date and briefing schedule.

1.  **Plaintiff And Her Counsel Have Engaged In Improper Conduct.**

The activities of Ms. Henry's counsel (and each of them) with respect to Expedia's documents is already substantially briefed in Expedia's Motion to Disqualify, and Expedia relies on that briefing to fully refute Plaintiff's first excuse in opposition to scheduling a preliminary injunction hearing. Furthermore, neither Expedia nor the Court have complete information as to what Ms. Henry herself has been doing with regard to the Expedia documents, or copies thereof, that have been unlawfully in her possession. Without this information, Expedia does not have adequate assurance that its confidential, privileged, and trade secret materials are protected from further disclosure or improper use by Ms. Henry. A hearing to show cause regarding preliminary injunction is necessary, following related discovery, to determine the disposition of all computers previously in Plaintiff's possession, the method and scope of removal of privileged, private, and confidential documents from those computers, etc.

2.  **Expedia's Remedial Request Is Warranted.**

Even with motions for temporary restraining order and to disqualify counsel pending, Plaintiff continued to refuse to return Expedia's documents, provide a copy of the documents as

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -3-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

she had been promising, or to place the documents in the hands of a computer forensics firm. Likewise, Plaintiff refused to provide written assurances to Expedia that its documents had not been further disseminated. Neither Plaintiff nor any of her counsel provided Expedia with written declarations until the eve of Expedia's noted depositions of Schwerin and David Helfer. *Droke Dec.*, Dkt. No. 54 at ¶ 2. Since then, Plaintiff has submitted a total of 11 declarations in opposition to Expedia's motions to disqualify and for preliminary injunction, or in support of Plaintiff's motion to quash. Of these, <u>only 4</u> state that they have not disclosed information contained in Expedia's highly confidential, trade secret, and attorney-client privileged documents to others.[3] Having a few such statements in the supporting declarations but refraining from the same in others provides a compelling basis to review the issue of access and disclosure in a preliminary injunction hearing.

Likewise, Ms. Henry has already established a history of willingness to use Expedia's documents for her own purposes. This apparently commenced sometime in July 2004, while she was still on Expedia's payroll. *Plaintiff's Response Brief*, Dkt. No. 43 at 5:14-17; *Henry Dec.*, Dkt. No. 48 at ¶ 27; *Barnard Dec.*, Dkt. No. 44 at ¶ 2. As Expedia's Vice President for International Product Development, Ms. Henry had access to substantial and very confidential proprietary information. *Droke TRO Dec.*, Dkt. No. 12 at ¶ 2. This information goes to the core of Expedia's technology and is highly confidential. Expedia is entitled to a hearing to determine whether this Court should order Plaintiff and her counsel to keep entirely confidential and avoid dissemination or disclosure that information that may still be in their possession, or was learned by them during their months of undisclosed review.

---

[3] See the following Declarations submitted by Plaintiff, none of which contain a non-disclosure statement to indicate that the declarant has not disclosed Expedia materials to anyone outside of counsel: David Helfer, Dkt. No. 35, Ex. D; David Helfer, Dkt. No. 50; David Helfer, Dkt. No. 49; Betsy Miller, Dkt. No. 51; and, **most notably**, Kathleen Phair Barnard, dated 12/5/05, Dkt. No. 44. On the other hand, the Declaration of Judith Bryan states, for example, "I have not disclosed any information I have obtained through my involvement in this case to anyone outside of Schwerin Campbell Barnard." Dkt. No. 46 at ¶ 11.

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -4-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Remarkably, even as this brief is filed, Plaintiff has not provided Expedia with a copy of all of its purloined documents. While these documents are purportedly all safely housed at Blank Law & Technology P.S. now, Expedia does not have access to these documents for all practical purposes. Plaintiff has retained control over any copying and production of these documents to Expedia because of her commingling of the Expedia documents she unlawfully retained with her own privileged and personal files, e-mail, and other documents.[4] Indeed, Plaintiff demanded that the documents be disclosed only after giving secret instructions to this expert.

For example, it took the parties two weeks of negotiation, and multiple rounds of secret instructions from Plaintiff to Blank Law & Technology, for which Plaintiff refused to allow Expedia to be present, for Expedia to finally obtain <u>a copy</u> of all of its own documents – except those over which Plaintiff continues to assert her own undefined attorney-client or work product privilege. When Expedia finally received these documents – just one week ago – the documents could not be accessed because defense counsel determined that Plaintiff's secret instructions had failed, and the production included documents that were potentially privileged as to Ms. Henry. Expedia was therefore obligated to immediately return the documents it had waited so long to obtain, and did not receive a replacement set of documents until <u>yesterday</u> – almost two full months after Expedia's initial demand for the return of all documents. Moreover, Plaintiff has offered no guarantee, or even assurance, that the materials in the custody of Blank Law & Technology P.S. other than the Expedia documents (such as compilations of those documents) do not contain information from Expedia's privileged documents. Of course, such other materials have not been provided to Expedia either. Baldwin Dec. ¶¶ 3-5, 10.

Additionally, Plaintiff has repeatedly stated – to Expedia and to this Court – that she possessed "over 30,000 work email after the de-duplication process." *See, e.g., Plaintiff's*

---

[4] Plaintiff has also offered to produce these documents to the Court for *in camera* review implicitly admitting that Plaintiff still has possession of these documents, and directly admitting that she has functional control over them. *See, e.g., Plaintiff's Response Brief*, Dkt. No. 43 at 5:25.

