HONORABLE RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

ALLYSON HENRY,                          )
                                        )   NO. CV 05-1510 RSM
12                   Plaintiff,          )
                                        )
13         vs.                          )   **DEFENDANT EXPEDIA'S REPLY IN**
                                        )   **SUPPORT OF ITS MOTION TO**
14   IAC/INTERACTIVECORP and EXPEDIA,   )   **DISQUALIFY**
     Inc., corporations,                )
15                                      )   NOTED FOR CONSIDERATION:
                     Defendants.        )   December 9, 2005
16                                      )

17
18
19
20
21
22
23
24
25
26
27

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  AUTHORITY AND ARGUMENT ......................................................................3

    A.   Plaintiff's Claim That *Richards* Does Not Apply Is Without Merit. ............................3

    B.   Plaintiff's Disclosure Of Expedia's Documents To Schwerin Was Unlawful. .............4

    C.   Schwerin's Conduct In Possessing, Retaining, And Reviewing Expedia's Privileged Material Is More Egregious Than The Conduct In *Richards*. ......................4

    1.   Schwerin admits that it expressly tasked attorneys and staff with reviewing Expedia's attorney-client privileged communications....................................................4

    2.   Schwerin failed to notify Expedia of its possession of Expedia's confidential and privileged documents. ..........................................................................................5

    3.   Schwerin acted recklessly in explicitly attempting to unilaterally determine what materials in its possession were the privileged communications of its adversary. ..........................................................................................................................6

    4.   Schwerin continued to review Expedia documents after it was aware it was in possession of Expedia's privileged material....................................................................6

    5.   Schwerin's pattern of deception continues before this Court. ......................................7

    D.   Disqualification Is The Only Adequate Remedy To Eliminate Prejudice To Expedia. ..............................................................................................................................8

    E.   Disqualification Does Not Unreasonably Prejudice Plaintiff. .....................................10

    F.   Plaintiff's Counsel Is Also Barred From Continued Representation In This Action Under Washington Rule of Professional Conduct 3.7. ....................................11

III. CONCLUSION...................................................................................................12

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - i
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# I.  __INTRODUCTION__

This District has adopted a bright line rule regarding the ethical duties counsel face when they come into possession of privileged material belonging to an opposing party.  __That rule is immediately cease review, notify the privilege holder, and return all material.__  The failure to do so will result in disqualification of counsel.  *Richards v. Jain*, 168 F. Supp. 1195, 1201 (W.D. Wash. 2001).  *Richards* is the controlling law of this District, has been widely adopted, and reflects the jurisprudence of Washington State and the American Bar Association.  Pursuant to *Richards*, this Court should disqualify the law firm of Schwerin Campbell Barnard LLP, Curt Chapman, Suzanne Thomas and any other attorney for Ms. Henry with access to Expedia's property and documents (collectively, "Schwerin[1]") from representing Allyson Henry in this action.

This case illustrates why it is necessary to have such a bright line rule.  ***Schwerin is asking the Court to endorse not only its failure to immediately cease review, notify Expedia, and return all material when Schwerin knowingly came into possession of Expedia property and documents that Plaintiff had retained in violation of her employment agreement, it is also asking the Court to endorse its attorneys and staff spending months reviewing thousands of __Expedia's__ documents to determine if those documents contained privileged communications between Expedia and its counsel.***  Plaintiff asks the Court to allow Plaintiff's counsel to review Expedia's documents and determine what communications between Expedia and its counsel are or are not privileged.  This is fundamentally unfair and contrary law.  Schwerin has spent an inordinate amount of time (and has needlessly expended judicial resources) trying to prevent Expedia from learning the nature and extent of what Schwerin has done with Expedia's own privileged, confidential, and proprietary material.  If Schwerin had complied with its ethical

---

[1]   Of course, Schwerin, Campbell, Barnard LLP, the Law Offices of Curt Chapman, and the Law Offices of Suzanne Thomas each had an independent ethical duty to follow *Richards*.  Members of each firm submitted declarations attesting to their access to Expedia's documents (including privileged documents), and Mr. Chapman admitted that he was hired in part to specifically "skim" Expedia's privileged documents to find Expedia's privileged communications with its counsel.  *Chapman Dec.*, Dkt. No. 47 at ¶ 4-5.

