UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. C05-1510RSM |
| v. ) | |
| ) | |
| IAC/INTERACTIVE GROUP and EXPEDIA, ) | ORDER ON PENDING MOTIONS |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

This matter comes before the Court on defendants' motion for preliminary injunction and motion to disqualify, and plaintiff's related motion to quash. (Dkts. #11, #13 and #34). Defendants ask the Court to set a show cause hearing why it should not enter a preliminary injunction in this action, and ask this Court to disqualify plaintiff's counsel because she has been exposed to defendants' privileged materials. Defendants have also noted a deposition pertaining to their motions, and plaintiff has moved to quash the deposition subpoena, arguing that the information sought by deposition is privileged. In the alternative, plaintiff, asks the Court to enter a protective order pertaining to the information sought at deposition. For the reasons set forth below, the Court now GRANTS defendants' motions for a preliminary injunction, reserves ruling on plaintiff's motion to disqualify, and DENIES plaintiff's motion to quash.

## DISCUSSION

ORDER
PAGE – 1

**A. Background**

Defendant Expedia is a Washington State corporation with its headquarters in Bellevue, WA. It provides online travel services for individuals and small businesses. Defendant IAC/InterActiveCorp ("IAC") owns Expedia.

Expedia was originally the travel division of Microsoft. In 1999, Microsoft turned Expedia into an independent privately held company, retaining a majority interest. In 2002, Microsoft sold its interest to IAC. In 2003, IAC acquired the remaining interest. In 2005, IAC launched Expedia into a separate, publicly-traded company. As part of that launch, IAC moved all of its other travel-related services, i.e. Hotels.com and Hotwire, into the new Expedia.

Plaintiff Allyson Henry is an African-American woman, and a former Expedia employee. She began working for the company in 1995 while it was still the travel division of Microsoft. At some point in 2001, Ms. Henry was promoted to Vice President of International Product Development, as which she led a team of approximately 60 developers in providing the technical platform for all of IAC/Expedia's international products.

At some point after 2001, plaintiff came under the supervision of a Simon Breakwell, IAC/Expedia's manager for international business. Plaintiff believes that Mr. Breakwell was uncomfortable with a black, female manager, and did not support her in her employment position. She asserts that because of Mr. Breakwell's bias, defendants no longer supported her job growth and no longer moved her along the promotion track she had previously been part of, despite the fact that she continued to obtain exemplary results in her division. During the same time period, she noted that white male managers with lesser or comparable qualifications were promoted.

Plaintiff made complaints of discrimination internally to her managers and to the human resources department. However, she alleges that her complaints were completely ignored. In November of 2003, defendants informed plaintiff that she would be removed from her position as Vice President of International Product Development, and would be allowed to transfer to

ORDER
PAGE – 2

another open position within IAC or Expedia if she could identify one.  Defendants gave plaintiff a paid leave of absence from November of 2003 until November 18, 2004, to seek another position inside or outside Expedia.

Plaintiff took her Expedia-issued laptop computer to her residence when she took her leave of absence.  She continued to receive e-mail communication via the Expedia e-mail server, as well as e-mail via a personal e-mail account.  She also maintained a connection to the Expedia computer server, with access to network documents, at least for some part of her leave of absence.

In July of 2004, plaintiff apparently retained Ms. Barnard, her current counsel, of Schwerin Campbell Barnard LLP.  At that time, plaintiff relayed information to Ms. Barnard pertaining to her discrimination claims, including providing copies of some Expedia e-mail and documents.  Counsel avows that plaintiff took precautions at that time not to disclose information that she possessed that was attorney-client privileged or work product protected as to defendants.

Also during her leave of absence, plaintiff continued to complain to defendants that she had been removed from her position for discriminatory reasons.  On or about October 26, 2004, she met with Expedia's CEO to discuss the alleged discrimination.  He apparently referred plaintiff's complaints to legal counsel.  As a result, plaintiff received a letter retroactively terminating her employment as of October 1, 2004.  Plaintiff was also ordered to have no further contact with defendants, unless it was through their legal counsel.  After plaintiff noted that she was still on defendants' payroll, and had been paid after October 1, 2004, defendants disavowed the retroactive termination, and made the termination effective November 19, 2004.  Defendants did not use an exit process and did not request her to return her Expedia-issued laptop computer.

