UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALLYSON HENRY,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
                                                 )        CASE NO.  C05-1510RSM
        v.                                       )
                                                 )
IAC/INTERACTIVE GROUP and EXPEDIA,               )        ORDER GRANTING MOTION
INC.,                                            )        TO DISQUALIFY
                                                 )
            Defendants.                          )
_____ )

## INTRODUCTION

This matter comes before the Court on defendants' motion to disqualify plaintiff's counsel, Schwerin Campbell Barnard, LLP, along with affiliated attorney Curt Chapman, from representing plaintiff in this action.[1]  (#13).  Defendants argue that such disqualification is required to preserve the attorney-client privilege and the integrity of the judicial process as a result of counsel's wrongful acquisition and retention of tens of thousands of Expedia

---

[1] The Court notes that defendants apparently request that plaintiff's co-counsel, Suzanne Thomas, also be disqualified.  However, that request has been improperly raised for the first time in defendants' reply brief.  Furthermore, none of the arguments presented in defendants' motion to disqualify pertain to any action taken by Ms. Thomas, or alert plaintiff's counsel that the request for disqualification at all pertains to Ms. Thomas.  Thus, plaintiff has been deprived of presenting any response to the suggestion that Ms. Thomas should also be disqualified.  Accordingly, the Court reviews defendants' motion only as it pertains to Schwerin Campbell Barnard and Mr. Chapman.

ORDER
PAGE – 1

1   documents and other property.

2   Plaintiff responds that disqualification is neither necessary nor appropriate in this case

3   because her counsel was sensitive to privilege issues, and disclosed to opposing counsel that

4   counsel had received defendants' property from plaintiff, but defendants did not request its

5   return in a timely fashion.

6   For the reasons set forth below, the Court disagrees with plaintiff, and GRANTS

7   defendants' motion to disqualify.

8   **DISCUSSION**

9   **A.  Background**

10  A complete background can be found in this Court's recent Order on defendants' motion

11  for a preliminary injunction.  Accordingly, the Court will not repeat it here.

12  **C.  Standard of Review for Disqualification**

13  Federal courts have the authority to discipline attorneys appearing before them for

14  conduct deemed inconsistent with ethical standards.  *In re Snyder*, 472 U.S. 634, 645 n. 6

15  (1985); *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996) (explaining that "a district

16  court has the primary responsibility for controlling the conduct of the attorneys who practice

17  before it.").  That discipline includes disqualification of counsel if the conduct complained of

18  demands such a measure.  In general, disqualification is viewed as a drastic remedy, and

19  therefore, should be imposed only when absolutely necessary.  *In re Firestorm*, 129 Wn.2d 130,

20  140 (1996).  However, where the "asserted course of conduct threatens to affect the integrity of

21  the adversarial process" disqualification may be the most appropriate measure to eliminate such

22  taint.  *See MMR/Wallace Power & Indus. Inc. v. Thames Assoc.*, 764 F. Supp. 712, 718 (D.

23  Conn. 1991) (citations omitted).  In considering a potential disqualification, this Court "must be

24  mindful that 'the interests of the clients are primary, and the interests of the lawyers are

25  secondary.'" *Oxford Systems, Inc. v. CellPro, Inc.*, 45 F. Supp.2d 1055, 1066 (W.D. Wash.

26  1999) (citing *Haagen-Dazs Co., Inc. v. Perche No! Gelato, Inc.*, 639 F. Supp. 282, 286 (N.D.

ORDER
PAGE – 2

1   Cal. 1986)).

2       In support of their motion to disqualify, defendants primarily rely on this Court's decision

3   in *Richards v. Jain*, 168 F. Supp.2d 1195 (W.D. Wa. 2001).  In that case, the Honorable

4   Thomas S. Zilly, now-Senior United States District Court Judge, held that an attorney "who

5   receives privileged documents has an ethical duty upon notice of the privileged nature of the

6   documents to cease review of the documents, notify the privilege holder, and return the

7   documents," and that a failure to follow that rule is grounds for disqualification.  *Richards*, 168

8   F. Supp.2d at 1200-01.  Plaintiff argues that the Court should not follow the reasoning of that

9   case until it has determined "the effect on the *Richards* analysis of Washington law."  (Dkt. #43

10  at 21).  It is not clear to the Court what plaintiff means by that statement.  However, the Court

11  notes that the *Richards* decision involved an analysis not only of a formal opinion by the

12  American Bar Association's ("ABA") Committee on Ethics and Professional Responsibility, but

13  an analysis of Washington State law on motions for disqualification, as well.  Indeed, in adopting

14  six factors for consideration from a Texas case, *In re Meador*, 968 S.W.2d 346 (1998), the

15  *Richards* Court noted that those factors "neatly incorporate the concepts of prejudice, bad faith,

16  and knowledge elucidated by the Washington Supreme Court as elements to be weighed in

17  evaluating a motion to disqualify."  *Richards*, 168 F. Supp.2d at 1205 (citations omitted).

