HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>IAC/INTERACTIVECORP and EXPEDIA, INC.,<br>　　　　　Defendants. | NO. CV 05-1510 RSM<br><br>IAC/INTERACTIVECORP'S MOTION FOR SUMMARY JUDGMENT<br><br>**NOTE ON MOTION CALENDAR**:<br>September 22, 2006 |

IAC's MOTION FOR SUMMARY JUDGMENT
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

# TABLE OF CONTENTS

I.   MOTION .................................................................................................................1

II.  STATEMENT OF FACTS.....................................................................................1

    A.   The Relationship between IAC and Expedia. ...............................................1

    B.   Expedia Consistently Maintained Its Own Administrative Structure and Executive Decision Making. ..........................................................................2

III. LEGAL ARGUMENT.............................................................................................3

    A.   Title VII Case Law Should Be Applied in Evaluating Ms. Henry's State and Federal Claims. ......................................................................................4

    B.   Title VII Case Law Compels Summary Judgment in Favor of IAC Because Ms. Henry Was Employed by Expedia. ........................................4

    C.   IAC and Expedia Are Not a Single Employer, as a Matter of Law, and Therefore Summary Judgment Should Be Granted to IAC. .....................5

        1.   IAC Did Not Control the Labor Relations of Expedia and Therefore Cannot Be an Employer of Plaintiff. ..................................................7

        2.   IAC Did Not Have Significant Interrelated Activities with and Did Not Manage Expedia..............................................................................8

IV.  CONCLUSION .....................................................................................................10

IAC's MOTION FOR SUMMARY JUDGMENT - i
NO. CV 05-1510 RSM

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## I.  MOTION

Defendant IAC/InterActiveCorp ("IAC"), pursuant to F.R. Civ. P. 56(c), moves for an order of summary judgment dismissing each of plaintiff Allyson Henry's claims. By her own admissions, Ms. Henry was employed, paid, and terminated by defendant Expedia, Inc. ("Expedia"). Complaint ¶¶ 2.1, 2.2, 4.1, 4.2, 4.15. Despite these facts, Ms. Henry has alleged parallel claims against her actual employer, Expedia, and its former parent company, IAC,[1] for employment discrimination and retaliation. There is no basis for liability to attach against IAC.

Because Ms. Henry cannot dispute that Expedia was her actual employer, she appears to argue that IAC and Expedia are in effect a single employer. The Ninth Circuit, however, has long held that the mere existence of a parent-subsidiary relationship between companies is legally insufficient to treat the two as a "single employer," or otherwise hold the parent liable for the subsidiary's alleged acts. "Special circumstances," such as centralized control of labor relations, are necessary for liability to attach against the parent company for the alleged adverse employment actions of its wholly owned subsidiary. *Watson v. Gulf & Western Ind.*, 650 F.2d 990, 993 (9th Cir. 1981). Indeed, there is a strong presumption that a parent company is *not* the employer of its subsidiary's employees. *Johnson v. Flowers Indus., Inc.*, 814 F.2d 978, 980-81 (4th Cir. 1987). That strong presumption applies here as Ms. Henry cannot adduce any evidence that would establish IAC's control over Expedia's decision to terminate her. For these reasons, IAC should be granted summary judgment in its favor on all claims and dismissed from this case.

## II.  STATEMENT OF FACTS

**A.  The Relationship between IAC and Expedia.**

Expedia began as part of the Travel Product Group of Microsoft Corporation.[2] As such, Expedia's principal office has continuously been in the Bellevue-Redmond area.[3] In 1999,

---

[1] On August 9, 2005, IAC spun off its principal travel and travel-related businesses into a separate publicly traded company, Expedia. *See* IAC's Report on Form 10-Q, dated November 14, 2005, on file with the United States Securities & Exchange Commission.

[2] Amended Complaint at ¶ 4.1.

IAC's MOTION FOR SUMMARY JUDGMENT - 1
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Expedia was formed as a separate company.[4] In August 2003, Expedia, Ms. Henry's employer, became a wholly-owned subsidiary of IAC,[5] whose principal office is in New York City.[6] In 2005, IAC employed approximately 160 people.[7] The entities affiliated with IAC, such as Expedia, together employed approximately 26,000 people.[8] As previously noted, in August 2005, IAC spun off Expedia into an independent, publicly traded company.

