UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY, ) | |
| ) | CASE NO. C05-1510RSM |
| Plaintiff, ) | |
| ) | ORDER GRANTING IN PART AND |
| v. ) | DENYING IN PART MOTION FOR |
| ) | PROTECTIVE ORDER RE: RULE 30(b)(6) |
| IAC/INTERACTIVECORP and EXPEDIA, ) | WITNESS |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter comes before the Court on defendant IAC/Interactivecorp's Motion for Protective Order regarding plaintiff's Rule 30(b)(6) Deposition Notice. (Dkt. #113). Defendant asks this Court to quash the deposition notice in its entirety, or, in the alternative, to limit the requested discovery, provide IAC with additional time to prepare its witnesses and order plaintiff to re-note the deposition to a location within reasonable proximity to IAC's principle place of business in New York City.

Plaintiff argues in response that defendant has not established good cause for the protective order it seeks, has not met its burden to quash the notice because it has sought summary judgment on the same subjects raised in that notice, and has failed to justify taking the deposition in a location near New York City. (Dkt. #127).

The Court has reviewed defendant's motion, plaintiff's response, defendant's reply, plaintiff's

ORDER
PAGE - 1

supplemental briefing, and the remainder of the record.  Accordingly, the Court does hereby find and ORDER:

(1) Defendant's Motion for Protective Order Re: Rule 30(b)(6) Witnesses (Dkt. #113) is GRANTED IN PART and DENIED IN PART as follows:

a. <u>Request to Quash</u>:  Defendant's request to quash the deposition notice in its entirety is DENIED.  The Court agrees with plaintiff that such action is not appropriate given that defendant has moved for summary judgment, upon which this Court has recently ruled, on the same subjects raised in the Notice.

b. <u>Location of Deposition</u>: Defendant argues that plaintiff has failed to demonstrate any unusual circumstances that would justify taking a Rule 30(b)(6) deposition at a location other than defendant's principle place of business.  Plaintiff acknowledges that there is a presumption that the deposition of a corporate officer is taken at the corporation's principal place of business, but argues that the presumption can be overcome, and should be in this case, where factors of convenience and judicial economy are present.  The Court is not persuaded.

Essentially, plaintiff argues that it would neither be convenient or cost effective for her counsel to travel to New York City, or another location in that area, to take the 30(b)(6) deposition she noticed.  She does not allege any financial hardship as a basis for her motion.  Courts have viewed the convenience of counsel as one of the least compelling reasons to depart from the principal place of business presumption, *Devlin v. Transp. Communications Int'l Union*, 2000 WL 28173 at *3-4 (S.D.N.Y. 2000), and the Court is not so compelled in this case.  Accordingly, the Court GRANTS defendant's motion for Protective Order preventing plaintiff from noticing its 30(b)(6) deposition in Seattle, WA. Plaintiff is hereby directed to take defendant's Rule 30(b)(6) deposition at a location in or near New York City, unless the parties come to a mutual agreement for taking the deposition at a different location.

1      c. <u>Authentication of Documents</u>: Defendant next argues that plaintiff's notice seeking

2  authentication of approximately 300 documents is unduly burdensome. Defendant essentially argues

3  that it needs more time to review the documents than allowed in the original deposition notice. In

4  light of the fact that the deposition did not take place as noticed, and the original notice date has long

5  since passed, the Court finds this request moot.

6      d. <u>Relevancy/Category 2</u>: Finally, defendant argues that plaintiff's proposed topics fail to

7  meet the reasonable particularity standard. Plaintiff asks defendant to produce a witness who can

8  testify to:

9-12  > For the period January 1, 2002 through December 31, 2004, the involvement of IAC or its predecessor(s) in the following employment matters of Expedia.com, Expedia, Inc., and the other brands or businesses of IAC Travel: hiring, employment contracts, salary, promotions, demotions, transfers, discipline, leaves of absence, performance evaluations, complaints, investigation of complaints, and approval or adoption of company policies, procedures or decisions regarding any of the above matters.

13  (Dkt. #114, Ex. A).

14      In conclusory fashion, defendant argues that the discovery sought in this request is not relevant

15  to this lawsuit, apparently relying on the arguments set forth in its previously-filed motion for summary

16  judgment. However, the Court denied summary judgment, finding that genuine issues of material fact

17  exist with respect to the question of whether IAC was plaintiff's employer. (Dkt. #152). Therefore,

18  the Court finds no basis to limit the topic in any fashion, and DENIES defendant's request for a

19  Protective Order directing such limitation.

20      Defendant also complains that it was not given enough time to prepare a Rule 30(b)(6) witness

21  on this topic. The Court agrees that defendant should be allowed appropriate time to prepare and

22  produce a Rule 30(b)(6) witness. Accordingly, the Court <u>directs the parties to meet-and-confer with

23  respect to an appropriate deposition date. If the parties cannot come to an agreement, nothing in this

24  Order prevents plaintiff from noticing the deposition as she would in the normal course of litigation.</u>

25

26  ORDER
PAGE - 3

1  (2) The Clerk shall forward a copy of this Order to all counsel of record.

2  DATED this 3rd day of November, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4