UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALLYSON HENRY, ) | |
| ) | CASE NO. C05-1510RSM |
| Plaintiff, ) | |
| ) | ORDER GRANTING IN PART MOTION TO |
| v. ) | COMPEL REDESIGNATION OF AEO |
| ) | DOCUMENTS |
| IAC/INTERACTIVECORP and EXPEDIA, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter comes before the Court on plaintiff's motion to redesignate "attorneys eyes only" ("AEO") documents and to modify the protective order currently governing this case. (Dkt. #176). Plaintiff argues that the designation of thousands of documents as AEO has prejudiced her ability to participate in her own litigation, and that, under the current protective order there is no difference between confidential and AEO designations anyway. Further, plaintiff argues that there is no need for an AEO designation for any documents in this litigation and that the provision should be removed from the protective order.

Defendants argue that removal of the AEO provision is premature as discovery in this action has not yet closed. (Dkt. #180). Defendants further argue that it must designate the disputed documents as AEO in order to comply with its obligation under the United Kingdom's Data

ORDER
PAGE - 1

1  Protection Act of 1998.  Finally, defendants ask the Court to appoint a special Discovery Master to

2  rule on any remaining discovery disputes in this action.

3        The Court has reviewed plaintiff's motion, defendants' response, plaintiff's reply, and the

4  remainder of the record.  Accordingly, the Court does hereby find and ORDER:

5        (1)  Plaintiff's Motion to Compel (Dkt. #176)  is GRANTED IN PART as follows:

6        a. For the reasons set forth in plaintiff's briefing, the Court agrees that defendants have failed

7  to demonstrate why the documents at issue in this motion must be designated as AEO.  In light of the

8  exceptions stated in the United Kingdom's Data Protection Act, the Court is not persuaded that

9  defendants must designate the documents as AEO in order to satisfy its obligations under that Act.

10  Further, defendants appear to have waived any AEO protection it may have had over the disputed

11  documents, as defendants failed to follow the procedure for protecting that designation set forth in the

12  governing protective order.  Defendants cannot usurp that provision by claiming that plaintiff failed to

13  designate specific documents when they themselves claimed blanket protection under the Data

14  Protection Act over all Expedia personnel documents in the UK regardless of what information those

15  documents contained.  Accordingly, <u>defendants are hereby required to redesignate all of the UK

16  personnel files as "confidential" rather than "AEO," with the exception of documents containing any

17  trade secret materials not seen by plaintiff while she was employed by defendants</u>.

18        b. The Court agrees with defendants that the removal of an AEO provision in this action is

19  premature.  However, because the definition of "confidential" and "AEO" under the current protective

20  order are identical, the Court finds that clarification is necessary.  Accordingly, the Court <u>hereby limits

21  the "AEO" category to those documents containing any trade secret materials not see by plaintiff while

22  she was employed by defendants</u>.

23        c. The Court will not appoint a special Discovery Master in this action.

24        (2) Nothing in this Order precludes the parties from presenting any motion under Federal Rule

25
26  ORDER
PAGE - 2

1  of Civil Procedure 26(c) for a separate protective order as to any particular document or information,

2  nor does it preclude the parties from making any future application for modification of this Order.

3      (3)  The Clerk shall forward a copy of this Order to all counsel of record.

4      DATED this __27__ day of June, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3