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -5-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Response Brief*, Dkt. No. 43 at 2:17-18. Yet, only about 17,500 documents have been provided to Expedia (the vast majority of which were received only yesterday). Baldwin Dec. ¶¶8-9. **Where are the other 12,500 documents?** Surely Plaintiff is not claiming she is somehow the privilege holder on **12,500** "work email" from Expedia. She has not produced to Defendants or this Court a privilege log asserting such protection. Court intervention is required to remedy this injustice and allow Expedia real access to its own documents. Expedia's simple request to set a hearing and briefing schedule, following additional discovery limited to this issue, is a reasonable request in the context of these actions, Plaintiff's repeatedly evasive statements and broken promises, those arguments set forth in its opening brief, and the related arguments in Expedia's other recent briefing.[5]

### 3. Expedia's Motion Is Timely.

Expedia filed this motion within three weeks of learning about Plaintiff's unlawful possession of Expedia documents and other property, throughout which Expedia unsuccessfully attempted to obtain voluntary compliance with its reasonable requests to return its own documents. As discussed in detail in the Declarations of Michael W. Droke filed in support of Expedia's Motion to Disqualify and the present motion, Plaintiff did not disclose her possession of an Expedia-issued laptop, possession of her entire Expedia e-mail account, her acts of copying these documents onto multiple computers, or her possession of tens of thousands of confidential, privileged, and trade secret documents saved to her personal computers until early October 2005.[6] Expedia sent Plaintiff a written demand for the immediate return of this property within one week of her disclosure. After three weeks of lengthy communications with Plaintiff in order

---

[5] Namely, Expedia's opening and reply briefs on its Motion to Disqualify, and Opposition to Ms. Henry's motion to quash. *See* Dkt. Nos. 13, 53.

[6] Any issue as to whether or when Expedia "knew" about Plaintiff's unlawful possession of Expedia property is of Plaintiff's own making. Had Plaintiff provided a clear written disclosure of the property in her possession (or simply returned Expedia's property as she was legally obligated), rather than her alleged disclosure via deliberately evasive, partial statements, there would be nothing to dispute. It is evident even from Plaintiff's own statements that she never initiated communication with Expedia for the intended purpose of disclosing her unlawful, unethical possession of Expedia's property.

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -6-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

to retrieve Expedia's documents and determine the nature and extent of Plaintiff's and her counsel's review and disclosure of such documents, to no avail, Expedia filed the present motions.

### 4. Plaintiff's "Additional Work" Argument Is Without Merit.

Plaintiff apparently concedes that many of the documents she and her counsel have been reviewing for many months may not all fall within the scope of legitimate discovery. *See Plaintiff's Response Brief*, Dkt. No. 43 at 30:20-21. If Ms. Henry returns these documents to Expedia and serves legitimate discovery requests, Expedia will be required to produce a smaller subset (possibly much smaller) of the Expedia documents that fall within the scope of discovery. Far from increasing the work required by all, such would presumably reduce the number of documents required to be reviewed by counsel.

Moreover, Plaintiff's argument misses the critical point regarding these documents: Just as Expedia has a right to determine its own privilege, Expedia has a right to determine for itself which documents are responsive and which are not, and which categories of documents even need to be searched, and should not be forced to compromise that right so that Plaintiff will not be inconvenienced with "additional work." This is especially true since any such inconvenience is only due to Plaintiff's unlawful retention of these documents and the work conducted by her counsel without following the clear requirements of Western District of Washington case law. Plaintiff should not be allowed to reap any benefit from her unlawful retention of Expedia's documents. Again, Plaintiff's argument carries no merit and Expedia's motion should be granted.

### III. CONCLUSION

Plaintiff concedes to filing the Droke Declaration under seal, therefore this portion of Expedia's motion should be granted. No portions of this declaration should be stricken, as Plaintiff's hearsay objections are without merit. Further, Expedia has presented compelling

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -7-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

reasons to schedule a hearing on a preliminary injunction regarding the return, access, and use of Expedia's documents. Fundamentally, since Expedia's documents were in Plaintiff's possession unlawfully, Expedia is entitled to a hearing on its right to get these documents back. Therefore this motion should be granted.

DATED this 9th day of December, 2005.

DORSEY & WHITNEY LLP

s/Kandis M. Baldwin
MICHAEL W. DROKE, P.C. WSBA #25972
KANDIS M. BALDWIN WSBA #33069
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101-4010
Telephone: (206) 903-8800

Attorneys for Defendants IAC/InterActiveCorp and Expedia, Inc.

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -8-
05-1510RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# CERTIFICATE OF SERVICE

On this 9th day of December 2005, I caused to be served a true copy of the foregoing DEFENDANT EXPEDIA'S REPLY REGARDING ITS MOTION FOR PRELIMINARY INJUNCTION, AND FOR LEAVE TO FILE THE DECLARATION OF MICHAEL W. DROKE UNDER SEAL, and the DECLARATION OF KANDIS M. BALDWIN in support of the same to:

Kathleen Barnard
SCHWERIN CAMPBELL BARNARD
18 West Mercer St., Suite 400
Seattle, WA 98119
barnard@workerlaw.com

☐ Via Messenger
☒ Via ECF Notification
☒ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Mail

Suzanne Thomas
LAW OFFICES OF SUZANNE J. THOMAS, P.S.
1325 Fourth Avenue
Suite 940
Seattle, WA 98101
suzannethomas_@msn.com

☐ Via Messenger
☒ Via ECF Notification
☒ Via Electronic Mail
☐ Via U.S. Mail
☐ Via Overnight Mail

Dated: December 9, 2005

s/Stefanie A. Jaswal
Stefanie A. Jaswal

EXPEDIA'S REPLY RE: MOTION FOR
PRELIMINARY INJUNCTION -9-
NO. CV O5-1510RSM
4838-1668-6336\1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820