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 1
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

obligations as set forth in *Richards*, the satellite litigation of the last two months would have been avoided.

The facts presented here are far more egregious than in the *Richards* case. Schwerin admits having possession of six computers—including one bearing a tag identifying it as Expedia property—and tens of thousands of documents that Plaintiff obtained in her high-level position as a Vice President of Expedia. Plaintiff then failed to return Expedia's property and confidential, trade secret, and privileged information after her termination as required by her employment agreement. Schwerin now acknowledges that at least 1,292 of these documents were subject to Expedia's privilege, and yet it intentionally continued to review tens of thousands more of the Expedia documents looking for privileged communications between Expedia and Expedia's counsel.

The sheer volume of the Expedia documents improperly and deliberately reviewed by Schwerin makes it impossible to undo the inappropriate disclosures or the taint of impropriety. Expedia will be severely prejudiced by Schwerin's continued representation of Plaintiff, because Schwerin has actually reviewed documents relating to Expedia's litigation strategy and privileged material that Schwerin deemed relevant to this case. Disqualification will not cause any significant hardship to Ms. Henry. This case is in its infancy; there is no case schedule and discovery is in the very early stages. No substantive interrogatories or requests for production have been completed, nor have any depositions been taken. Furthermore, Kathleen Barnard and her firm are already ethically conflicted from continuing to represent Plaintiff. New counsel will not share such a conflict, and will be able to avoid the ethical taint and the continuing distractions caused by current counsel's inappropriate exposure to Expedia's documents. Consequently, disqualification of Plaintiff's current counsel is the only remedy that is fair to the parties and advances the judicial process.

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 2
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## II.    AUTHORITY AND ARGUMENT

**A.    Plaintiff's Claim That *Richards* Does Not Apply Is Without Merit.**

Plaintiff's position that *Richards* does not apply to this case is wholly without merit. Expedia adamantly disputes that it was aware of Plaintiff's unlawful activities and Schwerin's unethical conduct prior to the removal of the case to a federal forum. *Droke Dec.* Dkt. No. 14, at ¶ 2 and Ex.11.    Even if this case was still in state court, *Richards* would still apply.    Plaintiff ignores that the *Richards* court based its decision upon a review of Washington law and Judge Zilly's *Richards* decision has been accepted in jurisdictions that have considered similar cases since 2001.  *Id.* at 1200; *Maldonado v. New Jersey*, 225 F.R.D. 120, 138 (D.N.J. 2004) ("Numerous jurisdictions have held that a failure by an attorney to abide by this rule is grounds for disqualification"); *see also United States of America v. Stewart*, 294 F.Supp.2d 490, 493, 495 (S.D.N.Y. 2003); *Arnold v. Cargill, Inc.*, 2004 WL 2203410 *10 (D. Minn. 2004).

The following Opinion of the ABA Committee on Ethics and Professional Responsibility, relied upon and cited by Plaintiff, further evidences that the rule set forth in *Richards* is universally accepted:

> [O]nce an attorney becomes aware of the privileged materials, the attorney must refrain from viewing such materials or review them only to the extent required to determine how appropriately to proceed. The attorney should either notify opposing counsel, and follow such counsel's instructions regarding the disposition of the material, or should completely refrain from using the material until a court makes a determination as to their proper disposition.

ABA Formal Op. 94-382 at 1 (emphasis added) (attached hereto as an appendix).  This ABA Opinion simply does not, as Plaintiff claims, condone an attorney taking it upon herself to review thousands of her adversaries' documents to determine whether or not the documents are the privileged communications of her adversary.  It instead reaches the opposite conclusion, and relates to inadvertent disclosures, not to the deliberate, intentional acts of gathering and reviewing the opposing party's privileged, confidential, and proprietary documents as done by Schwerin here.