On March 11, 2005, plaintiff filed a discrimination law suit against defendants in King County Superior Court.  Defendants subsequently removed the case to this Court.

ORDER
PAGE – 3

On May 4, 2005, plaintiff's counsel apparently orally disclosed to defendants that she had a large volume of Expedia e-mail on multiple computers, and that she planned to review and produce them. She apparently again discussed the computers and documents on June 22 and July 6. On July 11, in response to an interrogatory, plaintiff stated that she had retained Expedia e-mail.

Meanwhile, in June of 2005, plaintiff delivered three laptop computers and an external hard drive to her counsel's offices. A member of plaintiff's counsel's IT department archived and copied certain files from the computers and hard drive, but counsel asserts that she did not begin to look at any e-mail at that time.

In early July of 2005, plaintiff's counsel began to sort the e-mail documents using certain keywords, in an attempt to screen out any potentially privileged communications. In mid-August, plaintiff's counsel hired a legal assistant to begin reviewing the e-mail in preparation for responding to defendants' discovery requests. She apparently was instructed to sort the e-mail using certain keywords and proper names, and to move potentially privileged e-mails to a separate folder that counsel would not review. She apparently conducted this sort from August 23, 2005 to October 5, 2005. Plaintiff's counsel also obtained another attorney to assist with the sort. He conducted his portion of the sort from August 25, 2005 to September 13, 2005.

On August 24 and 30, plaintiff's counsel explained to defendants' counsel that there were over 30,000 e-mail communications that they were attempting to segregate. On September 1, 2005, plaintiff apparently produced 4,200 e-mails to defendants. On October 6, 7 and 11, counsel again met to discuss the sorting and review process. Defendants assert that it was not until the October discussions that they learned that plaintiff possesses tens of thousands of Expedia documents, an Expedia-issued laptop, and an Expedia-issued e-mail account. Defendants promptly demanded the return of the documents and computer, as well as plaintiff's two personal computers. Defendants also demanded that plaintiff, her counsel, and any other person to whom information had been disseminated relinquish possession of all copies of

ORDER
PAGE – 4

Expedia e-mail messages and other documents, and provide written declarations regarding their access of, use, and any further dissemination of these documents.

Plaintiff's counsel ultimately turned over plaintiff's two personal computers, along with numerous documents, computer disks and CDs, and four other computers, to an agreed upon forensics firm. However, defendants believe that plaintiff's counsel has retained copies of numerous other computer files and documents, including those that may contain privileged, confidential and proprietary documents. Accordingly, defendants filed the instant motion for temporary restraining order and preliminary injunction and motion to disqualify,[1] and have noted depositions of David Helfer and a representative of her law firm that is best able to answer questions about the sorting and review process. In response, plaintiff has filed the instant motion to quash the deposition subpoenas.

**B. Motion for Leave to File the Declaration of Michael W. Droke Under Seal**

As part of their motion for a preliminary injunction, defendants have asked permission to file the accompanying declaration of Michael W. Droke under seal. The basis of the motion is that the declaration provides examples of privileged communication and proprietary information believed to be in the possession of plaintiff and her counsel. The Court has reviewed the declaration, along with its supporting exhibits, and finds good cause to file the declaration under seal. Additionally, it does not appear that plaintiff has opposed the motion.

While plaintiff has requested that three portions of Mr. Droke's declaration be stricken as hearsay, the Court declines to strike such portions. The statements cited to by plaintiffs do not appear to be offered for the truth of the matter, and therefore, do not constitute hearsay. Accordingly, defendants' motion to file the declaration under seal will be granted, and the Court will accept the declaration of Michael W. Droke already filed under seal.

---

[1] Defendants have since withdrawn the portion of their motion asking for a temporary restraining order, believing it to be unnecessary, and ask only that the Court set a show cause hearing as to why a preliminary injunction should not issue. (Dkt. #37).