18  Accordingly, the Court is not persuaded that it should not apply the *Richards* analysis to the

19  instant motion, and will follow the analysis in more detail below.

20      **B.  *Meador* Analysis**

21      There are six factors the *Richards* Court set forth to aid in evaluating whether

22  disqualification is called for when an attorney receives privileged information outside the normal

23  course of discovery:

24          1) whether the attorney knew or should have known that the material was
            privileged;

25
            2) the promptness with which the attorney notifies the opposing side that he
26          or she has received privileged information;

ORDER
PAGE – 3

3) the extent to which the attorney reviews and digests the privileged information;

4) the significance of the privileged information; i.e., the extent to which its disclosure may prejudice the movant's claim or defense, and the extent to which return of the documents will mitigate that prejudice;

5) the extent to which movant may be at fault for the unauthorized disclosure; [and]

6) the extent to which the nonmovant will suffer prejudice from the disqualification of his or her attorney.

*Richards*, 168 F. Supp.2d at 1205 (quoting *In re Meador*, 968 S.W.2d at 351-52).  The Court will discuss those factors as applied to the instant case in turn.

*1. Knowledge of the Privileged Material*

Plaintiff hired her counsel in July 2004, approximately three months prior to the termination of her employment.  During the summer, she provided information pertaining to her discrimination complaint to counsel, including some Expedia e-mail and documents.  Plaintiff maintains that she took precautions not to disclose any information she possessed that was privileged as to her former employees at that time.  Plaintiff's counsel was aware that plaintiff possessed an Expedia laptop computer, upon which tens of thousands of e-mails and other documents were located, as well as her personal computer which also possessed Expedia documents.  However, it was not until at least May 2005, some nine months later, that plaintiff's counsel informed defendants that plaintiff continued to possess her Expedia-issued computer which contained Expedia documents and e-mail.

On June 23, 2005, plaintiff delivered three computers to her counsel, at her counsel's request.  At that time, plaintiff's counsel asked a representative from the firm's IT department to archive and copy all "PST" files from the computers and obtain an image of each computer.  Counsel then attempted to build an electronic sorting mechanism that would sort plaintiff's e-mail into certain categories.  Nothing in the record indicates whether plaintiff was asked whether her computers contained any privileged information, although presumably plaintiff's counsel

ORDER
PAGE – 4

1 knew that was a high probability because plaintiff had previously screened out privileged

2 documents and did not produce them to her counsel.

3       On July 6, 2005, counsel apparently informed defendants' counsel that she was in

4 possession of a large volume of Expedia e-mail.  On July 11, 2005, plaintiff reiterated that she

5 had a large volume of IAC and Expedia e-mail in her possession through her answers to

6 defendants' Interrogatories.  Nothing in the record indicates that plaintiff's counsel informed

7 defendants that she was in possession of defendants' potentially-privileged documents.

8       On July 7-14, 2005, plaintiff's counsel continued to try and sort plaintiff's e-mail to screen

9 out potentially privileged documents from those documents she intended to review.  Counsel's

10 IT representative screened out e-mail by certain names.

11       Subsequently, plaintiff's counsel hired a paralegal and another attorney to help review and

12 screen for privileged documents.  Ultimately, plaintiff's counsel did begin screening out

13 potentially privileged documents, and began mapping plaintiff's case.  The record does not

14 indicate that plaintiff ever informed defendants that she was screening the documents for their

15 privileged information, or that she offered to turn over the Expedia-issued laptop to defendants

16 counsel.  Indeed, this dispute has ultimately led to the issuance of a preliminary injunction in

17 order for Expedia to re-obtain that computer, as well as the 90,000 plus documents retained by

18 plaintiff.

19       Although the parties disagree when defendants actually learned that plaintiff's counsel

20 possessed the laptop computer and Expedia documents, there can be no question that plaintiff's

21 counsel knew they were in possession of privileged documents as early as June 23, 2005, when

22 counsel received plaintiff's computers and began attempting to screen out those documents from

23 substantive review.