**B.   Expedia Consistently Maintained Its Own Administrative Structure and Executive Decision Making.**

Throughout their affiliation, Expedia and IAC maintained separate and independent books, financial records, and personnel files.[9] Expedia had separate audited financial statements and ran the day-to-day business of the company without the direct involvement of IAC.[10] Expedia maintained its own tax identification number and paid its employees directly.[11] Expedia also kept separate bank accounts, accounting records, lines of credit, and payroll accounts. Expedia employees, such as Allyson Henry, were supervised by several layers of managers employed by Expedia, not IAC.[12] IAC did not focus on the day-to-day business of Expedia but, rather, on overarching financial, investor, and strategic issues.

The human resources personnel responsible for Ms. Henry's division were employed by Expedia, and retained authority to make employment decisions regarding Expedia employees.[13] IAC did not issue paychecks to Expedia employees.[14] Except with respect to its most senior

---

[3] Amended Complaint at ¶ 2.2.
[4] See Declaration of Rachel Byrne ("Byrne Dec."), Exhibit A, attaching Declaration of Allyson Henry in Support of EEOC Charge of Discrimination (hereinafter "Henry EEOC Dec.") at ¶ 4.
[5] Henry EEOC Dec. at ¶¶ 5-6; Byrne Dec., Exhibit B, attaching Declaration of Karla Packer in Support of IAC's Motion for Protective Order ("Packer Dec.") at ¶ 8.
[6] Amended Complaint at ¶ 2.3.
[7] Packer Dec. at ¶ 7.
[8] *Id.*
[9] *Id* at ¶ 8.
[10] *Id.*
[11] *Id* at ¶¶ 8-9.
[12] *Id* at ¶ 8.
[13] *Id.*
[14] *Id.*

IAC's MOTION FOR SUMMARY JUDGMENT - 2
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

1  management positions (all of which are substantially higher than any level obtained by Ms.
2  Henry), Expedia did not need IAC's approval to hire, promote, discipline, or terminate
3  employees.[15] Expedia maintained Expedia-specific employment policies, provided its own
4  employee training, and executed its own employment agreements.[16] Neither Kathy Dellplain
5  (Expedia's Senior Vice-President of Human Resources) nor anyone else at Expedia reported to
6  Karla Packer (then IAC's Vice-President of Human Resources), either directly or indirectly.[17]
7  Importantly, IAC was not informed in advance of or involved in the decision to remove Ms.
8  Henry from her Expedia position.[18] This was solely Expedia's determination.

### III. LEGAL ARGUMENT

Ms. Henry concedes, as she must, that she was employed by Expedia.[19] The uncontradicted evidence in the record is that Expedia, and Expedia alone, made the decision to remove Ms. Henry from her Vice President position, without IAC's knowledge, support or participation. Furthermore, Expedia, not IAC, terminated Ms. Henry. Given these facts, Ms. Henry cannot sustain her burden to come forward with facts establishing the "special circumstances" required to impose liability on IAC, as a former parent corporation, for the alleged acts of its former subsidiary, Expedia. Ms. Henry has not identified any way in which IAC controlled the labor relations or employment decisions of Expedia in general, much less in her own case. Since Ms. Henry cannot present actual facts to support the conclusion that IAC and Expedia constitute a single employer, IAC cannot be held liable for any alleged acts of Expedia, and must therefore be dismissed from this case. *See* F.R. Civ. P. 56(c); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991) (holding that in opposing summary judgment the non-moving party must present significant and probative evidence to support its claim or defense).

---

[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at ¶ 5.
[19] Amended Complaint at ¶¶ 2.1-2.2, 4.1.

IAC's MOTION FOR SUMMARY JUDGMENT - 3
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

### A. Title VII Case Law Should Be Applied in Evaluating Ms. Henry's State and Federal Claims.

Ms. Henry's complaint alleges claims for discrimination in violation of Title VII, the Age Discrimination in Employment Act ("ADEA"), and the Washington Law Against Discrimination ("WLAD"), for violation of 42 U.S.C. § 1981, and for retaliation. The "single employer doctrine," as developed and interpreted under Title VII, should be applied to all of these claims.