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**B.   Plaintiff's Disclosure Of Expedia's Documents To Schwerin Was Unlawful.**

Plaintiff's claim that she was entitled to provide her counsel with Expedia's property and Expedia's confidential and privileged communication is without merit.  Expedia alone has the right to disclose its privileged communications with its counsel.  *Commodity Futures Trading Comm'n* v. *Weintraub*, 471 US 343, 348 (1985).  Plaintiff was contractually obliged to return all Expedia material upon her termination, but breached that contract.  *Droke Dec.*, Dkt. 12 at Ex. A.  Plaintiff's employment agreement "provides no exception for an ex-employee to disclose Corporation information to [her] personal attorneys who are in an adversarial position with the Corporation." *In re Mktg. Investors Corp.*, 80 S.W.3d 44, 48 (Tex. Ct. of App. 1998).  Plaintiff's agreement with Expedia "does not support [her] position that [she] is only obligated to keep the documents confidential and has done so by disclosing them to counsel." *Id.*  Plaintiff's counsel's subsequent review of Expedia's material is inexcusable.  A "lawyer cannot be involved in the subsequent review of evidence obtained improperly by the client." *Maldonado*, 225 F.R.D. at 138.

**C.   Schwerin's Conduct In Possessing, Retaining, And Reviewing Expedia's Privileged Material Is More Egregious Than The Conduct In *Richards*.**

Plaintiff's assertions that a lawyer may improperly obtain documents belonging to an adverse party, and that the adverse party should then trust that lawyer to separate its privileged and confidential documents from others, are wholly unsupportable.  Plaintiff's counsel cannot assign itself the responsibility of determining the propriety and efficacy of the methods by which Plaintiff's counsel will conduct a secret privilege review of Expedia's documents, nor is Plaintiff's counsel permitted to conceal from Expedia the fact that its confidences and privileges have been breached. *Richards*, 168 F.Supp.2d at 1201 n.3; ABA Comm. Op. 94-382 at 1.

**1.   Schwerin admits that it expressly tasked attorneys and staff with reviewing Expedia's attorney-client privileged communications.**

Attorney Curt Chapman and staff member Linda Beal have read tens of thousands of Expedia-owned documents.  Each admit that they were actively searching for Expedia's confidential and privileged communications with its counsel. *Chapman Dec.*, Dkt. No. 47 at ¶ 6;

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Beal Dec.*, Dkt. No. 45 at ¶¶ 3, 4.   Attorney Chapman's and Ms. Beal's knowing and deliberate "skimming" of thousands of documents specifically looking for <u>Expedia's</u> privileged communications is far more egregious conduct than that of a paralegal "quickly scan[ing]" documents unknowing that some may contain privileged communications.   *Richards,* 168 F. Supp. at 1206.   If the behavior of counsel in *Richards* was a "failure of reasonable care, approaching recklessness" and justified disqualification, the behavior of Schwerin here is far worse, as it was <u>knowing, deliberate, and intentional</u>.   168 F.Supp.2d at 1203.

      **2.**      **Schwerin failed to notify Expedia of its possession of Expedia's confidential and privileged documents.**

Despite Plaintiff's claims of when she believes Expedia should have known that Schwerin 's references to "reviewing potentially privileged email" actually meant that Schwerin was reviewing <u>Expedia's</u> privileged communications retained by Plaintiff in violation of her employment agreement, Plaintiff can point to no letter, no email, no facsimile in which Schwerin notified Expedia that it was in possession of such material.   *Droke Dec.,* Dkt. No. 14, at ¶ 2 and Ex.11; *Barnard Dec.*, *passim,* Dkt. No. 44.   Expedia had a contractual agreement with Plaintiff that she would return all Expedia property and documents at the termination of her employment.   Expedia should not be penalized for assuming that Plaintiff would comply with her contractual obligations and return Expedia's property.   Expedia naturally presumed that Schwerin's review of "potentially privileged" documents meant that Schwerin was conducting a review of privileged communications between its client, Ms. Henry, and her counsel, not conducting an extensive review of privileged communications of its adversary, Expedia, and its counsel in violation of *Richards.*

Notably, the argument that "implied notification" relieves all ethical obligations was made by the law firm disqualified in the *Richards* case.   *Plaintiff's Opposition to Motion to Disqualify*, CV-00-2140-TSZ, Dkt. No. 68 at 5-11, 16 ("Hagens Berman repeatedly advised [Defense counsel] that it had possession of the e-mails").   That argument was rejected by the court.   168 F.Supp.2d at 1206 ("[S]imply informing Defendants that they were in possession of

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

privileged material would not excuse or lessen the impact of the review of large numbers of privileged documents. The prejudice suffered by Defendants due to the loss of the protection of the attorney-client privilege is not assuaged by knowledge of that loss.").