ORDER
PAGE – 5

### C. Motion for Preliminary Injunction

Defendants have requested that this Court set a briefing schedule and show cause hearing pertaining to their request for a preliminary injunction. Plaintiffs oppose such a hearing, arguing that an injunction is no longer necessary because all of the disputed documents have been removed to a forensic firm.

The Court has reviewed defendants' motion and plaintiff's response, and finds that a hearing is both necessary and appropriate on this matter. Accordingly, a briefing schedule and hearing date will be set forth at the conclusion of this Order.

### D. Motion to Disqualify

The Court reserves ruling on defendants' motion to disqualify until after the show cause hearing on defendants' motion for preliminary injunction has taken place. The Court will re-note the motion to disqualify; <u>however, the motion has been fully briefed and the Court neither requires nor desires any further briefing on the subject at this time</u>.

### E. Motion to Quash

Defendants have subpoenaed David Helfer, an IT representative from Schwerin Campbell Barnard, LLP, and a representative from Schwerin Campbell Brown, LLP, who has knowledge and can answer questions about the sort and review process pertaining to Expedia's computer files and documents in plaintiff's possession. Plaintiff has moved to quash the subpoenas, arguing that much of the information sought has already been produced and that much of the information sought is privileged. In the alternative, plaintiff has moved for a protective order, and asks that any review of the information sought be conducted by the Court *in camera*. The Court finds plaintiff's motion to quash premature.

While the subjects sought by defendants for deposition are broad, and may implicate plaintiff's privileged attorney-client communications or work product, there is no specific question before the Court at this time. Indeed, much of the argument contained in plaintiff's motion concerns hypothetical questions and issues that may arise during the depositions that

ORDER
PAGE – 6

have not yet occurred. Thus, the Court agrees with defendants that they should be allowed to conduct the depositions, with the understanding that if plaintiff has objections to specific questions she can refuse to answer, and the parties can then seek Court intervention should that be necessary to resolve a real dispute.

As for plaintiff's counsel's concern that the depositions will necessarily make her a possible witness in this case, and allow defendants to assert one more ground for disqualification, the Court reminds plaintiff's counsel that the representative Schwerin Campbell Barnard LLP selects to testify is of its own choosing.

Finally, the Court finds that there is no need for an *in camera* review of any testimony or documents at this time, and declines to order such. Furthermore, the Court sees no need for a protective order until objections to specific questions or lines of questioning have been made during deposition. Accordingly, for all of these reasons, the Court denies plaintiff's motion to quash.

**CONCLUSION**

The Court, having considered defendants' Motion for Preliminary Injunction and Motion to File the Declaration of Michael W. Droke Under Seal (Dkt. #11), defendants' Motion to Disqualify (Dkt. #13) and plaintiff's Motion to Quash Deposition Subpoenas (Dkt. #34), the responses, replies, and declarations in support and opposition thereto, and the remainder of the record, hereby finds and ORDERS:

(1) Defendants' Motion to File the Declaration of Michael W. Droke Under Seal (Dkt. #11) is GRANTED, and the Court shall accept the already-filed declaration under seal.

(2) Defendants' Motion for Briefing Schedule and Show Cause Hearing pertaining to their request for a preliminary injunction (Dkt. #11) is GRANTED. The briefing schedule is as follows:

- Defendants' Motion for Preliminary Injunction/Opening Brief is due <u>no later than Monday, January 9, 2006</u>.

ORDER
PAGE – 7

1     ●     Plaintiff's Response is due <u>no later than Monday, January 23, 2006</u>.

2     ●     Defendants' Reply is due <u>no later than Friday, January 27, 2006</u>.

3     ●     The Show Cause hearing has been set for <u>Thursday, February 9, 2006 at 1:30 p.m.</u> If any of the parties are not available on this date, the parties should confer and reach a mutually agreeable date before proposing any new date to this Court.

(3) The Court reserves ruling on defendants' Motion to Disqualify (Dkt. #13) until after the preliminary injunction hearing. The Clerk shall RE-NOTE defendants' Motion to Disqualify for consideration on Friday, February 10, 2006.

(4) Plaintiff's Motion to Quash (Dkt. #34) is DENIED.

(5) The Clerk shall send a copy of this Order to all counsel of record.

DATED this <u> 19 </u> day of December, 2005.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 8