24       *2. Notification of Access to Privileged Material*

25       As noted above, there is a disagreement between the parties about when defendants were

26 informed that plaintiff possessed numerous privileged documents of theirs.  Plaintiff asserts that

ORDER
PAGE – 5

1   defendants should have known of the documents when she informed them that plaintiff still

2   possessed her laptop and Expedia e-mail account back in May 2004, or at least by the time she

3   issued her Answers to the Interrogatories in the summer of 2005.  However, the record indicates

4   that there was no explicit disclosure that plaintiff's counsel had such a large volume of

5   defendants' potentially-privileged documents until October 2005.  There is also no indication

6   that plaintiff ever explicitly offered to return the computers or documents prior to the demand to

7   do so in October 2005.  In any event, the specific date when defendants knew that plaintiff's

8   counsel had access and control to Expedia's property is of no import, as this Court has rejected

9   plaintiff's constructive notice argument.  As explained in *Richards*,

10          simply informing Defendants that they were in possession of privileged
            material would not excuse or lessen the impact of the review of large numbers
11          of privileged documents.  The prejudice suffered by Defendants due to the
            loss of the protection of the attorney-client privilege is not assuaged by
12          knowledge of that loss.

13  *Richards*, 168 F. Supp.2d at 1206.

14          *3. Extent of Review of Privileged Information*

15          From the declarations presented thus far to the Court, and through the oral arguments

16  presented on February 9, 2006, it appears that the only review of actual privileged documents

17  was limited to "skimming" the documents, by one paralegal and one attorney, for key words and

18  phrases and by names of certain people.  There is no indication that any of the privileged

19  documents have been reproduced to anyone outside of counsel's office, or that they were ever

20  printed into hard copy.  The property at issue has since been turned over to a neutral forensic

21  firm, and was recently directed to be turned back over to defendants in its entirety pursuant to

22  the issuance of a preliminary injunction in this case.  That injunction also restricts any further

23  access to that property by plaintiff or her counsel.

24          Nonetheless, the Court notes that the documents identified as privileged, more than 1500

25  of them, were adjudged to be so by plaintiff's counsel, not defendants.  The contents of some of

26  those documents were substantively reviewed by counsel's paralegal, who ultimately discovered

ORDER
PAGE – 6

1   that some privileged documents had not been screened out because counsel had misspelled a

2   name.  Despite that error, plaintiff's counsel continued to attempt to sort through the tens of

3   thousands of documents provided by plaintiff, and it appears they continued to do so even after

4   defendants demanded that plaintiff return the property to them.

5         Furthermore, there is no indication that the paralegal and attorney involved in

6   substantively skimming the potentially-privileged e-mails have ceased working on the case.

7   Thus, counsel has had the benefit of viewing that information during all of the initial preparation

8   of plaintiff's case.

9         Accordingly, the Court finds that this factor weighs in favor of disqualification.

10        *4.  Significance of the Privileged Information*

11        Plaintiff argues, and defendants do not dispute, that none of the documents reviewed by

12  plaintiff or her counsel contained any information relevant to defendants' claims or defenses.

13  However, plaintiff has asserted that all of the documents are relevant to her claims.  During oral

14  argument on the motion for preliminary injunction, in an attempt to persuade the Court that all

15  of the documents would be produced in discovery anyway, plaintiff's counsel argued that all of

16  the documents retained by plaintiff, except those protected by privilege, would be relevant to her

17  case.  Plaintiff's counsel also argues that some of the documents marked as potentially privileged

18  may very well not be privileged and might be relevant to plaintiff's claims.

19        While it is not clear whether plaintiff has reviewed privileged material as relevant to her

20  claims, the Court once again notes that it is plaintiff who has identified what she considers to be

21  privileged.  Her counsel is the one who chose the keywords and names by which to screen the

22  documents.  Defendants assert that many of the documents substantively reviewed by plaintiff's

23  counsel are privileged, but they cannot identify those documents because plaintiff has refused to

24  return the materials to defendants.  Therefore, it is likely that plaintiff's counsel, or at the very

25  least counsel's paralegal, has read privileged material that may adversely affect defendants'

26  position in this litigation.

ORDER
PAGE – 7

1    For example, while plaintiff's counsel may not have viewed any information directly

2 pertaining to the strategies and defenses in the instant litigation, there is some indication in the

3 record that plaintiff's counsel may have reviewed e-mails pertaining to litigation strategies in

4 other litigations of this type.  Thus, plaintiff's counsel may have an advantage in that it could

5 possibly see a pattern of strategy developed by defendants, including settlement strategies.

6    Accordingly, the Court finds that this factor also weighs in favor of disqualification.

7    *5. Fault of the Movant*

8    Like *Richards*, this is not a case of inadvertent disclosure during the normal discovery

9 process.  Rather, plaintiff provided three computers to her counsel, in clear violation of her

10 employee contract requiring her not to disclose defendants' documents to anyone for any

11 reason.  The Court recognizes that plaintiff's counsel was aware that plaintiff was a high level

12 executive, and attempted to take precautions against seeing privileged material.  However, the

13 Court also recognizes that, despite those precautions, some privileged material was disclosed.

14 The fault for that disclosure lies with plaintiff, who willingly violated her employment contract

15 by providing the documents and computers to her counsel, and with counsel, who attempted to

16 fashion their own system of screening for privileged information instead of simply notifying

17 defendants' counsel that she had potentially privileged documents.