Washington courts consider federal case law interpreting Title VII to be "persuasive authority" for the interpretation of the WLAD. *Oliver v. Pacific Northwest Bell Tel. Co.*, 106 Wn.2d 675, 678, 724 P.2d 1003 (1986). Similarly, courts interpreting and applying the ADEA rely on the well-developed body of case law in Title VII actions. *See, e.g., Swallows v. Barnes & Noble Book Stores*, 128 F.3d 990, 993 (6th Cir. 1997) (quoting *Wathen v. General Elec. Co.*, 115 F.3d 400, 404 n.6 (6th Cir. 1997) ("'Because Title VII, the ADEA, and the ADA define 'employer' essentially the same way, we rely on case law developed under all three statutes.'").

Ms. Henry's "aiding and abetting" claim, to the extent it can stand alone at all, is simply a claim of violation of the WLAD, the interpretation of which, as noted above, is guided by the "persuasive authority" of Title VII cases. *Oliver*, 106 Wn.2d at 678. Likewise, Ms. Henry's public policy retaliation claim should be evaluated using the same *McDonnell Douglas* burden-shifting analysis applicable to Title VII cases. *See Gardner v. Loomis Armored Inc.*, 128 Wn.2d 931, 913 P.2d 377 (1996); *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081 (1984); *Little v. Windermere Relocation, Inc.*, 310 F.3d 958, 969 (9th Cir. 2002) ("Washington courts look to interpretations of federal law when analyzing retaliation claims").

### B. Title VII Case Law Compels Summary Judgment in Favor of IAC Because Ms. Henry Was Employed by Expedia.

In Title VII cases, plaintiffs often argue, unsuccessfully, that a subsidiary employer (Expedia) and its parent (IAC) are a "single employer." The Ninth Circuit routinely affirms summary judgment for parent corporations in such cases and holds that, barring unusual circumstances, the <u>parent company is not the employer</u> of its subsidiary's employees. The Tenth Circuit summarized that law in *Frank v. U.S. West, Inc.*:

IAC's MOTION FOR SUMMARY JUDGMENT - 4
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

> The law allows businesses to incorporate to limit liability and isolate liabilities among separate entities. One way liability is limited in corporations is that shareholders generally are not liable for the acts of the corporation. The doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.

3 F.3d 1357, 1362 (10th Cir. 1993) (citations omitted); *see also Torres v. Liberto Manufacturing Co., Inc.*, 2003 WL 21195924 (5th Cir. 2003); *Glover v. Heart of America Management Co.*, 38 F. Supp. 2d 881 (D. Kan. 1999); *Hunter v. Ark Restaurants Corp.*, 3 F. Supp. 2d 9 (D.D.C. 1998); *Alberter v. McDonald's Corp.*, 70 F. Supp. 2d 1138 (D. Nev. 1999). As explained below, IAC and Expedia are *not* a single employer, and summary judgment in IAC's favor is appropriate.

**C. IAC and Expedia Are Not a Single Employer, as a Matter of Law, and Therefore Summary Judgment Should Be Granted to IAC.**

"In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary." *Watson v. Gulf & Western Ind.*, 650 F.2d 990, 993 (9th Cir. 1981). The most important, indeed the controlling, factor in determining whether or not to grant summary judgment on a single-employer claim is whether or not the parent company ultimately was responsible for the employment decision at issue. *Kang v. U. Lim Amer., Inc.*, 296 F.3d 810, 815 (9th Cir. 2002); *Romano v. U-Haul Int'l*, 233 F.3d 655, 666 (1st Cir. 2000). "[W]e have consistently focused, almost exclusively, on one question: which entity made the final decisions regarding employment matters relating to the person claiming discrimination?" *Vance v. Union Planters Corp.*, 279 F.3d 295 (5th Cir. 2002). The importance of this specific factor was described in *Skidmore v. Precision Printing & Packaging, Inc.*:

> Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. ...
>
> Traditionally, the second of these four factors has been considered the most important, such that courts have focused almost exclusively on one question: **which entity made the final decisions regarding employment matters relating to the person claiming discrimination?**

IAC's MOTION FOR SUMMARY JUDGMENT - 5
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

188 F.3d 606, 616-17 (5th Cir. 1999) (citations omitted, emphasis added).

This test, including its emphasis on the issue of control over employment and personnel matters, has been adopted by the First, Second, Fifth, Sixth, Eighth, Ninth, and Tenth Circuits, with substantially similar results. S*ee, e.g., Skidmore*, 188 F.3d 606 (entities are not single employer where evidence did not show that parent participated in subsidiary's labor decisions or intermingled its operations and management functions with subsidiary, and where subsidiary fired, promoted, and demoted its own employees without consulting parent); *Childs v. Local 18, Int'l Brotherhood of Electrical Workers*, 719 F.2d 1379 (9th Cir. 1983) (local union and international union were not a single employer under Title VII because local union conducted its own labor relations, hired and fired employees on its own, and conducted its own collective bargaining); *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062 (10th Cir. 1998) (plaintiff failed to satisfy single-employer test even though evidence showed that policies and procedures used by subsidiary were set by parent, that an employee of parent responded to plaintiff's complaints on behalf of both entities, and that a vice president of parent was also a vice president of subsidiary); *see also Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997).

"It is the relationship between the two entities ... that determines whether the two entities constitute a single employer." *Harris v. Palmetto Tile, Inc.*, 835 F. Supp. 263, 267 (D.S.C. 1993), *citing Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983). "Underlying the integrated enterprise test is the requirement 'that there be sufficient indicia of an interrelationship between the immediate corporate employer and the affiliated corporation to justify the belief on the part of an aggrieved employee that the affiliated corporation is jointly responsible for the acts of the immediate employer.'" *Glover v. Heart of America Mgmt. Co.*, 38 F. Supp. 2d 881, 891 (D. Kan. 1999), (citing *Lockard v. Pizza Hut, Inc.*, 162 F. 3d 1062, 1070 (10th Cir. 1998)). What, if any, control the parent exercised over employees of the subsidiary at the time of the alleged wrongful acts is what must be considered. *Alberter v. McDonald's Corp.*, 70 F. Supp. 2d 1138, 1142 (D. Nev. 1999). Since no such integrated relationship existed between IAC and Expedia,

IAC's MOTION FOR SUMMARY JUDGMENT - 6
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

the two entities do not constitute a single employer, and summary judgment should be granted to IAC.

### 1. IAC Did Not Control the Labor Relations of Expedia and Therefore Cannot Be an Employer of Plaintiff.

The most important and controlling factor in determining whether a parent corporation and its subsidiary should be considered a single employer is what, if any, labor-relations control the parent exercised over the subsidiary. *Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606 (5th Cir. 1999). <u>Actual, day-to-day control</u> is what must be considered, not potential control. As the court in *Hunter v. Ark Restaurants Corp.* explained: "It is well settled that the 'control' required to meet the test of centralized control of labor relations is not potential control, but rather actual and active control of day-to-day labor practices." 3 F. Supp. 2d 9, 19 (D.D.C. 1998).

For example, the Fifth Circuit found that three related corporations, for which the same two individuals served as co-chairmen and co-chief executive officers of all three entities, were not a single employer of the plaintiffs. *Lusk v. FoxMeyer Health Corp.*, 129 F.3d 773 (5th Cir. 1997). Plaintiffs argued that because these officers held positions at the highest levels of all three corporations, the termination of employees by a subsidiary must be imputed to the parent corporation. *Id.* at 778. Both the trial court and the appellate court rejected this argument, because there was no evidence demonstrating the parent corporation's involvement in the daily operations or labor relations of its subsidiaries, despite common ownership and common management. *Id.* at 777-81; *see also Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062 (10th Cir. 1998); *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990 (6th Cir. 1997).