    **3.**    **Schwerin acted recklessly in explicitly attempting to unilaterally determine what materials in its possession were the privileged communications of its adversary.**

Schwerin cannot deny that the "segregation" system it used in its attempt to separate Expedia's "potentially privileged" documents out of the population of documents it intended to actively review—a review of <u>Expedia</u> documents Schwerin never should have undertaken— utterly failed. One example of the extreme recklessness in reliance upon this methodology is that no one at Schwerin bothered to confirm the correct spelling of the names used to sort the documents, as evidenced by Schwerin's own admission that it misspelled the name of Expedia's Senior General Counsel. Notwithstanding this reckless error, Schwerin's methodology was not otherwise "trustworthy" as Plaintiff claims. *Plaintiff's Response Brief*, Dkt. No. 43 at 26:13. While Ms. Henry identified six potential sources of privileged material, she actually may have received privileged material from 50 in-house counsel and 45 outside counsel during her years of employment at Expedia. *Baldwin Dec.*, Dkt. No. 59 at ¶ 7. Schwerin's actions demonstrate why it is the privilege <u>holder's</u> job to identify and assert privilege, and why the bright line rule in *Richards* is so necessary to the integrity of the entire judicial system. *Intercapital Corp. of Or. v. Intercapital Corp. of Wash.*, 700 P.2d 1213, 1218 (Wash. App. 1985).

    **4.**    **Schwerin continued to review Expedia documents after it was aware it was in possession of Expedia's privileged material.**

Even assuming Plaintiff's argument that Expedia's counsel was "tacitly" notified of Schwerin's possession of Expedia documents is true, such notification would not negate Schwerin's independent ethical obligation to immediately cease review and return the documents. *Richards*, 168 F. Supp.2d. at 1201, 1206; ABA Formal Op. 94-382 at 1. Amazingly, even after Expedia demanded the return of its property and documents on October 13, 2005, and Plaintiff and her counsel were clearly on notice that Expedia was asserting the

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 6
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

right to protect its privilege, Schwerin continued to review Expedia's documents in violation of its ethical obligations.  *Bryan Dec.*, Dkt. No. 46 at ¶ 5 (attesting to reviewing Expedia's documents as late as October 28, 2005); *Beal Dec.*, Dkt. No. 45 at ¶ 6 (attesting to reviewing Expedia's documents as late as November 7, 2005).

**5.     Schwerin's pattern of deception continues before this Court.**

Schwerin's own declarations continue with this Court the pattern Schwerin established with Expedia of making purposefully misleading "assurances" regarding its access to and review of Expedia's documents.  For example, Ms. Barnard attests that on October 25, 2005, she wrote to Expedia's counsel and "told him that <u>our firm</u> would continue to refrain [sic] from accessing the potentially privileged email <u>and the .pst files</u> made from the computers" (emphasis added).  *Barnard Dec.*, Dkt. No. 44 at ¶ 55.  This statement creates the reasonable impression that Ms. Barnard is describing <u>all</u> of the Expedia documents in Schwerin's possession, and representing that none of Expedia's documents would be accessed by her or by her staff on that date or thereafter.

Yet Ms. Barnard carefully did <u>not</u> inform Expedia that at the same time she was still maintaining approximately <u>2,000</u> of these same documents <u>in her own email account,</u> and that members of the firm were continuing to review those documents as late as November 7, 2005.  *Helfer Dec.*, Dkt. No. 50 at 6:21 - 7:18; *Bryan Dec.,* Dkt. No. 46 at ¶ 7.  Ms. Barnard also fails to disclose this critical fact to the Court in her 22-page declaration or explain it in Plaintiff's 37-page brief.