18    The Court also notes plaintiff's counsel's assurances that no privileged documents have

19 been substantively reviewed or discussed.  However, that assumes that plaintiff has accurately

20 identified privileged documents and accurately screened them out.  To make that assumption,

21 the Court would be forced to condone the behavior present in this case, and open the door for

22 future attorneys to take it upon themselves to improperly obtain an opposing party's work

23 documents and review them for privilege, without following the normal course of discovery.

24 The Court simply will not do that.

25    Accordingly, the Court finds that this factor also weighs in the favor of disqualification.

26

ORDER
PAGE – 8

1    *6. Prejudice to the Non-Moving Party*

2    This action is in the earliest stages of litigation.  Because of the disputes pertaining to the

3    documents at issue in this motion, no case schedule has issued, no discovery period has started,

4    and no trial date has been set.  In addition, there is nothing to suggest that plaintiff cannot find

5    other counsel.  Indeed, she apparently has no lack of money to hire new counsel, having made

6    more than $2 million in 2004.

7    While plaintiff argues that she will be deprived of the counsel of her choice, the *Richards*

8    Court squarely rejected that argument.  Just as in *Richards*, where the Court explained that

9    plaintiffs and their counsel were directly responsible for their position, so to are plaintiff and her

10   counsel in the instance case.  Plaintiff's counsel deliberately chose not to return Expedia's

11   laptop, along with all of the documents, when she became aware that they contained potentially

12   privileged materials.  Instead, she took it upon herself to screen out what she deemed to be

13   privileged materials, and substantively reviewed the remaining documents.  Moreover, the Court

14   notes that plaintiff's co-counsel, Ms. Thomas, is not subject to this motion, and will remain

15   plaintiff's counsel at this point in time.  Therefore, plaintiff retains the numerous work hours put

16   into her case thus far.

17   Accordingly, the Court finds that the deprivation of counsel of choice does not weigh

18   heavily against disqualification.

19   **C.  Remedy**

20   Based on the record before this Court, it is clear that plaintiff's counsel were aware that

21   they were receiving from plaintiff an Expedia-issued computer containing numerous privileged

22   documents, but failed to offer to return that computer immediately to defendants.  Instead,

23   plaintiff's counsel decided to review the documents themselves, while attempting to screen out

24   anything they deemed privileged.  That information was supplied to plaintiff's counsel in direct

25   violation of plaintiff's employment agreement, and there is nothing in the record indicating that

26   plaintiff's counsel inquired about the agreement not to disclose, or whether the employment

ORDER
PAGE – 9

1   agreement was considered at all before requesting the computers from plaintiff.  Finally, plaintiff

2   would not be prejudiced by the loss of her counsel of choice.

3          In considering the disqualification of counsel involving the loss of protection of privilege,

4   "the Court should resolve any doubts in favor of disqualification."  *Oxford Systems Inc., supra,*

5   at 1066 (citations omitted).  In the instant case, although plaintiff's counsel has gone to great

6   lengths to persuade this Court that no privileged information was substantially reviewed or

7   discussed, the Court finds that the damage has been done, and  "the undisputed facts of the case

8   create a substantial taint on any future proceedings."  *Richards*, 168 F. Supp.2d at 1209.  Simply

9   because the Court has since imposed a preliminary injunction requiring the return of Expedia's

10  property, that taint has not been removed.  Therefore, the Court finds that the only remedy to

11  mitigate the effects of Schwerin Campbell Barnard's possession and review of tens of thousands

12  of defendants' documents is disqualification.

13                                              **CONCLUSION**

14         The Court, having considered defendants' Motion for Disqualification (Dkt. #13),

15  plaintiffs' Opposition (Dkt. #43), defendants' Reply (Dkt. #60), plaintiff's Errata (Dkt. #63), the

16  declarations in support and opposition thereto, the oral arguments presented by the parties on

17  defendants' Motion for Preliminary Injunction on February 9, 2006, and the remainder of the

18  record, hereby finds and ORDERS:

19         (1)  Defendants' Motion for Disqualification (Dkt. #13) is GRANTED.  The law firm of

20  Schwerin Campbell Barnard, its attorneys, paralegals and any other of its employees, including

21  associated attorney, Curt Chapman, are hereby disqualified from this case.

22         (2)  At this time, Suzanne Thomas remains plaintiff's counsel, and this case shall proceed.

23         (3)  Nothing in this Order prevents any party from moving for any relief from deadlines

24  should that become necessary due to her counsel's disqualification.

25

26         (4)  The Clerk shall send a copy of this Order to all counsel of record.

ORDER
PAGE – 10

1       DATED this 17th day of February, 2006.

2

3

4                               RICARDO S. MARTINEZ
                                 UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE – 11