In this case, Expedia managed its labor relations independently of IAC. Expedia maintained its own employment policies, paid its employees directly, and evaluated employees without any input from IAC.[20] Expedia employed its own human resources representatives, and

---

[20] *See* Packer Dec, ¶¶ 6, 8.

IAC's MOTION FOR SUMMARY JUDGMENT - 7
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

hired and fired its own employees without the approval of anyone at IAC.[21] Furthermore, IAC did not have any of the day-to-day control over Expedia that would be required for IAC to be considered an "employer" of Ms. Henry. Plaintiff may argue that IAC imposed controls, through corporate policies, over Expedia's brands. Such control, however, is insufficient. In *Evans v. McDonald's Corp.*, 936 F.2d 1087 (10th Cir. 1991), the court held that a franchisor was not an employer with respect to the employees of an independently owned franchise despite the fact that the franchisor "may have stringently controlled the manner of its franchisee's operations, conducted frequent inspections, and provided training for franchise employees," when the franchisor did not have financial control over the franchisee's labor relations and finances. *Id.* at 1090. What is needed, and is not present in this case, is evidence that the

> parent ran its wholly owned subsidiary in a direct, hands-on fashion; applications for employment with the subsidiary went through the parent; all personnel status reports were approved by the parent; and the subsidiary cleared all major employment decisions with the parent [or that the] parent by practice and policy authorized all purchases over $200 made by the subsidiary; the parent handled its subsidiary's payroll and cash accounting, and monitored all sales shipments; and the parent approved all of the subsidiary's hiring decisions

*Lockard*, 162 F.3d at 1070.

Ms. Henry's complete failure to satisfy this most important and dispositive requirement, that IAC controlled the conduct of employees at the time the decision to terminate her was made, mandates granting summary judgment in favor of IAC.

2. **IAC Did Not Have Significant Interrelated Activities with and Did Not Manage Expedia.**

IAC and Expedia cannot be considered a single employer because their activities were not significantly interrelated, as is required to meet the single employer test. While a parent corporation by definition always owns the stock of its subsidiaries, that indicia of control is

---

[21] *See id.*

IAC's MOTION FOR SUMMARY JUDGMENT - 8
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

insufficient to support a finding that the parent and the subsidiary are a single employer.[22] The court in *Frank v. U.S. West, Inc.* explained that common ownership is inadequate to find liability:

> It is undisputed that Defendant is the sole shareholder of Northwestern Bell. However, this factor, standing alone, can never be sufficient to establish parent liability. *See Wood v. Southern Bell Tel. & Tel. Co.,* 725 F. Supp. 1244, 1249 (N.D. Ga. 1989) ("mere existence of a parent-subsidiary relationship is not enough to impose liability on the parent").
>
> Considering all four factors together, *see EEOC v. Financial Assurance Inc.,* 624 F. Supp. 686, 689 (W.D. Mo. 1985), Plaintiffs have failed to establish a genuine issue of material fact to dispute the presumption that Defendant was not Plaintiffs' employer. *See Johnson v. Flowers Indus., Inc.,* 814 F.2d 978, 980-81 (4th Cir. 1987) (strong presumption that parent company is not employer of its subsidiary's employees.) Thus, the district court's grant of summary judgment on the Title VII and ADEA claims is affirmed.

3 F.3d 1357, 1364 (10th Cir. 1993). Even if Expedia and IAC had common directors or officers, that would be inadequate to make IAC the employer of a Expedia's employees. In order for common directors and officers to be considered in part of the analysis, they must "… exercise control over the daily operations and employment practices of the entities." *Hunter,* 3 F. Supp. 2d at 19 (D.D.C. 1998). This was not the case with IAC and Expedia.

Cases in which two corporate entities have been found to constitute a single employer involved <u>significant intertwining</u> of corporate operations. For example, a New York court applied the single employer doctrine to two entities that shared office space, had common management, and regularly used employees hired to work for one entity to do work for the other. *See Perry v. Manocherian,* 675 F. Supp. 1417, 1426 (S.D.N.Y. 1987). In contrast, Expedia and IAC did <u>not</u> have common supervisory employees involved in the operations of Expedia. The vast majority of Expedia's employees, including Ms. Henry, were supervised by several layers of

---

[22] Although IAC's collection of travel businesses, including Expedia when it was owned by IAC, was sometimes referred to as "IAC Travel" (or "IACT"), this moniker was merely a shorthand way of referring to IAC's travel business as a group in order to communicate effectively in various contexts. IAC Travel was not a separately incorporated company or an otherwise legally constituted entity. Some employees of IAC's travel businesses used working titles that included "IACT," but these employees were all employed by one of the travel companies owned by IAC. There are no employees of IAC Travel. *See* Packer Dec, ¶ 10.