Ultimately, Ms. Barnard implicitly admits that her staff continued to access and review copies of those Expedia documents maintained somewhere <u>other than</u> in her email account. <u>After</u> her statement to defense counsel that Schwerin "would continue to refain [sic]" on October 25, she admits receiving an email of October 28 from Jude Bryan concerning a "Mark Britton" email—an email drafted by Expedia's General Counsel—that Ms. Bryan had read <u>that day</u>. *Barnard Dec*., Dkt No. 44 at ¶ 62; *Bryan Dec.*, Dkt. No 46 at ¶ 5.  Thus, Schwerin's own

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

declarations establish that it was not refraining from accessing Expedia documents when Ms. Barnard made that statement on October 25, nor did Schwerin refrain from accessing them in the days following that statement, nor did Schwerin disclose to Expedia that Ms. Barnard had misspoken or that Schwerin was, in fact, continuing to access Expedia's documents after "assuring" Expedia's counsel that it would not.

Schwerin's pattern of deception established with Expedia's counsel now continues before this Court.  Instead of explaining clearly its actions with Expedia's documents, Schwerin blocked Expedia from taking depositions that would have shed light on its actions, choosing to bury these facts among three separate declarations, having a combined total of 41 pages (not counting the multitude of exhibits), all dated in <u>December</u>.  This illustrates the compelling need for disqualification, and the incurable taint on Schwerin's participation in this case.

**D.   Disqualification Is The Only Adequate Remedy To Eliminate Prejudice To Expedia.**

Schwerin has been incurably tainted by its extensive review of Expedia documents.  The primary defense asserted by Schwerin for its conduct is a claim in its opinion that none of the thousands of Expedia's privileged emails Schwerin actually reviewed relate to Ms. Henry's claims.  This current position contradicts Schwerin's actions prior to the filing of the motion to disqualify, when Schwerin obviously believed that some of the privileged documents were relevant, because Schwerin had uploaded some of those privileged documents into a computer program to plot out Ms. Henry's case against Expedia, and produced other privileged documents back to Expedia as responsive to discovery requests.[2]  *Bryan Dec.*, Dkt. No. 46 at ¶ 5; *Droke Dec.*, Dkt. 12 at ¶ 4.

---

[2]  The "Defendants' privilege log" that Ms. Barnard attaches to her declaration and relies upon for her argument that no Expedia privileged material related to Ms. Henry's claims were reviewed by Schwerin is actually a privilege log of co-defendant IAC, and only regards IAC documents, not documents belonging to Expedia. Thus, for example, the privilege log would not reference any communications regarding Ms. Henry's claims made only between Expedia employees.  As Expedia was Ms. Henry's employer, these would be the more likely communications.  Even still, the silence in Schwerin's declarations also confirms that Schwerin neglected to mention its own review of Expedia privileged documents during meet-and-confer discussions over IAC's privilege log between Ms. Barnard, Ms. Thomas, Ms. Baldwin and Mr. Droke - a logical time to address the issue since another defendant's documents and privileges were at issue.

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 8
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Regardless, "whether such disclosures were in fact made is not the proper inquiry.  It is the possibility of the breach of confidence, not the fact of the breach, that triggers disqualification."  *Oxford Sys. Inc. v. CellPro Inc.*, 45 F. Supp.2d. 1055, 1064, 1066 (W.D. Wash. 1999) (internal quotations and citation omitted).  "The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case."  *Intercapital Corp.*,  700 P.2d at 1216.  "Even if, as [Plaintiff] maintains, no confidential information was actually disclosed," Schwerin's extensive review of Expedia's documents "creates a nagging suspicion that [Plaintiff's] preparation and presentation has already been unfairly benefited."  *MMR/Wallace Power & Indus. v. Thames Assocs.*, 764 F. Supp. 712, 727 (D. Conn. 1991) (emphasis added).

> Requiring proof of prejudice would negate the presumption of knowledge created by an attorney's access to an opponent's material confidences.  Such a prerequisite to reversal also would force disclosure of the very confidences the rule was intended to shelter, and defeat its purpose of developing and maintaining the public's respect for and confidence in our legal system.  Accordingly, we hold that once an appearance of conflicting interests has been shown, prejudice will be presumed.