IAC's MOTION FOR SUMMARY JUDGMENT - 9
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

Expedia managers. Expedia had separate audited financial statements and ran the day-to-day business of the company without interference from IAC. At all times during Ms. Henry's employment, Expedia had its own tax identification number and paid its employees directly. Expedia maintained separate books, financial records, and personnel files. Expedia also kept separate bank accounts, accounting records, lines of credit, and payroll accounts. Expedia's principal offices are in Washington, while IAC's are in New York.[23] IAC's focus was on overall financial, investor, and strategic issues, not on Expedia's day-to-day business. Therefore, the activities of IAC and Expedia were not sufficiently interrelated for these two separate companies to be considered a single employer. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357 (10th Cir. 1993); *Hunter*, 3 F. Supp. 2d 9; *Alberter v. McDonald's Corp.* 70 F. Supp. 2d 1138 (D. Nev. 1999).

Expedia has a long history of being independently operated. That history of autonomy continued throughout the relevant time period when the decision was made to terminate Ms. Henry's employment. Thus, there is simply no basis for claiming that IAC and Expedia were a single employer of Ms. Henry, and IAC's motion for summary judgment should be granted.

## IV.   CONCLUSION

The undisputed facts show that IAC had no control over Expedia's decisions concerning Ms. Henry's employment, and therefore was not involved in the alleged wrongdoing. Expedia was the only employer. Ms. Henry cannot overcome the strong presumption that IAC, as merely the parent company of Expedia, was not her employer. As the court explained in *Glover v. Heart of America Management Co.*:

> The presumption of limited liability remains the rule. ... "Only evidence of control suggesting a significant departure from the ordinary relationship between a parent and its subsidiary—domination similar to that which justifies piercing the corporate veil—is sufficient to rebut this presumption, and to permit an inference that the parent corporation was a final decision-maker in its subsidiary's employment decisions."

---

[23] Complaint ¶¶ 2.2, 2.3.

IAC's MOTION FOR SUMMARY JUDGMENT - 10
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

38 F. Supp. 2d 881 (D. Kan. 1999) (citations omitted).

For all of the above reasons, summary judgment should be granted in favor of IAC, and IAC should be dismissed from this action.

DATED this 31st day of August, 2006.

        DORSEY & WHITNEY LLP

        s/Michael W. Droke
        MICHAEL W. DROKE, P.C., WSBA #25972
        ALEXANDER A. BAEHR, WSBA #25320
        RACHEL E. BYRNE, WSBA # 35451
        1420 – 5th Avenue, Suite 3400
        Seattle, WA 98101
        (206) 903-8800 Telephone
        (206) 903-8820 Facsimile

        Attorneys for Defendants Expedia, Inc. and IAC/InterActiveCorp

IAC's MOTION FOR SUMMARY JUDGMENT - 11
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## CERTIFICATE OF SERVICE

On this 31st day of August, 2006, I caused to be served a true copy of the foregoing IAC/INTERACTIVE CORP'S MOTION FOR SUMMARY JUDGMENT to:

Jesse A. Wing
Andrea Brenneke
MacDonald, Hogue & Bayless
705 Second Ave., Ste. 1500
Seattle, WA 98104-1945
jessew@mhb.com
andreab@mhb.com

☐ Via Messenger
☒ Via ECF Notification
☐ Via Email
☐ Via U.S. Mail
☐ Via Overnight Mail

s/Stefanie Jaswal
Stefanie Jaswal

4851-5862-5537\1

IAC's MOTION FOR SUMMARY JUDGMENT - 12
NO. CV 05-1510 RSM

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820