*Intercapital Corp.*, 700 P.2d at 1218 (emphasis added).  When faced with a potential prejudice by a party's improper review of its adversary's material, "the court should resolve any doubts in favor of disqualification."  *CellPro Inc.*, 45 F. Supp.2d. at 1064.

Schwerin admits that it has had access to and has been actively reviewing well over 30,000 Expedia documents for at least six months.  *See, e.g.*, *Plaintiff's Response Brief*, Dkt. No. 43 at 2:17-18.  Schwerin admits that at least one attorney and several staff members have actually read Expedia privileged emails. *Chapman Dec.*, Dkt. No. 47 at ¶ 6; *Beal Dec.*, Dkt. No. 45 at ¶¶ 3, 4.  This includes at least 651 emails from Expedia's Senior General Counsel, and at

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 9
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

least 53 emails detailing Expedia's litigation strategy in other cases.[3] *Baldwin Dec.*, Dkt. No. 59 at ¶ 2.  Because Plaintiff has blocked Expedia's attempts to depose Schwerin and Mr. Helfer, Expedia and the Court still have no way of actually knowing the nature and full extent of the unethical activities of counsel.  Expedia has suffered actual prejudice by Plaintiff's counsel having reviewed thousands of its documents, including documents detailing its general litigation strategies and documents Plaintiff claims are relevant to this action.  To date, Schwerin has still failed to disclose the nature and location of all Expedia documents that were in Plaintiff's possession, approximately <u>12,000</u> documents are still unaccounted for.  *Id.* at ¶ 9.  Prejudice can be presumed from Schwerin's delays in returning documents to Expedia while its employees continued to review them, Schwerin's refusal to provide Expedia with a complete accounting of what documents Schwerin's admits it has had access to, and from Schwerin's repeated efforts to evade revealing the extent of its actions regarding these documents.

**E.     Disqualification Does Not Unreasonably Prejudice Plaintiff.**

Disqualifying Schwerin because of its ethical violations will not unreasonably prejudice Plaintiff.  In fact, disqualifying Schwerin will avoid the continuation of satellite litigation created by Plaintiff's and Schwerin's failure to follow the rules.  Disqualification will result in far less expense and time for the parties and the Court, because the litigation can then focus on the merits of the case.  Ms. Henry made over $2 million dollars in 2004; certainly there are many excellent lawyers available to her who are untainted by ethical conflicts.

As in *Richards*, Plaintiff's predicament is self-inflicted, and here, it is deliberately so.  This is not a case, as Plaintiff would like the Court to believe, where Expedia is moving to have Schwerin disqualified as a litigation tactic after being aware of unethical conduct for months or years.  Plaintiff cites *Geissal v. Moore Medical Corporation*, 92 F.Supp.2d 945 (E.D. Mo. 2000) as being factually similar, but fails to note that the moving party in that case had waited

---

[3]   These numbers only take into account the approximately 1,300 Expedia-owed documents to which Plaintiff has allowed Expedia access.  They do not consider the additional 28,700 Expedia documents that Plaintiff admits to have had in her possession.  *Baldwin Dec.*, Dkt. No. 59 at ¶¶ 2, 6, 8.

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 10
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

11 months from when it learned of unethical conduct to file a motion to disqualify—a motion filed on the eve of the damages phase of trial.[4]  Here, Expedia moved to disqualify Schwerin within weeks of the parties Rule 26(f) conference, immediately after the ethical problems first came to light, and after Schwerin refused to comply with Expedia's repeated requests that it immediately cease review and return Expedia's documents.  *Droke Dec. Dkt. No. 14*, at ¶ 2, Exs. 1, 2, 4, 11.  Further, unlike the cases cited by Plaintiff, this case is in its infancy.  The Court has not yet issued a scheduling order setting a trial date.  The only motions that have been filed to date in this federal action have sprung from Plaintiff's and Schwerin's improper possession, dissemination, and review of Expedia's property and documents.  Consequently, Plaintiff faces no real prejudice from the disqualification of Schwerin and will benefit from the case proceeding more efficiently and expeditiously with new counsel.

## F.    Plaintiff's Counsel Is Also Barred From Continued Representation In This Action Under Washington Rule of Professional Conduct 3.7.

Ms. Barnard is already unable to continue representing Ms. Henry because she has made herself a fact witness and testified at length about Plaintiff's unlawful retention and dissemination of Expedia's property and documents.  *See Barnard Dec.*, Dkt. No. 44.  Washington Rule of Professional Conduct 3.7 prohibits an attorney from acting as counsel in a case such as this where the attorney is a witness in the action.  Ms. Barnard and others in her office have made themselves witnesses in this case, and therefore Washington Rule of Professional Conduct 3.7 requires disqualification of the Schwerin firm.  Even prior to submitting her multiple declarations related to Expedia's pending motions, Ms. Barnard was already conflicted from representing Ms. Henry, as she alone can testify to the Interrogatory responses that Plaintiff has provided to the Court as testimony.  *Henry Dec. Dkt.*, No. 48 at Ex. C.  Despite requests from Defendants that she do so, Plaintiff did not verify her responses.

---

[4]    Plaintiff also fails to note that the other case upon which she places substantial reliance, *Fred Webber, Inc. v. Shell Oil Co.*, 566 F.2d 602, 609 (8th Cir. 1977), was subsequently overruled.  *See In re Multi-Piece Rim Prods. Liab. Litig.*, 612 F.2d 377, 378 (8th Cir. 1980).

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

*Id.*  As such, Ms. Barnard is the only witness who can be cross-examined regarding these responses.  *Saria v. Mass. Mut. Life Ins. Co*. 228 F.R.D. 536, 538-39 (S.D. W.Va. 2005) ("When responses are only signed by an attorney, and not by the client, the attorney has effectively been made a witness.").  In short, through their actions and conduct, attorneys at Schwerin have made themselves necessary fact witnesses for resolving the claims and counterclaims in this case and must be disqualified pursuant to Washington Rule of Professional Conduct 3.7.

### III.    CONCLUSION

For the reasons set forth above and in its Motion to Disqualify, Expedia respectfully requests that this Court disqualify the law firm of Schwerin Campbell Barnard LLP, Kathleen Barnard, Curt Chapman, Suzanne Thomas, and any other of Plaintiff's attorneys, including their paralegals, legal assistants, and other employees or agents, who have had access to Expedia's property and documents.  Such disqualification is required to remedy the substantial taint placed on any future proceedings by Schwerin's possession, retention, and review of Expedia attorney-client privileged material.

DATED this 9th day of December 2005.               DORSEY & WHITNEY LLP

*/s/ Richard M. Clinton*
RICHARD M. CLINTON, WSBA #2167
MICHAEL W. DROKE, WSBA#25972
KANDIS M. BALDWIN, WSBA#33069
SHANNON M. MCMINIMEE, WSBA #34471
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, Washington  98101
Telephone:  (206) 903-8800
Facsimile:   (206) 903-8820

Attorneys for Defendant Expedia, Inc.

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF
ITS MOTION TO DISQUALIFY - 12
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1

2

<u>**CERTIFICATE OF SERVICE**</u>

3

On this 9th day of December 2005, I caused to be served a true copy of the foregoing

DEFENDANT EXPEDIA'S REPLY IN SUPPORT OF ITS MOTION TO DISQUALIFY and

4

REVISED PROPOSED ORDER to:

5

6

Kathleen Barnard
SCHWERIN CAMPBELL BARNARD
18 West Mercer Street, Suite 400
Seattle, WA 98119
barnard@workerlaw.com

☐ Via Messenger
☒ Via ECF Notification
☒ Via Email
☐ Via U.S. Mail
☐ Via Overnight Mail

7

8

9

Suzanne Thomas
1325 Fourth Ave., #940
Seattle, WA 98101-2509
suzannethomas_@msn.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Email
☐ Via U.S. Mail
☐ Via Overnight Mail

10

11

12

13

*/s/ Shannon M. McMinimee*
Shannon M. McMinimee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
Fax: (206) 903-8820